

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BAHIG F. BISHAY,                          )
        Claimant                          )
                                          )
        v.                                )        American Arbitration Association
                                          )        Case No. 11 115 Y 01777 03
AMERICAN ARBITRATION ASSOCIATION,         )
Dispute Resolution Service Worldwide;     )
                                          )
        and                               )        **05** c **1 1 7 7 1** NMG
                                          )
BRIGHTON AVENUE ASSOCIATES, LLC.,         )
        Respondent                        )
                                          )        MAGISTRATE JUDGE
_____

## APPLICATION - COMPLAINT PURSUANT TO
## U.S. ARBITRATION ACT - TITLE 9

### INTRODUCTION & PARTIES

1.      This application-complaint (hereafter the "Application") arises out of recent

arbitrators' awards (hereafter the "Awards") delivered to Claimant Bahig F. Bishay (hereafter

"Bishay") with a residence at 163 Blue Hill Drive, Westwood, Massachusetts. Said Awards, and

particularly the so-called Final Awards (hereafter the "Final Awards"), were delivered to Bishay

in June 2005 by the American Arbitration Association's personnel (hereafter "AAA"), with a

Northeast Case Management Center located at 950 Warren Avenue, E. Providence, Rhode Island,

and with headquarters located at 335 Madison Avenue, New York City, New York. Based on the

foregoing diversity, Claimant Bishay believes this is the proper venue to file this Application.

2.      Pursuant to the U.S. Arbitration Act Title 9, U.S.C. Section 10(a)(1), which states
as follows:

> *In any of the following cases the United States court in and for the district*
> *wherein the award was made may make an order <u>vacating the award</u> upon*
> *the application of any party to the arbitration ... where the award was*
> *procured by <u>corruption, fraud, or undue means</u>"* (emphasis added)

SCANNED
DATE: 5/30/0?
BY:

Claimant Bishay submits that one or more of the Awards delivered by AAA, and annexed hereto, was/were procured by *corruption, fraud or undue means*, as evident by one or more Award[s] not executed by the designated Arbitrators, namely: Carla S. Cox, who also served as the Chair-person during the subject arbitration proceedings; Charles J. Speleotis; and Paul Peter Nicolai.

3.    Based on the evidence of apparent tampering, corruption, fraud and undue means, which are illustrated by offering herein what appears to be Cox's authentic signature affixed to her Ruling on Claimant's Request for Clarification of Discovery Scheduling Order dated August 23, 2004, which is annexed hereto as Exhibit A; what appears to be Cox's authentic signature affixed to her Interim Award dated January 12, 2005, which is annexed hereto as Exhibit B; what appears to be her authentic signature affixed to her Ruling on Respondent's Motion to Stay Implementation of Interim Award dated March 16, 2005, which is annexed hereto as Exhibit C; what appears to be her authentic signature affixed to her Ruling on Claimant's Motion for Clarification of Interim Award dated March 16, 2005, which is annexed hereto as Exhibit D; what appears to be her authentic signature affixed to her Ruling on Respondent's Motion to Postpone Hearing on the Paragraph 22 Claim dated March 16, 2005, which is annexed hereto as Exhibit E; and what after recent examination is determined to be a different handwriting of a signature affixed to what AAA's Case Manager Paula C. Dubois purported to be Cox's Final Award dated June 16, 2005, annexed hereto as Exhibit F – the stark disparity between Cox's apparently authentic signatures reflected in Exhibits: A, B, C, D and E, on one hand, and the signature purported by Dubois to be Cox's signature, which appears in Exhibit F herein, on the other hand -- noting that Exhibit F represents the most significant Award in the case, which Bishay expected would exceed $5.0 million in cash assessed against the Respondent – now begs the inescapable conclusion that Cox's purported signature affixed to the Final Award dated June

2

16, 2005, reflected in Exhibit F herein, is indeed not Cox's signature; and Exhibit F is accordingly presumed not to be Cox's Final Award. Bishay, therefore, submits that corruption, fraud and undue means have adequately been established herein, with the full meaning intended in the U.S. Arbitration Act Title 9, U.S.C. Section 10(a)(1).

4.     Based on the foregoing, this Court ought not permit AAA, or the Respondent, for that matter, any wiggle room as to whether a single or multiple event[s] of corruption, fraud and/or undue means has/have already been unearthed as of this date, to satisfy Bishay's obligations pursuant to U.S.C Section 10(a)(1) in connection with the subject arbitration proceedings -- as Bishay expects the Respondent might seek in an attempt to exonerate AAA's Case Manager Paula C. Dubois from such acts -- which this Court ought not distinguish from common-law fraud, corruption and undue means intended to deprive Bishay from receiving more than $5.0 million -- because each Arbitrator in this case was aware and willingly accepted the duty of executing his/her respective Award, individually, as confirmed by the clear and unambiguous language, specifically appearing above each Arbitrator's signature, as follows:

> "I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award";

> "I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award"; and

> "I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award."
> [Emphasis added]

## RELEVANT FACTS

5.     On January 12, 2001, Claimant Bishay entered into an agreement with Respondent Brighton Avenue Associates, LLC., (hereafter "BAA") and its owners: Harold Brown, Enrique Darer and Carl Valeri (hereafter the "Agreement"). Said Agreement contained certain formula

3

which allowed Bishay to own up to 25% of BAA, and also obligated BAA and its owners to pay Bishay another $5.0 million in cash upon securing permits to build either 200+ housing units, or an additional 190,000 square feet of commercial space on top of approximately 60,000 square feet of existing retail space at the site known as 1095 Commonwealth Avenue, Boston.

6.     Despite certain prerequisites met by Bishay, BAA refused to allow Bishay to own any interest in BAA. Moreover, and instead of proceeding with the required diligence to secure the permits and pay Bishay another $5.0 million in cash, BAA devoted its efforts and resources to fight Bishay every step of the way, and self-induced superficial obstacles to avoid securing the required permits and pay Bishay $5.0 million in cash.

7.     Because the Agreement required the parties to resolve such disputes through the American Arbitration Association (hereafter "AAA"), in August 2003, Bishay paid AAA the initial $10,000 administrative fee; submitted his request for arbitration; and paid AAA half of its Arbitrators' fees through June, 2005, as required by the Agreement.

8.     In 2004, both Bishay and BAA agreed that a panel of three arbitrators would sit-in to review the evidence, hear testimony, and return three separate awards. The first Award dealt with Bishay's equity in BAA of up to 25%, and is entitled the "*Interim Award*", and the second Award dealt with BAA's obligations to pay Bishay $5.0 million in cash, and is entitled the "*Final Award*".

9.     Based on the foregoing, Bishay now submits that one or more Award[s] delivered to him by AAA's personnel was/were not the Awards[s] executed by the respective Arbitrator[s], and otherwise procured by corruption, fraud or undue means.

10.     Despite the strong likelihood of this Court's confirmation of corruption, fraud or undue means in connection with the procurement of the subject Awards, based on the evidence

4

presented herein, in the recent weeks, AAA and its Arbitrators refused to make available to Bishay true and accurate copies of the Arbitrators' notes taken during the proceedings; their individual analysis made during the same proceedings; copies of the actual individual Awards which each Arbitrator presumably signed and retained copy of same, which Bishay believes are not the same Awards delivered to Bishay by AAA's Case Manager Paula C. Dubois; and all written communications between AAA and the three Arbitrators – all of which were fully paid for by Bishay and BAA, and Bishay was indeed entitled to request pursuant to AAA's Rule 47, as reflected in Exhibit I mentioned in Paragraph 12 below.

11.    While the most obvious bogus award is Cox's, Bishay expects that the same perpetrator who prepared and signed Cox's Final Award also prepared and signed either Speleotis' Award or Nicolai's Award, or both, which re annexed hereto as Exhibits G and H.

12.    While Bishay believes that the unearthing of one event of corruption, fraud or undue means is more than adequate proof to vacate the Awards in this case pursuant to U.S.C. Section 10(a)(1) of U.S. Arbitration Act Title 9 -- should this Court, however, deem it appropriate to further investigate one or more Award[s] in the same case, Bishay respectfully requests this Court to direct AAA and its three Arbitrators to deliver to him the specific material Bishay already requested from AAA and its three Arbitrators by four letters dated July 21, 2005 and July 22, 2005, copies of which are annexed hereto as Exhibits: I, J, K and L.

## PRAYER FOR RELIEF

WHEREFORE, Bishay expects that this Court will not tolerate the existence of a single act of corruption, fraud and undue means in this case, and therefore requests the Court to issue an order after hearing, granting the following relief:

a.   Vacate the Interim & Final Awards in this case;

b. Direct AAA to refund Bishay's share of fees paid to date, his attorney's fees and out

of pocket costs incurred in connection with the AAA proceedings;

c. Schedule either a bench or a jury trial before this Court, to resolve the subject contract

dispute originally assigned to AAA; and

d. Grant any other relief this Court deems just and/or appropriate.

Respectfully submitted

Bahig F. Bishay,
Pro se

Dated this **26**day of August, 2005

Bahig F. Bishay
163 Blue Hill Drive
Westwood, MA 02090
Phone: 781.326.3310
Fax: 781.326.6690

## VERIFICATION

I, Bahig F. Bishay, hereby depose and say that: I am the Claimant in the above captioned
matter. I reside at 163 Blue Hill Drive, Westwood, Massachusetts 02090. I have read the
foregoing Application, and am familiar with the details of the issues raised herein. The
information submitted above is true, to the best of my knowledge, except as to matters herein
stated to be alleged upon information and belief, reasonable presumptions, and/or conclusions.



Bahig Bishay

6

## CERTIFICATE OF SERVICE

I hereby certify that I caused true and accurate copies of this document together with all attached exhibits and summons to be served upon AAA and BAA by depositing same into the hands of United States marshal, and by Priory Mail to Arbitrators Cox, Speleotis and Nicolai, this day 26 August, 2005.

Bahig Bishay

# EXHIBIT-A

## AMERICAN ARBITRATION ASSOCIATION
### Arbitration Tribunal

|  |  |
|---|---|
| In the Matter of the Arbitration between )<br><br>Bahig Bishay )<br>                    Claimant )<br>Brighton Avenue Associates, LLC, Harold Brown, )<br>Enrique Darer and Carl Valeri )<br><br>                  Respondents ) | Re: 11 Y 115 01777 03<br><br>**RULING ON CLAIMANT'S**<br>**REQUEST FOR CLARIFICATION**<br>**OF DISCOVERY SCHEDULING**<br>**ORDER** |

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, (the "P&S") and having been duly sworn, and having considered the parties' various electronic communications to the case administrator dated August 17, 2004, rule as follows:

1. The Discovery Scheduling Order dated June 10, 2004, resulted from a preliminary hearing conducted by telephone on June 7, 2004, at which all parties were present through their counsel, and during which all counsel discussed all discovery deadlines, and each counsel was free to object to any particular dates and suggest alternative deadlines.

2. Inasmuch as the Discovery Scheduling Order was the result of the agreements reached by all counsel during the preliminary telephonic conference, and there has been no showing by the Claimant that the discovery schedule as established by the Discovery Scheduling Order is unfair, prejudicial or otherwise objectionable, it shall stand as issued: "All Responses and objections to Requests for Production of Documents shall be submitted no later than October 15, 2004."

Dated: August 23, 2004

Carla S. Cox
Panel Chair, for the panel

# EXHIBIT-B

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
Bahig Bishay                                ("Claimant")
and
Brighton Avenue Associates, LLC             ("Respondent")

## INTERIM AWARD OF ARBITRATORS ON CLAIM UNDER PARAGRAPH 20 OF THE PARTIES' CONTRACT

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, ("P&S") and having been duly sworn, and having considered the evidence adduced by the parties at the hearings on the Claimant's claim under Paragraph 20 of the P&S, and having duly deliberated, hereby Find and Award as follows:

### Findings

1.  Respondent failed to use its "best efforts to enter into leases . . . (with) third party tenants no later than December 1, 2001" as required by Paragraph 20 of the P&S.

2.  Had Respondent used its best efforts to enter into leases with third party tenants as provided in the P&S, it would have entered into one or more leases generating rent payments in or before December, 2001.

3.  The terms of the "Winvest lease" actually entered into by the Respondent for the Premises provide the appropriate basis upon which to calculate the amount of Claimant's equity ownership in the Respondent.

4.  There shall be no adjustment in the calculation for the cost of the improvements made by Winvest.

5.  Using the mathematical formula set forth in Paragraph 20 of the P&S applied to the rent figures from the Winvest Lease, Claimant is entitled to 2.8% ownership interest in the Respondent, commencing on January 1, 2002, calculated as follows:

| | |
|---|---|
| Gross rent (57,156 SF x $18.25) | $1,043,097.00 |
| Less: | |
| 2% vacancy | 20,861.00 |
| 3% management | 31,292.91 |
| $.1 psf capital reserve | 5,715.00 |
| Brokerage $401,780 / 20yrs | 20,089.00 |
| Net rent | $ 965,139.09 |

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
    **Bahig Bishay**                 ("Claimant")
    and
    **Brighton Avenue Associates, LLC**    ("Respondent")

---

Annualized net rent: $965,139.09 x 10 = $9,651,391.00

$$\frac{9,380,000.00}{9,651,391.00} = 97.2\% \qquad 100\% \text{ less } 97.2\% = 2.8$$

## Award

1.    Claimant is awarded a 2.8% interest as a Member of Respondent as of January 1, 2002.

2.    Respondent shall pay to Claimant Fifty Three Thousand Eight Hundred Sixty Dollars and Zero Cents ($53,860.00) as his share of the net distributions to members made in 2002 and 2003 ($1,923,605.00 x 2.8%), plus interest at 12% per annum since August 5, 2003 until the date of payment.

3.    Respondent shall pay to Claimant 2.8% of the net distributions to members for the year 2004 and subsequent years, at the same time and in the same manner as it pays all other members of Respondent.

4.    The panel has not considered any matters outside of Paragraph 20 of the P&S.

5.    The administrative fees of the American Arbitration Association ("the Association"), to date, totaling $14,600.00 and the compensation and expenses of the arbitrators, to date totaling $34,141.90 shall be borne by Respondent. Therefore, Respondent shall pay to Claimant the sum of $35,020.00, representing its share of amounts previously advanced to the Association. Respondent shall also pay to the Association the sum of $13,721.90, representing amounts still due the Association. These amounts reflect all payments made to date.

6.    The above sums are to be paid on or before 45 days from the date of this Award.

This Award shall remain in full force and effect until such time as a final Award is rendered.

_1-12 05_
Date

_Carla Cox_
Ms. Carla S. Cox

Date
                Charles J. Speleotis

Date
                Paul Peter Nicolai

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
    Bahig Bishay                          ("Claimant")
    and
    Brighton Avenue Associates, LLC    ("Respondent")

I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_1-12-05_
Date

_Ms. Carla S. Cox_

I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date

_____
Charles J. Speleotis

I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date

_____
Paul Peter Nicolai

3

# EXHIBIT-C

03/16/2005 16:21 FAX 8789216... RCM,FC                                    ⌀003

## AMERICAN ARBITRATION ASSOCIATION
### Arbitration Tribunal

| | |
|---|---|
| In the Matter of the Arbitration between | Re: 11 Y 115 01777 03 |
| Bahig Bishay | **RULING ON RESPONDENTS MOTION TO STAY IMPLEMENTATION OF INTERIM AWARD** |
| Brighton Avenue Associates, LLC | |
| Respondent | |

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, (the "P&S") and having been duly sworn, and having considered the *Respondent's Motion to Stay Implementation of Interim Award* and having read and considered the Claimant's Response Memorandum, rule and ORDER as follows:

1. The Motion is denied.

Dated: March 16, 2005

Carla S. Cox, for the panel

# EXHIBIT-D

AMERICAN ARBITRATION ASSOCIATION
Arbitration Tribunal

|  |  |
|---|---|
| In the Matter of the Arbitration between | Re: 11 Y 115 01777 03 |
| Bahig Bishay | **RULING ON CLAIMANT'S MOTION FOR CLARIFICATION OF INTERIM AWARD** |
| Brighton Avenue Associates, LLC | |
| Respondent | |

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, (the "P&S") and having been duly sworn, and having considered the *Claimant's Motion for Clarification of the Interim Award* and having read and considered the Respondent's Response Memorandum, rule and ORDER as follows:

1. The Motion is allowed, and the Interim Award is clarified as set forth herein.
2. The panel specifically finds that the Respondent did not violate M.G.L. chapter 93A.

Dated: March 16, 2005

Carla S. Cox, for the panel

# EXHIBIT-E

AMERICAN ARBITRATION ASSOCIATION
Arbitration Tribunal

|  |  |
|---|---|
| In the Matter of the Arbitration between | ) |
| | ) |
| Bahig Bishay | ) |
| | ) |
| | ) |
| | ) |
| Brighton Avenue Associates, LLC | ) |
| | ) |
| Respondent | ) |

Re: 11 Y 115 01777 03

**RULING ON RESPONDENTS
MOTION TO POSTPONE
HEARINGS ON THE
PARAGRAPH 22 CLAIM**

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, (the "P&S") and having been duly sworn, and having considered the *Respondent's Motion to Postpone the Hearings on the Paragraph 22 Claim,* and having read and considered the Claimant's Response Memorandum, rule and ORDER as follows:

1. The Panel understands the thrusts of Claimant's claim under Paragraph 22 of the P&S to be (a) the Respondent has already breached its obligations to Claimant as set forth in that Paragraph, and (b) there is no credible basis upon which to conclude that, with a delay until January, the Respondent would reverse the alleged breach and make the Claimant whole.

2. Therefor, the panel is not persuaded that there is a good reason to postpone the hearings until after January, 2006, and the Motion is denied.

Dated: March 16, 2005

Carla S. Cox, for the panel

# EXHIBIT-F

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03

    Bahig Bishay                     ("Claimant")
    and
    Brighton Avenue Associates, LLC    (Respondent")

## FINAL AWARD OF ARBITRATORS

WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into by the above-named parties and dated January 12, 2001, (the "Contract") and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated January 19, 2005, concerning the Claims under Paragraph 20 of the Contract, do hereby issue this FINAL AWARD concerning the Claims under Paragraph 22 of the Contract, as follows:

1.      We find for the Respondent on all Claims under Paragraph 22.

2.      The Interim Award dated January 19, 2005 is hereby incorporated into this Final Award of Arbitrators.

3.      The administrative fees of the American Arbitration Association incurred after the Interim Award totaling $750.00 and the compensation and expenses of the arbitrators incurred after the Interim Award totaling $34,897.40 shall be borne equally and have been paid.

4.      This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

_____6-16-05_____
Date

_____Carla S. Cox_____
Carla S. Cox

_____
Date

_____
Charles J. Speleotis

_____
Date

_____
Paul Peter Nicolai

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
     Bahig Bishay                          ("Claimant")
     and
     Brighton Avenue Associates, LLC       (Respondent")

I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and
who executed this instrument which is my Award.

_____6-16-05_____            _____
         Date                              Carla S. Cox

I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in
and who executed this instrument which is my Award.

_____      _____
         Date                              Charles J. Speleotis

I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in
and who executed this instrument which is my Award.

_____      _____
         Date                              Paul Peter Nicolai

2

# EXHIBIT-G

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
   Bahig Bishay                       ("Claimant")
   and
Brighton Avenue Associates, LLC     ("Respondent")

## INTERIM AWARD OF ARBITRATORS ON CLAIM UNDER PARAGRAPH 20 OF THE PARTIES' CONTRACT

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, ("P&S") and having been duly sworn, and having considered the evidence adduced by the parties at the hearings on the Claimant's claim under Paragraph 20 of the P&S, and having duly deliberated, hereby Find and Award as follows:

### Findings

1.    Respondent failed to use its "best efforts to enter into leases . . . (with) third party tenants no later than December 1, 2001" as required by Paragraph 20 of the P&S.

2.    Had Respondent used its best efforts to enter into leases with third party tenants as provided in the P&S, it would have entered into one or more leases generating rent payments in or before December, 2001.

3.    The terms of the "Winvest lease" actually entered into by the Respondent for the Premises provide the appropriate basis upon which to calculate the amount of Claimant's equity ownership in the Respondent.

4.    There shall be no adjustment in the calculation for the cost of the improvements made by Winvest.

5.    Using the mathematical formula set forth in Paragraph 20 of the P&S applied to the rent figures from the Winvest Lease, Claimant is entitled to 2.8% ownership interest in the Respondent, commencing on January 1, 2002, calculated as follows:

| | |
|---|---|
| Gross rent (57,156 SF x $18.25) | $1,043,097.00 |
| Less: | |
| 2% vacancy | 20,861.00 |
| 3% management | 31,292.91 |
| $.1 psf capital reserve | 5,715.00 |
| Brokerage $401,780 / 20yrs | 20,089.00 |
| Net rent | $ 965,139.09 |

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
    Bahig Bishay                  ("Claimant")
    and
    Brighton Avenue Associates, LLC     ("Respondent")

Annualized net rent: $965,139.09 x 10 = $9,651,391.00

$$\frac{9,380,000.00}{9,651,391.00} = 97.2\%$$  100% less 97.2% = 2.8

### Award

1. Claimant is awarded a 2.8% interest as a Member of Respondent as of January 1, 2002.

2. Respondent shall pay to Claimant Fifty Three Thousand Eight Hundred Sixty Dollars and Zero Cents ($53,860.00) as his share of the net distributions to members made in 2002 and 2003 ($1,923,605.00 x 2.8%), plus interest at 12% per annum since August 5, 2003 until the date of payment.

3. Respondent shall pay to Claimant 2.8% of the net distributions to members for the year 2004 and subsequent years, at the same time and in the same manner as it pays all other members of Respondent.

4. The panel has not considered any matters outside of Paragraph 20 of the P&S.

5. The administrative fees of the American Arbitration Association ("the Association"), to date, totaling $14,600.00 and the compensation and expenses of the arbitrators, to date totaling $34,141.90 shall be borne by Respondent. Therefore, Respondent shall pay to Claimant the sum of $35,020.00, representing its share of amounts previously advanced to the Association. Respondent shall also pay to the Association the sum of $13,721.90, representing amounts still due the Association. These amounts reflect all payments made to date.

6. The above sums are to be paid on or before 45 days from the date of this Award.

This Award shall remain in full force and effect until such time as a final Award is rendered.

| | |
|---|---|
| _____<br>Date | _____<br>Ms. Carla S. Cox |
| _Jan. 19, 2005_<br>Date | _____<br>Charles J. Speleotis |
| _____<br>Date | _____<br>Paul Peter Nicolai |

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
   Bahig Bishay                     ("Claimant")
   and
   Brighton Avenue Associates, LLC     ("Respondent")

---

I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date

_____
Ms. Carla S. Cox

I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

Jan. 19, 2005
Date

Charles J. Speleotis

I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date

_____
Paul Peter Nicolai

3

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
   Bahig Bishay                 ("Claimant")
   and
   Brighton Avenue Associates, LLC   (Respondent")

### FINAL AWARD OF ARBITRATORS

WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into by the above-named parties and dated January 12, 2001, (the "Contract") and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated January 19, 2005, concerning the Claims under Paragraph 20 of the Contract, do hereby issue this FINAL AWARD concerning the Claims under Paragraph 22 of the Contract, as follows:

1.     We find for the Respondent on all Claims under Paragraph 22.

2.     The Interim Award dated January 19, 2005 is hereby incorporated into this Final Award of Arbitrators.

3.     The administrative fees of the American Arbitration Association incurred after the Interim Award totaling $750.00 and the compensation and expenses of the arbitrators incurred after the Interim Award totaling $34,897.40 shall be borne equally and have been paid.

4.     This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

| Date | Carla S. Cox |
|------|--------------|
| June 19, 2005 | Charles J. Speletin |
| Date | |
| Date | Paul Peter Nicolai |

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
    Bahig Bishay                   ("Claimant")
    and
    Brighton Avenue Associates, LLC    (Respondent")

I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and
who executed this instrument which is my Award.

_____               _____
Date                             Carla S. Cox

I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in
and who executed this instrument which is my Award.

_____               _____
Date                             Charles J. Speleotis

I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in
and who executed this instrument which is my Award.

_____               _____
Date                             Paul Peter Nicolai

2

# EXHIBIT-H

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
   Bahig Bishay               ("Claimant")
   and
   Brighton Avenue Associates, LLC   ("Respondent")

## INTERIM AWARD OF ARBITRATORS ON CLAIM UNDER PARAGRAPH 20 OF THE PARTIES' CONTRACT

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, ("P&S") and having been duly sworn, and having considered the evidence adduced by the parties at the hearings on the Claimant's claim under Paragraph 20 of the P&S, and having duly deliberated, hereby Find and Award as follows:

### Findings

1.  Respondent failed to use its "best efforts to enter into leases . . . (with) third party tenants no later than December 1, 2001" as required by Paragraph 20 of the P&S.

2.  Had Respondent used its best efforts to enter into leases with third party tenants as provided in the P&S, it would have entered into one or more leases generating rent payments in or before December, 2001.

3.  The terms of the "Winvest lease" actually entered into by the Respondent for the Premises provide the appropriate basis upon which to calculate the amount of Claimant's equity ownership in the Respondent.

4.  There shall be no adjustment in the calculation for the cost of the improvements made by Winvest.

5.  Using the mathematical formula set forth in Paragraph 20 of the P&S applied to the rent figures from the Winvest Lease, Claimant is entitled to 2.8% ownership interest in the Respondent, commencing on January 1, 2002, calculated as follows:

| | |
|---|---|
| Gross rent (57,156 SF x $18.25) | $1,043,097.00 |
| Less: | |
| 2% vacancy | 20,861.00 |
| 3% management | 31,292.91 |
| $.1 psf capital reserve | 5,715.00 |
| Brokerage $401,780 / 20yrs | 20,089.00 |
| Net rent | $ 965,139.09 |

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
    Bahig Bishay                   ("Claimant")
    and
    Brighton Avenue Associates, LLC    ("Respondent")


Annualized net rent: $965,139.09 x 10 = $9,651,391.00

$$\frac{9,380,000.00}{9,651,391.00} = 97.2\% \qquad 100\% \text{ less } 97.2\% = 2.8$$

## Award

1. Claimant is awarded a 2.8% interest as a Member of Respondent as of January 1, 2002.

2. Respondent shall pay to Claimant Fifty Three Thousand Eight Hundred Sixty Dollars and Zero Cents ($53,860.00) as his share of the net distributions to members made in 2002 and 2003 ($1,923,605.00 x 2.8%), plus interest at 12% per annum since August 5, 2003 until the date of payment.

3. Respondent shall pay to Claimant 2.8% of the net distributions to members for the year 2004 and subsequent years, at the same time and in the same manner as it pays all other members of Respondent.

4. The panel has not considered any matters outside of Paragraph 20 of the P&S.

5. The administrative fees of the American Arbitration Association ("the Association"), to date, totaling $14,600.00 and the compensation and expenses of the arbitrators, to date totaling $34,141.90 shall be borne by Respondent. Therefore, Respondent shall pay to Claimant the sum of $35,020.00, representing its share of amounts previously advanced to the Association. Respondent shall also pay to the Association the sum of $13,721.90, representing amounts still due the Association. These amounts reflect all payments made to date.

6. The above sums are to be paid on or before 45 days from the date of this Award.


This Award shall remain in full force and effect until such time as a final Award is rendered.


| | |
|---|---|
| _____ | _____ |
| Date | Ms. Carla S. Cox |
| | |
| _____ | _____ |
| Date | Charles J. Speleotis |
| _1/11/05_ | _____ |
| Date | Paul Peter Nicolai |

2

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
   Bahig Bishay                        ("Claimant")
   and
   Brighton Avenue Associates, LLC    ("Respondent")

I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____          _____

Date                                 Ms. Carla S. Cox

I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____          _____

Date                                 Charles J. Speleotis

I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

1/11/05
   Date                                     Paul Peter Nicolai

3

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
    Bahig Bishay             ("Claimant")
    and
    Brighton Avenue Associates, LLC    (Respondent")

### FINAL AWARD OF ARBITRATORS

WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into by the above-named parties and dated January 12, 2001, (the "Contract") and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated January 19, 2005, concerning the Claims under Paragraph 20 of the Contract, do hereby issue this FINAL AWARD concerning the Claims under Paragraph 22 of the Contract, as follows:

1.    We find for the Respondent on all Claims under Paragraph 22.

2.    The Interim Award dated January 19, 2005 is hereby incorporated into this Final Award of Arbitrators.

3.    The administrative fees of the American Arbitration Association incurred after the Interim Award totaling $750.00 and the compensation and expenses of the arbitrators incurred after the Interim Award totaling $34,897.40 shall be borne equally and have been paid.

4.    This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

_____
Date

_____
Carla S. Cox

_____
Date

_____
Charles J. Speleotis

6/16/05
Date

_____
Paul Peter Nicolai

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
    Bahig Bishay                             ("Claimant")
    and
    Brighton Avenue Associates, LLC      ("Respondent")

I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date

_____
Carla S. Cox

I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date

_____
Charles J. Speleotis

I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

6/16/05
Date

Paul Peter Nicolai

2

# EXHIBIT-I

### Bahig F. Bishay
163 Blue Hill Drive
Westwood, Massachusetts 02090
Electronic Mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

VIA FACSIMILE & CERTIFIED MAIL

July 21, 2005

Ms. Karen Fontaine, Supervisor
American Arbitration Association
950 Warren Avenue,
East Providence, RI 02914

Re:     Case No. 11 115 Y01777 03

Dear Ms. Fontaine:

Pursuant to your letter dated this day, enclosed is my check in the sum of $225.00. In the interest of efficiency, and to give you a head start in copying the entire Case-file, I am sending this letter via facsimile and also via Certified Mail.

During our conversation this morning, you indicated that pursuant to Rule 47, I was **not** entitled to receive copies of the entire file. With all due respect, however, I pointed out to you that Rule 47 could not be clearer; is totally unambiguous; and required no interpretation, either pursuant to Rule 53 upon which you mistakenly relied, or otherwise. Suffice it to say that Rule 47 states as follows:

> *"The AAA shall, upon the written request of a party, furnish to the party, at the party's expense, certified copies of **any papers in the AAA's possession** that may be required in judicial proceedings relating to the arbitration."*
> [Emphasis added]

Accordingly, and since there can be no doubt that the AAA is in possession of more than the documents exchanged between the parties, as you so confirmed this morning, and specifically documents relating to the engagement of the arbitrators and the communications between the AAA and the arbitrators relative to the above mentioned Case, that the AAA is unequivocally required by its own rule to make **ALL** material in its possession available to me, and without further delay, so long as such material relate to Case No. 11 115 Y 01777 03.

Unless you can cite specific authority to support your earlier statement that communications between the AAA and the arbitrators are somehow privileged, please make available for my pick up at your office the copies of the entire file as soon as possible. Thank you for your anticipated cooperation.

Sincerely,



Bahig F. Bishay

# EXHIBIT-J

## Bahig F. Bishay

163 Blue Hill Drive
Westwood, Massachusetts 02090
Electronic Mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

DELIVERED VIA "*RESTRICTED*" US MAIL          RESENT BY PRIORITY MAIL

July 22, 2005

Carla S. Cox, Esq.
Handly, Cox & Moorman, PC
9 Abbott Street
Beverley, Massachusetts 01915

Re:     American Arbitration Association, Case No. 11 115 Y 01777 03

Dear Attorney Cox:

Reference is made to the above mentioned Case, where you served as Panel Member
(hereafter "Arbitrator"). As Arbitrator, you were required to execute certain documents which
included forms entitled Interim and Final Awards (hereafter "Interim Award" & "Final Award").

In said Interim Award and Final Award, the following statement appeared above the
signature line:

*"I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual
described in and who executed this instrument which is my Award."*

Pursuant to the foregoing, and in my capacity as the Claimant, I hereby request that you
examine the attached form entitled *Interim Award of Arbitrator on Claim Under Paragraph 20 of
the Parties' Contract,* which contains your purported signature next to your purported hand-
writing -- *January 12, 2005*; as well as the attached form entitled *Final Award of Arbitrators,*
which contains your purported signature next to your purported hand-writing -- *June 16, 2005.*

Please confirm, with certainty, whether you in fact executed either one of these forms
referred to herein as Interim Award and Final Award. Separately, and regardless of your answer
to this question, please forward to the undersigned: (a) accurate copies of the Interim Award and
Final Award that you know you in fact executed; (b) copies of all your notes, your analysis and
your formal or informal decision/opinion which you would've individually authored during the
normal course of proceedings in this Case, and for which you would've been fully compensated.

Thank you for your anticipated cooperation, and please feel free to also forward to the
undersigned your bill for the time and expenses relating to this time-sensitive request.

Respectfully, I remain ...

Bahig F. Bishay

# EXHIBIT-K

## Bahig F. Bishay

163 Blue Hill Drive
Westwood, Massachusetts 02090
Electronic Mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

### DELIVERED VIA "*RESTRICTED*" US MAIL

July 22, 2005

Charles J. Speleotis, Esq.
20 America Way
Salem, Massachusetts 01970-6653

Re:    American Arbitration Association, Case No. 11 115 Y 01777 03

Dear Attorney Speleotis:

Reference is made to the above mentioned Case, where you served as Panel Member (hereafter "Arbitrator"). As Arbitrator, you were required to execute certain documents which included forms entitled Interim and Final Awards (hereafter "Interim Award" & "Final Award").

In said Interim Award and Final Award, the following statement appeared above the signature line:

*"I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award."*

Pursuant to the foregoing, and in my capacity as the Claimant, I hereby request that you examine the attached form entitled *Interim Award of Arbitrator on Claim Under Paragraph 20 of the Parties' Contract*, which contains your purported signature next to your purported hand-writing -- *January 19, 2005*; as well as the attached form entitled *Final Award of Arbitrators*, which contains your purported signature next to your purported hand-writing -- *June 17, 2005*.

Please confirm, with certainty, whether you in fact executed either one of these forms referred to herein as Interim Award and Final Award. Separately, and regardless of your answer to this question, please forward to the undersigned: (a) accurate copies of the Interim Award and Final Award that you know you in fact executed; (b) copies of all your notes, your analysis and your formal or informal decision/opinion which you would've individually authored during the normal course of proceedings in this Case, and for which you would've been fully compensated.

Thank you for your anticipated cooperation, and please feel free to also forward to the undersigned your bill for the time and expenses relating to this time-sensitive request.

Respectfully, I remain …

Bahig F. Bishay

# EXHIBIT-L

**Bahig F. Bishay**
163 Blue Hill Drive
Westwood, Massachusetts 02090
Electronic Mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

DELIVERED VIA "*RESTRICTED*" US MAIL          RESENT BY PRIORITY MAIL

July 22, 2005

Paul Peter Nicolai, Esq.
Nicolai Law Group, P.C.
146 Chestnut Street
Springfield, Massachusetts 01103

Re:    American Arbitration Association, Case No. 11 115 Y 01777 03

Dear Attorney Nicolai:

Reference is made to the above mentioned Case, where you served as Panel Member (hereafter "Arbitrator"). As Arbitrator, you were required to execute certain documents which included forms entitled Interim and Final Awards (hereafter "Interim Award" & "Final Award").

In said Interim Award and Final Award, the following statement appeared above the signature line:

*"I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award."*

Pursuant to the foregoing, and in my capacity as the Claimant, I hereby request that you examine the attached form entitled *Interim Award of Arbitrator on Claim Under Paragraph 20 of the Parties' Contract*, which contains your purported signature next to your purported hand-writing -- *January 11, 2005*; as well as the attached form entitled *Final Award of Arbitrators,* which contains your purported signature next to your purported hand-writing -- *June 16, 2005.*

Please confirm, with certainty, whether you in fact executed either one of these forms referred to herein as Interim Award and Final Award. Separately, and regardless of your answer to this question, please forward to the undersigned: (a) accurate copies of the Interim Award and Final Award that you know you in fact executed; (b) copies of all your notes, your analysis and your formal or informal decision/opinion which you would've individually authored during the normal course of proceedings in this Case, and for which you would've been fully compensated.

Thank you for your anticipated cooperation, and please feel free to also forward to the undersigned your bill for the time and expenses relating to this time-sensitive request.

Respectfully, I remain ...



Bahig F. Bishay

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BAHIG F. BISHAY, PRO SE

**(b)** County of Residence of First Listed Plaintiff  NORFOLK, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

AMERICAN ARBITRATION ASSOCIATION, AND BRIGHTON AVENUE ASSOCIATES, LLC.
County of Residence of First Listed Defendant  N.Y. COUNTY, N.Y.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

# 05 CV 11771 NMG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S. ARBITRATION ACT TITLE 9, U.S.C. SECTION 10(a)(1).

Brief description of cause:
TO VACATE AN ARBITRATION AWARD PROCURED THROUGH CURRUPTION, FRAUD

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 10,000+

CHECK YES only if demanded in complaint: AND UNDUE

JURY DEMAND:  ☐ Yes  ☐ No    MEANS.

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE  8/26/05

SIGNATURE OF ATTORNEY OF RECORD  CLAIMANT / PLAINTIFF

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)   _BAHIG F. BISHAY  V. AMERICAN ARBITRATION ASSOC._

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   ____  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ____  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ✗    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ____  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ____  V.   150, 152, 153.

   **05 C 11771 NMG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                                    YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                    YES ☐    NO ☒

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☐        Central Division ☐        Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☒        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _CLAIMANT/PLAINTIFF: BAHIG F. BISHAY, pro se_

ADDRESS _163 Blue Bell DR., WESTWOOD, MA 02090_

TELEPHONE NO. _781. 326. 3316_

(CategoryForm.wpd -5/2/05)