UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAHIG F. BISHAY, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN ARBITRATION ASSOCIATION and BRIGHTON AVENUE ASSOCIATES, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) Case No. 05-11771-NMG ) ) ) ) ) ) ) |

### MEMORANDUM OF LAW IN SUPPORT OF AMERICAN ARBITRATION ASSOCIATION'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendant, American Arbitration Association ("AAA"), has moved to dismiss the Plaintiff's Complaint against the AAA. The Complaint should be dismissed because this Court lacks subject matter jurisdiction over a suit brought under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, to vacate an arbitration award where, as here, there is not an independent source of federal jurisdiction. The Complaint should also be dismissed because under the doctrine of arbitral immunity, the AAA is immune from suit by the Plaintiff, a party to an arbitration conducted under its auspices. Finally, the Complaint should be dismissed because the AAA's rules, to which the Plaintiff agreed to be bound, expressly state that the AAA cannot be liable for any act arising out of the arbitration and that the AAA is not a necessary or proper party to any lawsuit to vacate an arbitration award.

I.  **FACTS ALLEGED IN THE COMPLAINT**

The Plaintiff entered into an Agreement with co-Defendant Brighton Avenue Associates, LLC concerning certain rental property in Boston. Complaint at ¶ 5. That Agreement provided

that the parties would resolve any Agreement-related disputes through arbitration conducted by the AAA. Complaint at ¶ 7.

When such a dispute arose, the Plaintiff pursued arbitration through the AAA. Complaint at ¶ 7. After hearings, the AAA panel of three arbitrators issued their unanimous award. Complaint at 8; Complaint Exhibits B and F.

The Plaintiff then filed the instant suit[1/] pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., seeking an order vacating the arbitrators' award because it was allegedly procured by corruption, fraud or undue means. Complaint at 9-11. In this regard, the Plaintiff alleges that because one of the three arbitrators' signatures on the Final Award allegedly looks different from her signature on previous arbitration-related documents (see Complaint Exhibits A-F), the Final Award was not in fact that particular arbitrator's award. Complaint at ¶¶ 2-3, 9-11. According to the Plaintiff, this "one event of corruption" requires that the entirety of the arbitration award be vacated. Complaint at ¶ 11-12.

Because this Court lacks subject matter jurisdiction over this case, and because, in any event, the Complaint fails to state any claim against the AAA on which relief can be granted, the Complaint should be dismissed as against the AAA.[2/]

II.  ARGUMENT

   A.  This Court Lacks Subject Matter Jurisdiction Over This Case.

The Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), does not create a basis for federal subject matter jurisdiction. See Moses H. Cone Memorial Hosp. v. Mercury Constr.

---

[1/] As stated in his Complaint (see Complaint at 1-2), the Plaintiff has filed a "virtually identical" suit in the Suffolk County Superior Court. The AAA filed a motion to dismiss that action, which, with the exception of the lack of federal jurisdiction grounds, contains the same arguments for dismissal stated herein.

[2/] Additional facts alleged in the Complaint will be discussed below as warranted.

Corp., 460 U.S. 1, 25 n.32, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983) ("The Arbitration Act . . . does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. IV) or otherwise"); Bull HN Information Systems, Inc. v. Hutson, 229 F.3d 321, 328 (1st Cir. 2000) ("Because the FAA itself does not create a basis for federal subject matter jurisdiction, there must be an independent basis for federal jurisdiction"). Thus, a suit brought under the FAA "must proceed in a state forum unless some independent basis for federal jurisdiction exists." PCS 2000 LP v. Romulus Telecomms., 148 F.3d 32, 35 (1st Cir. 1998).

Here, the Plaintiff's case, which is based solely on the FAA, offers no independent basis for federal jurisdiction. In this regard, there is not complete diversity of citizenship of the parties necessary for jurisdiction under 28 U.S.C. § 1332, as the Plaintiff is a Massachusetts resident and the AAA's co-Defendant, Brighton Avenue Associates, LLC ("BAA"), is a Massachusetts limited liability corporation.[3/] See American River & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3f 136, 139 (1st Cir. 2004) ("there must be complete diversity among the parties to sustain diversity jurisdiction").

Moreover, there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331. As alleged in the Complaint, this is a breach of contract case arising out of an agreement concerning rental property located in Boston. Complaint at ¶ 5-6. Because common law contract claims are necessarily based on state law, there is no federal question on which federal jurisdiction can be based. See, e.g., PCS 2000 LP, 148 F.3d at 34 (directing dismissal of FAA case for lack of jurisdiction where "the claims asserted sound exclusively in tort and contract – causes of action

---

[3/] To the extent that BAA's Massachusetts citizenship is not clear from his pleadings, the Plaintiff has failed establish diversity jurisdiction. See Viqueira v. First Bank, 140 F.3d 12, 18 (1st Cir. 1998) ("it is black-letter law that jurisdiction must be apparent from the face of the plaintiffs' pleading").

rooted in local law").

Indeed, even if an independent source of federal jurisdiction did exist (which it does not), this Court would still be required to dismiss this case because it does not involve a dispute affecting interstate commerce. Interstate commerce is a prerequisite for maintaining an FAA-based claim in federal court. See 9 U.S.C. § 2 ("A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable"); Corion Corp. v. Chen, 1991 U.S. Dist. LEXIS 18395 at *9 (D. Mass. 1991) ("The courts have held that the term 'commerce' in this provision [section 2] of the Act refers to interstate or foreign commerce").

Because this case involves only a claim for a breach of contract arising out of an agreement regarding rental property located in Boston, no interstate commerce is implicated. There being no basis for jurisdiction in this Court, the Complaint should be dismissed.

Finally, the Plaintiff already has a "virtually identical" complaint in state court under which the Plaintiff seeks the exact same relief for the exact same reasons offered here. Given that this case involves only matters of "local law" and intrastate commerce, this Court should dismiss this action, leaving the Plaintiff in the proper forum for this matter. Indeed, even if this Court did have jurisdiction over this matter (which it does not), this case would rightfully be stayed pending resolution of the state case so as to avoid inconsistent judgments. For these and all of the foregoing reasons, this case should be dismissed.

### B. The Plaintiff's Complaint As Against The AAA Is Barred By The Doctrine Of Arbitral Immunity.

Even if this Court did have jurisdiction over this case, courts have uniformly held that organizations that sponsor arbitrations, such as the AAA, are not proper parties to actions

challenging the arbitral process and determination and are immune from claims such as that brought by the Plaintiff here. In this regard, it is well-settled that arbitrators are entitled to the same immunity granted to judges. See, e.g., Butz v. Economou, 438 U.S. 478, 513 (1978) (holding that absolute judicial immunity extends to those whose powers or purposes are "functionally comparable to that of a judge"); New England Cleaning Services, Inc. v. AAA, 199 F.3d 542, 545 (1st Cir. 1999) ("Because an arbitrator's role is functionally equivalent to a judge's role, courts of appeals have uniformly extended judicial and quasi-judicial immunity to arbitrators").

It is equally well-settled that this arbitral immunity protects both the arbitrator and the organization administering the arbitration in the same way judicial immunity protects both judges and courts. See New England Cleaning Services, 199 F.3d at 545 ("organizations that sponsor arbitrations, as well as the arbitrators themselves, enjoy immunity from civil liability"); International Medical Group, Inc. v. AAA, 312 F.3d 833, 843 (7th Cir. 2002) (same); Honn v. National Ass'n of Sec. Dealers, Inc., 182 F.3d 1014, 1017 (8th Cir. 1999) (same); Hawkins v. National Ass'n of Sec. Dealers, Inc., 149 F.3d 330, 332 (5th Cir. 1998) (same); Olson v. National Ass'n Of Sec. Dealers, Inc., 85 F.3d 381 (8th Cir. 1996) (same); U.S. v. City of Hayward, 36 F.3d 832 (9th Cir. 1994) (same); Austern v. Chicago Board Options Exchange, Inc., 898 F.2d 882 (2d Cir. 1990) (same); Corey v. New York Stock Exchange, 691 F.2d 1204, 1211 (6th Cir. 1992) (same).

Here, the Plaintiff seeks to have the arbitration award vacated, baldly alleging that the award was procured by corruption, fraud or undue means. However, because – just like a court – the AAA is immune from suit with respect to claims of litigants regarding its awards, the Plaintiff has failed to state a cognizable claim against the AAA and the Complaint as against the

AAA should be dismissed.

Courts have also uniformly held that arbitral immunity extends to liability for all acts within the scope of the arbitral process. See, e.g., New England Cleaning Services, Inc., 199 F.3d at 545 ("A sponsoring organization's immunity extends to the administrative tasks it performs, insofar as they are integrally related to the arbitration"); Austern, 898 F.2d at 886 (defective notice and improper selection of arbitration panel sufficiently associated with adjudicative phase of arbitration to justify immunity); Olson, 85 F.3d at 383 (immunity protects "all acts within the scope of the arbitral process," even if arbitrator fails to follow own internal rules).

To the extent that Plaintiff attempts to state a claim against the AAA for allegedly refusing to provide him with the arbitrators' hearing notes, their "analyses" made during the hearing, and written communications between the AAA and the arbitrators (see Complaint at ¶ 10), all of these alleged activities fall squarely within the scope of the arbitral process – that is, within the AAA's administration of the arbitration and arbitration-related documents. In the same way that judicial immunity protects a judge's written notes and analyses, arbitral immunity protects the arbitrators' notes and analyses. In the same way judicial immunity protects communications between a judge and a court clerk, arbitral immunity protects communications between the arbitrators and the AAA's case management personnel. See generally, Arcuri v. Trump Taj Mahal Assoc., 154 F.R.D. 97, 111 (D.N.J. 1994) ("there is no legal basis for questioning an arbitrator in order to investigate the reasons behind the decision"); International Brotherhood of Firemen and Oilers, Local #261 v. Great Northern Paper Co., 1984 U.S. Dist. LEXIS at *19 (D. Me. Oct. 22, 1984) ("a reviewing court should not permit arbitration awards to be impeached even by testimony from the arbitrator as to how he arrived at his decision").

In short, because the AAA is immune from civil actions challenging any aspect of the arbitral process, the Plaintiff has failed to state any legally cognizable claim against the AAA. As such, the Complaint as against the AAA should be dismissed.

>   **C.    The Plaintiff's Complaint As Against The AAA Should Be Dismissed Because The AAA's Rules, To Which The Plaintiff Agreed To Be Bound, Prohibit The AAA's Civil Liability For Acts Connected With The Arbitration And Provide That The AAA Is Not A Necessary Or Proper Party To Any Suit Arising Out Of The Arbitration.**

This case should also be dismissed based upon the underlying Agreement between the Plaintiff and the AAA's co-Defendant, BAA. Where, as here, parties to a contract agree to arbitrate disputes in accordance with AAA rules, the parties are bound by those rules. See, e.g., C&L Enterprises, Inc. v. Citizens Band Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 419 n.1 (2001) ("the American Arbitration Association Rules . . . are not secondary interpretive aides that supplement our reading of the contract; they are prescriptions incorporated by the express terms of the agreement itself"); P & P Indus., Inc. v. Sutter Corp., 179 F.3d 861, 867 (10th Cir. 1999) ("A party who consents by contract to arbitration before the AAA also consents to be bound by the procedural rules of the AAA"); Mulcahy v. Whitehill, 48 F. Supp. 917, 919 (D. Mass. 1943) (based upon "the defendant's unqualified submission of disputes" to AAA arbitration, "the defendant, by consent, is bound . . . by the [AAA's] Rules of Procedure"); McKown v. AAA, 444 S.E.2d 114, 115 (Ga. App. 1994) (enforcing AAA rules regarding necessary parties, because the parties "have contractually agreed to accept" those rules). See also, AAA's Commercial Arbitration Rules and Mediation Procedure (2003), Exhibit A at R-1(a) ("The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association . . .").

Here, the Plaintiff alleges that the parties agreed to resolve their disputes through

arbitration before the AAA. Complaint at ¶ 7. The AAA's rules, to which the Plaintiff is therefore bound, provide as follows:

> R-48.  Applications to Court and Exclusion of Liability
>
> . . .
>
> (b) Neither the AAA nor any arbitrator in a proceeding under these rules is a necessary or proper party in judicial proceedings relating to the arbitration.
>
> . . .
>
> (d) Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

See Exhibit A at R-48.

Thus, having agreed that neither the AAA nor any arbitrator is a necessary or proper party to any judicial proceeding relating to the arbitration, and that neither would be liable to any party in any action for damages or injunctive relief, the Plaintiff should not be permitted to maintain against the AAA precisely the kind of suit that Rule 48 was designed to prevent. See, e.g., Candor Central Sch. Dist. v. AAA, 411 N.Y.S.2d 162, 164 (Sup. Ct. 1978) (finding that AAA is not a necessary party to the proceeding because the "parties impliedly adopted the AAA's rules . . . [which] provide that the AAA is not a necessary party"); Peters Sportswear Co. v. AAA, 233 A.2d 558, 560 (Pa. 1967) (holding that if under AAA rules the AAA is not a necessary party, "then it surely cannot be a principal defendant").

The purpose behind Rule 48 is that the expense and disruption of defending such collateral suits would make it difficult for the AAA to perform its function of administering arbitrations. Such an addition of "cost and delay to the arbitration process," New England Cleaning Services, 199 F.3d at 546, is inconsistent with "the basic policy of conducting

arbitration [which] is to offer a means of deciding disputes expeditiously and at lower costs." Robbins v. Day, 954 F.2d 679, 685 (11th Cir. 1992).

Indeed, apart from its Rules, the courts have consistently held that the AAA is not a proper party to any dispute involving arbitration because it has no interest in the outcome of the arbitration. See, e.g., Aberele Hosiery Co. v. AAA, 337 F. Supp. 90, 92 (E.D. Pa.), app. dismissed, 461 F.2d 1005 (3rd Cir. 1972) (AAA held to be an unnecessary party to action seeking to vacate arbitration award); System Federation No. 30, Railway Emp. Dept. AFL-CIO v. Braidwood, 284 F. Supp. 607, 610 (N.D. Ill. 1968) ("the parties in court should be the same as those before the agency. The analogy is to appellate review of trial court judgments, where the appellant names his opponent below as the appellee rather than the trial judge").

Thus, based on Rule 48 and the cases cited herein, the Complaint as against the AAA should be dismissed because the Plaintiff has agreed not to sue the AAA and because the AAA is in any event not a proper or necessary party to the action.

### III. CONCLUSION

For all of the foregoing reasons, the AAA respectfully requests that the Plaintiff's Complaint as it relates to the AAA be dismissed in its entirety.

Respectfully submitted,

AMERICAN ARBITRATION ASSOCIATION

By its attorneys,


s/John M. Simon
Kay H. Hodge (BBO# 236560)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller, LLP
99 High Street
Boston, MA 02110
(617) 542-6789

Dated: October 11, 2005



The following rules are from our archive and are outdated. Please go to the Rules section in the Rules/Procedures tab for the most current version.

**Commercial Arbitration Rules and Mediation Procedures**
**(Including Procedures for Large, Complex Commercial Disputes)**
Amended and Effective July 1, 2003 -- click here to view a summary of the most recent changes.

TABLE OF CONTENTS

IMPORTANT NOTICE
INTRODUCTION
Standard Arbitration Clause
Administrative Fees
Mediation
Large, Complex Cases


COMMERCIAL MEDIATION PROCEDURES
M-1. Agreement of Parties
M-2. Initiation of Mediation
M-3. Requests for Mediation
M-4. Appointment of the Mediator
M-5. Qualifications of the Mediator
M-6. Vacancies
M-7. Representation
M-8. Date, Time, and Place of Mediation
M-9. Identification of Matters in Dispute
M-10. Authority of the Mediator
M-11. Privacy
M-12. Confidentiality
M-13. No Stenographic Record
M-14. Termination of Mediation
M-15. Exclusion of Liability
M-16. Interpretation and Application of Procedures
M-17. Expenses
ADMINISTRATIVE FEES


COMMERCIAL ARBITRATION RULES
R-1. Agreement of Parties
R-2. AAA and Delegation of Duties
R-3. National Roster of Arbitrators
R-4. Initiation under an Arbitration Provision in a Contract
R-5. Initiation under a Submission
R-6. Changes of Claim
R-7. Jurisdiction
R-8. Mediation
R-9. Administrative Conference
R-10. Fixing of Locale
R-11. Appointment from National Roster
R-12. Direct Appointment by a Party
R-13. Appointment of Chairperson by Party-Appointed Arbitrators or Parties
R-14. Nationality of Arbitrator
R-15. Number of Arbitrators
R-16. Disclosure
R-17. Disqualification of Arbitrator
R-18. Communication with Arbitrator
R-19. Vacancies
R-20. Preliminary Hearing
R-21. Exchange of Information
R-22. Date, Time, and Place of Hearing
R-23. Attendance at Hearings
R-24. Representation
R-25. Oaths
R-26. Stenographic Record
R-27. Interpreters
R-28. Postponements

R-29. Arbitration in the Absence of a Party or Representative
R-30. Conduct of Proceedings
R-31. Evidence
R-32. Evidence by Affidavit and Post-hearing Filing of Documents or Other Evidence
R-33. Inspection or Investigation
R-34. Interim Measures
R-35. Closing of Hearing
R-36. Reopening of Hearing
R-37. Waiver of Rules
R-38. Extensions of Time
R-39. Serving of Notice
R-40. Majority Decision
R-41. Time of Award
R-42. Form of Award
R-43. Scope of Award
R-44. Award upon Settlement
R-45. Delivery of Award to Parties
R-46. Modification of Award
R-47. Release of Documents for Judicial Proceedings
R-48. Applications to Court and Exclusion of Liability
R-49. Administrative Fees
R-50. Expenses
R-51. Neutral Arbitrator's Compensation
R-52. Deposits
R-53. Interpretation and Application of Rules
R-54. Suspension for Nonpayment

**EXPEDITED PROCEDURES**
E-1. Limitation on Extensions
E-2. Changes of Claim or Counterclaim
E-3. Serving of Notices
E-4. Appointment and Qualifications of Arbitrator
E-5. Exchange of Exhibits
E-6. Proceedings on Documents
E-7. Date, Time, and Place of Hearing
E-8. The Hearing
E-9. Time of Award
E-10. Arbitrator's Compensation

**PROCEDURES FOR LARGE, COMPLEX COMMERCIAL DISPUTES**
L-1. Administrative Conference
L-2. Arbitrators
L-3. Preliminary Hearing
L-4. Management of Proceedings

**OPTIONAL RULES FOR EMERGENCY MEASURES OF PROTECTION**
O-1. Applicability
O-2. Appointment of Emergency Arbitrator
O-3. Schedule
O-4. Interim Award
O-5. Constitution of the Panel
O-6. Security
O-7. Special Master
O-8. Costs

**ADMINISTRATIVE FEES**
Fees
Refund Schedule
Hearing Room Rental

These rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by the AAA. To ensure that you have the most current information, see our Web Site at www.adr.org.

**INTRODUCTION**

Each year, many millions of business transactions take place. Occasionally, disagreements develop over these business transactions. Many of these disputes are resolved by arbitration, the voluntary submission of a dispute to an impartial person or persons for final and binding determination. Arbitration has proven to be an effective way to resolve these disputes privately, promptly, and economically.

The American Arbitration Association (AAA), a not-for-profit, public service organization, offers a broad range of dispute resolution services to

**M-16. Interpretation and Application of Procedures**

The mediator shall interpret and apply these procedures insofar as they relate to the mediator's duties and responsibilities. All other procedures shall be interpreted and applied by the AAA.

**M-17. Expenses**

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including required traveling and other expenses of the mediator and representatives of the AAA, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

**ADMINISTRATIVE FEES**

The nonrefundable case set-up fee is $325 per party. In addition, the parties are responsible for compensating the mediator at his or her published rate, for conference and study time (hourly or per diem).

All expenses are generally borne equally by the parties. The parties may adjust this arrangement by agreement.

Before the commencement of the mediation, the AAA shall estimate anticipated total expenses. Each party shall pay its portion of that amount as per the agreed upon arrangement. When the mediation has terminated, the AAA shall render an accounting and return any unexpended balance to the parties.

**COMMERCIAL ARBITRATION RULES**

**R-1. Agreement of Parties\*+**

(a) The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules. These rules and any amendment of them shall apply in the form in effect at the time the administrative requirements are met for a demand for arbitration or submission agreement received by the AAA. The parties, by written agreement, may vary the procedures set forth in these rules. After appointment of the arbitrator, such modifications may be made only with the consent of the arbitrator.

(b) Unless the parties or the AAA determines otherwise, the Expedited Procedures shall apply in any case in which no disclosed claim or counterclaim exceeds $75,000, exclusive of interest and arbitration fees and costs. Parties may also agree to use these procedures in larger cases. Unless the parties agree otherwise, these procedures will not apply in cases involving more than two parties. The Expedited Procedures shall be applied as described in Sections E-1 through E-10 of these rules, in addition to any other portion of these rules that is not in conflict with the Expedited Procedures.

(c) Unless the parties agree otherwise, the Procedures for Large, Complex Commercial Disputes shall apply to all cases in which the disclosed claim or counterclaim of any party is at least $500,000, exclusive of claimed interest, arbitration fees and costs. Parties may also agree to use the Procedures in cases involving claims or counterclaims under $500,000, or in nonmonetary cases. The Procedures for Large, Complex Commercial Disputes shall be applied as described in Sections L-1 through L-4 of these rules, in addition to any other portion of these rules that is not in conflict with the Procedures for Large, Complex Commercial Disputes.

(d) All other cases shall be administered in accordance with Sections R-1 through R-54 of these rules.

\* The AAA applies the *Supplementary Procedures for Consumer-Related Disputes* to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are nonnegotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The AAA will have the discretion to apply or not to apply the Supplementary Procedures and the parties will be able to bring any disputes concerning the application or non-application to the attention of the arbitrator. Consumers are not prohibited from seeking relief in a small claims court for disputes or claims within the scope of its jurisdiction, even in consumer arbitration cases filed by the business.

+ A dispute arising out of an employer promulgated plan will be administered under the AAA's National Rules for the Resolution of Employment Disputes.

**R-2. AAA and Delegation of Duties**

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these rules, and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices.

32 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the closing date of the hearing. The time limit within which the arbitrator is required to make the award shall commence, in the absence of other agreements by the parties, upon the closing of the hearing.

### R-36. Reopening of Hearing

The hearing may be reopened on the arbitrator's initiative, or upon application of a party, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the arbitrator may reopen the hearing and shall have 30 days from the closing of the reopened hearing within which to make an award.

### R-37. Waiver of Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object.

### R-38. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these rules, except the time for making the award. The AAA shall notify the parties of any extension.

### R-39. Serving of Notice

(a) Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

(b) The AAA, the arbitrator and the parties may also use overnight delivery or electronic facsimile transmission (fax), to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (E-mail), or other methods of communication.

(c) Unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

### R-40. Majority Decision

When the panel consists of more than one arbitrator, unless required by law or by the arbitration agreement, a majority of the arbitrators must make all decisions.

### R-41. Time of Award

The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator.

### R-42. Form of Award

(a) Any award shall be in writing and signed by a majority of the arbitrators. It shall be executed in the manner required by law.

(b) The arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator or unless the arbitrator determines that a reasoned award is appropriate.

### R-43. Scope of Award

(a) The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract.

(b) In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and apportion the fees, expenses, and compensation related to such award as the arbitrator determines is appropriate.

(c) In the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Sections R-49, R-50, and R-51. The

arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate.

(d) The award of the arbitrator(s) may include:

(i) interest at such rate and from such date as the arbitrator(s) may deem appropriate; and

(ii) an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement.

**R-44. Award upon Settlement**

If the parties settle their dispute during the course of the arbitration and if the parties so request, the arbitrator may set forth the terms of the settlement in a "consent award." A consent award must include an allocation of arbitration costs, including administrative fees and expenses as well as arbitrator fees and expenses.

**R-45. Delivery of Award to Parties**

Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at the last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

**R-46. Modification of Award**

Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto.

**R-47. Release of Documents for Judicial Proceedings**

The AAA shall, upon the written request of a party, furnish to the party, at the party's expense, certified copies of any papers in the AAA's possession that may be required in judicial proceedings relating to the arbitration.

**R-48. Applications to Court and Exclusion of Liability**

(a) No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

(b) Neither the AAA nor any arbitrator in a proceeding under these rules is a necessary or proper party in judicial proceedings relating to the arbitration.

(c) Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

(d) Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

**R-49. Administrative Fees**

As a not-for-profit organization, the AAA shall prescribe an initial filing fee and a case service fee to compensate it for the cost of providing administrative services. The fees in effect when the fee or charge is incurred shall be applicable. The filing fee shall be advanced by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award. The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees.

**R-50. Expenses**

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

**R-51. Neutral Arbitrator's Compensation**

(a) Arbitrators shall be compensated at a rate consistent with the arbitrator's stated rate of compensation.