UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 OCT 25 P 12: 36

| | |
|---|---|
| BAHIG F. BISHAY,<br>    Claimant<br>v.<br><br>AMERICAN ARBITRATION ASSOCIATION,<br>    Dispute Resolution Service Worldwide;<br><br>and<br><br>BRIGHTON AVENUE ASSOCIATES, LLC.,<br>    Respondent | 05 CV 11771 NMG<br><br>American Arbitration Association<br>Case No. 11 115 Y 01777 03 |

## CLAIMANT'S OPPOSITION TO AMERICAN ARBITRATION ASSOCIATION'S MOTION TO DISMISS

Claimant Bahig F. Bishay (hereafter "Bishay") opposes American Arbitration Association's (hereafter "AAA") Motion to Dismiss. The grounds upon which Bishay relies in opposing AAA's Motion are as follows:

First, Bishay, a resident of the state of Massachusetts, and AAA, a corporate entity organized under the laws of the state of New York, confirm that diversity of citizenship exists. Therefore, AAA's contention that this Court lacks jurisdiction is simply misplaced.

Second, AAA appeared to have gotten confused between the relief sought by the parties in cases it cited in its Motion to Dismiss, which dealt with *arbitral immunity* from liability stemming from awards that were presumably <u>prepared and executed</u> by the respective arbitrators or panels (as opposed to what Bishay described as <u>bogus</u> awards delivered to him by AAA's Case Manager, Paula Dubois – hereafter "Dubois") -- and the narrow, specific available relief sought by Bishay herein. AAA seemed to ignore the central issue of Bishay's *Application* which merely sought to *vacate* the bogus awards, which Bishay contends were either <u>not</u> prepared or

not executed by the respective arbitrators, or both -- but were, in fact, delivered to him by AAA's Case Manager, Dubois. Accordingly, Bishay simply requests this Court to vacate said bogus awards pursuant to U.S. Arbitration Act Title 9 & M.G.L. Chapter 251, Sections 12&15 – as the only remedy and relief available herein. Bishay further submits that the purported awards in this case squarely fall within the meaning of the applicable law and available relief, because they were *procured through corruption, fraud or undue means*.

    Third, and contrary to AAA's contention that its rules somehow bar Bishay from seeking the one and only lawful relief available when one discovers *corruption, fraud or undue means* in connection with the procurement of an arbitration award (or awards). In other words, this line of defense simply flies in the face of commonsense, and appears to suggest that AAA and its personnel ought to be permitted by this Court to live above the law, somehow.

    Fourth, AAA seems to complain that after Bishay filed his original Application in this Court, he later paid an additional fee and filed a similar application in the state court. The flaw in this argument is that the only reason Bishay paid the additional fee in the state court was to err on the side of caution in the event the usual hyper-technical defenses were launched by the *big business* industry, such as AAA and the Responded in this case. For this Court's edification, however, Bishay is absolutely committed to immediately dismiss the state court Application once this Court grants Bishay the relief sought herein, as it would be ludicrous to expect Bishay to maintain two actions in two separate courts, regarding the same relief sought.

    Moreover, Bishay notes that AAA's Motion is flawed because it failed to include the required Certification pursuant to Local Rule 7.1(A)(2), and that counsel for AAA also failed to confer with Bishay prior to filing said Motion, as required by this Court's Rule.

    Before Bishay turns to the additional analysis presented by AAA, Bishay notes the

remarkable intentional avoidance by AAA of the central issue herein. In that, AAA could have challenged the allegations made by Bishay that Dubois delivered to him awards neither prepared nor executed by the designated arbitrators in the case, pursuant to the sworn, authentication statements appearing above each signature line in each award (see Bishay's Application and related exhibits previously filed with this Court). To this end, and if AAA thought that Bishay's allegations of *corruption, fraud or undue means* were unfounded, AAA had ample time to obtain separate sworn affidavits from the three arbitrators in the case, to show that the awards delivered to Bishay were in fact prepared and executed by each designated arbitrator, as required and so stated above each signature, but it did not (because it could not).

Since AAA cannot deny that Dubois indeed delivered the purported awards to Bishay, of which Bishay demonstrated in the Application he filed with this Court that some or all of these purported awards were neither prepared nor executed by the respective arbitrators in this case -- as specifically required by the sworn authenticity statements appearing therein -- Bishay now says that AAA's argument defies logic and commonsense, insofar as no entity, including AAA, is immune from the specific relief and remedy available to claimants such as Bishay, under any other law or theory, which supercedes U.S. Arbitration Act Title 9 & M.G.L. Chapter 251, Sections 12 and 15, given the same circumstances demonstrated herein. To this end, Bishay contends that he adequately demonstrated that the purported awards were, in fact, not authentic and otherwise *procured through corruption, fraud or undue means*[1], with the full meaning described in U.S. Arbitration Act Title 9 & M.G.L. Chapter 251 Sections 12 and 15.

AAA claims that no "interstate commerce" existed here. The fatal flaw in this argument

---

[1] Incidentally, and as more detailed in Bishay's Opposition to the Respondent Brighton Avenue Associates, LLC's (hereafter "BAA") Motion to also Dismiss Bishay's Application -- "bribing" state and/or city officials, for example, is one of the specific *corruption* schemes previously orchestrated by BAA's founder and majority owner, Mr. Harold Brown, whom Bishay trusts is not a stranger to the court system, particularly during the past three decades -- and the related land mark convictions issued during that period of time – as reflected in the attached exhibits to Bishay's Opposition to BAA's Motion to Dismiss.

3

is that AAA cannot deny the fact that Bishay, a Massachusetts resident, paid AAA, a New York corporate entity, certain fees in exchange for delivering specific services (and neither Bishay nor any claimant that hires AAA to provide such services contemplates receiving an award, or awards, which are not authentic and otherwise bogus). In fact, the caption herein identifies AAA as "*Dispute Resolution Service Worldwide*", such description was not, and is not now, a figment of Bishay's imagination but, rather, it is AAA's own description of the services it provides – not for charity, but for a fee, which can only be viewed herein as a transaction, which is not but "commerce" between two parties in the form of service to be provided in exchange for payment.

Next, AAA argues that it is immune from being subject to the only lawful relief available under the circumstances of *procuring an award through corruption, fraud or undue means*. It is preposterous, to say the least, that AAA should now expect this Court to totally absolve it and its personnel if a victim, such as Bishay in this case, received a bogus award otherwise not prepared or executed by the designated arbitrator, but fabricated, directly or indirectly, by AAA's personal or in concert with some other conspirer such as the Respondent in this case, for example.

Relying on the only law available to this Court and the equity with which this Court must be guided, the *Prayer For Relief* sought by Bishay, which is found at the last page of his Application, is limited to the below specific requests -- and, therefore, it would be inappropriate of Bishay to now look to a party other than AAA in connection with the annulment of these bogus awards Dubois delivered to Bishay, AAA now seems to suggest. Consistent with such available relief, Bishay only requested this Court to:

    a. *Vacate the Interim & Final Awards in this case* -- according to the relief and remedy available in the applicable law;

4

b. *<u>Direct AAA to refund Bishay's share of fees paid to date[2], his attorney's fees and out of pocket costs incurred in connection with the AAA proceedings</u>* -- as Bishay should not be expected to pay for awards which were procured *through corruption, fraud or undue means*, delivered to Bishay by AAA's personnel;

c. *<u>Schedule either a bench or a jury trial before this Cour[3]t, to resolve the subject contract dispute originally assigned to AAA</u>* -- as Bishay should not be expected to have faith in yet additional personnel employed by AAA; and

d. *<u>Grant any other relief this Court deems just and/or appropriate</u>* -- as this Court may have other independent obligations stemming from further discovery in this matter.

[Explanations provided at the end of each request above is added for clarification only]

WHEREFORE, for all the reasons set forth above as well as the Application-Complaint filed with this Court, Bishay respectfully requests this Court to <u>deny</u> AAA's Motion to Dismiss.

Respectfully submitted

Bahig F. Bishay,
Pro se

Dated this 25th day of October, 2005

Bahig F. Bishay
163 Blue Hill Drive
Westwood, MA 02090
Phone: 781.326.3310
Fax: 781.326.6690

---

[2] While as a matter of equity Bishay believes he is entitled to the refund of his direct expenses based on the fact that he received nothing to justify said fees, net of certain amounts already returned to Bishay by BAA in the aggregate sum of $48,741.90 – in the unlikely event the Court found that Bishay is not entitled to the refund of such fees -- the Court should grant the balance of the Prayer For Relief sought herein in any event.

[3] Bishay would also be satisfied if this Court referred the matter to another arbitration firm, but not AAA.

5

## CERTIFICATE OF SERVICE

I hereby certify that I served true and accurate copy of this document on all counsels of record, by First Class Mail, pre-paid postage, this day 25th October, 2005.

_____
Bahig Bishay