UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAHIG F. BISHAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-11771-NMG |
| | ) |
| AMERICAN ARBITRATION ASSOCIATION | ) |
| and BRIGHTON AVENUE ASSOCIATES, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ADDENDUM TO AMERICAN ARBITRATION ASSOCIATION'S MOTION TO DISMISS TO RAISE NEWLY ARISEN DEFENSE OF RES JUDICATA

On or about October 11, 2005, the Defendant, American Arbitration Association

("AAA"), moved to dismiss the Plaintiff's Complaint against the AAA.  In addition to the

reasons set forth in that Motion to Dismiss (Document #6) and supporting Memorandum of Law

(Document #7),[1]/ the recent Decision and Order of the Massachusetts Superior Court for Suffolk

County, a copy of which is attached hereto as Exhibit A, requires that this case be dismissed for

yet another reason:  the doctrine of res judicata or claim preclusion.  In support of this newly

arisen res judicata argument, the AAA states as follows:

      1)      On or about August 27, 2005, the Plaintiff pro se filed the instant "Application-

Complaint" against the AAA and co-defendant Brighton Avenue Associates, LLC ("BAA")

seeking, under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), to vacate an arbitration

---

[1]/In its Motion and Memorandum, the AAA argues that the Complaint should be dismissed: 1) for lack of
federal jurisdiction; 2) under the doctrine of arbitral immunity; and 3) because the AAA's rules, to which the
Plaintiff is contractually bound, provide that the AAA cannot be a party to this action.

award that was the result of an arbitration conducted under the AAA's auspices.

2)    On or about September 1, 2005, the Plaintiff filed a virtually identical "Application-Complaint" in the Massachusetts Superior Court for Suffolk County. A true and accurate copy of the Plaintiff's Superior Court Complaint is attached hereto as Exhibit B. The Plaintiff brought the Superior Court Complaint against the same parties as this suit (the AAA and BAA), and sought the same remedy he seeks here (the vacation of the arbitration award), under the same statute (the FAA).[2/] See Exhibit B.

3)    The AAA filed a motion to dismiss the Superior Court Complaint, which, with the exception of the lack of federal jurisdiction grounds, contained the same arguments for dismissal stated in the AAA's Motion to Dismiss pending before this Court – that is, arbitral immunity and the fact that the Plaintiff was contractually prohibited from bringing a claim to vacate an arbitration against the AAA.

4)    After a January 31, 2006 hearing on the issue, on or about February 7, 2006, the Superior Court (Muse, *J.*) issued a Decision and Order, allowing the AAA's motion to dismiss in full. See Exhibit A. In addition, the Superior Court confirmed the arbitration award in BAA's favor and denied the Plaintiff's motion to vacate that award, completely resolving all of the Plaintiff's state court claims. Id.

5)    Based on these facts, res judicata requires that the instant action be dismissed. The doctrine of res judicata, also known as claim preclusion, promotes the goals of fairness and efficiency by preventing vexatious or repetitive litigation. Caballero-Rivera v. The Chase Manhattan Bank, N.A., 276 F.3d 85, 86 (1st Cir. 2002), cert. denied, 536 U.S. 905, 122 S. Ct.

---

[2/]In addition to the FAA, the Plaintiff's Superior Court Complaint was based on the Massachusetts Uniform Arbitration Act, Mass. Gen. L. c. 251, § 1 et seq. See Exhibit B.

2359, 153 L. Ed. 2d 181 (2002). Res judicata embodies "'a fundamental precept of common-law adjudication' which holds that a claim or issue which parties had a full and fair chance to litigate should, after judgment, forever be put to rest as between those parties." 18 Moore's Federal Practice, § 131.12[1] (Matthew Bender 3d ed.) (quoting Montana v. United States, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979)).

6)    "A claim will be precluded by res judicata if the following elements are demonstrated: (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits."[3] Caballero-Rivera, 276 F.3d at 86-87 (internal citations and quotations omitted).

7)    The AAA can easily demonstrate each of the elements necessary for application of res judicata here. The Plaintiffs' Superior Court Complaint and his instant Complaint assert identical claims against identical parties. Compare Exhibit B with instant Application-Complaint. Moreover, in resolving all of the Plaintiff's claims by granting the AAA's motion to dismiss based on both arbitral immunity and contractual grounds, allowing BAA's motion to confirm the arbitration award and denying the Plaintiff's motion to vacate that award (see Exhibit A), the Superior Court plainly entered a final judgment on the merits of the Plaintiff's claims. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978) (holding that a final judgment "is one which ends the litigation on the merits and leaves

---

[3]Despite the Caballero-Rivera's Court's use of the terms "earlier suit" and "later suit" to distinguish between the case that is the basis for applying claim preclusion and the case that may be precluded, "the filing and completion of the cases need not be sequential. A case filed at the same time or even later than another case may still be the basis for preclusion. Two cases may proceed simultaneously towards judgment, the case first reaching final judgment becoming the basis for precluding the other case . . . . This rule is consistently followed in the federal courts." 18 Moore's at § 131.31[2] (and cases and other authorities cited therein).

nothing for the court to do but execute the judgment"). Hence, res judicata precludes the Plaintiff from pursuing the claims set forth in this action.

For this and all of the reasons set forth in its Motion to Dismiss and supporting Memorandum of Law, the AAA respectfully requests that the Plaintiff's Complaint as it relates to the AAA be dismissed in its entirety.

Respectfully submitted,

AMERICAN ARBITRATION ASSOCIATION

By its attorneys,

s/John M. Simon
Kay H. Hodge (BBO# 236560)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller, LLP
99 High Street
Boston, MA 02110
(617) 542-6789

Dated: February 13, 2006

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 13, 2006.

s/John M. Simon
John M. Simon

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 05-03746

### BAHIG F. BISHAY

notice sent
2/9/06
J.S.S.
R  F
K  H  H
J  M  S
S  C  M
B.F.B.

(mm)

### vs.

### AMERICAN ARBITRATION ASSOCIATION and another[1]

### DECISION AND ORDER
### ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Bahig F. Bishay, ("Bishay") complains that an arbitration award issued by a panel of three (3) arbitrators, and administered by the American Arbitration Association ("AAA"), must be vacated because it was issued in violation of G. L. c. 215, § 12(a)(1) because the award was "procured by corruption, fraud, or undue means." Bishay's sole relevant factual allegation to support his complaint is that the signature of one of the arbitrators, Carla Cox, was affixed to the award by someone other than Cox. His evidence of this is his statement that there are apparent discrepancies among several of Cox's signatures on the various arbitration documents.

The court notes that Bishay did not present any competent (i.e. expert) evidence at the hearing to support his claim, despite his representation to the court that he had consulted with an expert. Further, an examination by the court of the several signatures did not reveal anything alarming, or even suggestive of forgery. Moreover, counsel for respondent, Brighton Avenue Associates, LLC. ("Brighton Avenue"), correctly points out that even if Cox's signature is questionable, the signatures of the other two arbitrators are not; and, under the AAA's rules, the

---

[1]     Brighton Avenue Associates, LLC.

finding of a majority of the arbitrators (two out of three) supports the award.[2]

Finally, the court recognizes that AAA, by its own rules and the doctrine of arbitral immunity, is exempt from suit. Bishay and Brighton Avenue bound themselves to rules that clearly stated: "[n]either AAA nor any arbitrator. . . is a necessary or proper party in judicial proceedings relating to the arbitration;" and "neither AAA nor any arbitrator shall be liable to any party in any action. . . in connection with any arbitration under these rules." These rules echo the principles of the doctrine of arbitral immunity, through which courts have acknowledged that sponsor arbitrators, such as AAA, are not proper parties to actions challenging the arbitration. See e.e. New England Cleaning Services, Inc. v. AAA, 199 F.3d 542, 545 (1st. Cir., 1999).

## ORDER

For the foregoing reasons, AAA's Motion to Dismiss is **ALLOWED**; Brighton Avenue's Motion to Confirm is **ALLOWED**, and Bishay's Motion to Vacate is **DENIED**.

Christopher J. Muse
Justice of the Superior Court

DATED: February 7, 2006

---

[2]    In light of the lack of competent reliable evidence of forgery and the correct argument that a majority of the arbitrators unquestionably found against Bishay, the court need not address Brighton Avenue's arguments about the procedural inadequacies of Bishay's motion.

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

Superior Court
Civil Action No.

| | |
|---|---|
| BAHIG F. BISHAY,<br>    Claimant<br>        v.<br><br>AMERICAN ARBITRATION ASSOCIATION,<br>    Dispute Resolution Service Worldwide;<br><br>and<br><br>BRIGHTON AVENUE ASSOCIATES, LLC.,<br>    Respondent | In re American Arbitration Association<br>Case No. 11 115 Y 01777 03 |

## APPLICATION-COMPLAINT PURSUANT TO U.S. ARBITRATION ACT TITLE 9 & M.G.L. CHAPTER 251, SECTION 12 AND 15

### INTRODUCTION & PARTIES

1.      This application-complaint[1] (hereafter the "Application") arises out of recent arbitrators' awards (hereafter the "Awards") delivered to Claimant Bahig F. Bishay (hereafter "Bishay") with a residence at 163 Blue Hill Drive, Westwood, Massachusetts. Said Awards, and particularly the so-called Final Awards (hereafter the "Final Awards"), were delivered to Bishay in June 2005 by the American Arbitration Association's personnel (hereafter "AAA"), with a Northeast Case Management Center located at 950 Warren Avenue, E. Providence, Rhode Island, and with headquarters located at 335 Madison Avenue, New York City, New York.

---

[1] As confirmed in the attached Motion, Bishay advised this Court that on August 26, 2005, Bishay filed a similar Application in the US District Court, District of Massachusetts – and that the filing of the Application with this Court is intended to protect Bishay's interest in the event it is determined that the US District Court lacked jurisdiction well after the 30-days required by M.G.L. Chapter 251, Section 12(b) expired.

SEP. 14. 2005  6:51PM    AMERICAN ARBITRATION Assoc.        NO. 6373   P. 6

Case 1:05-cv-11772-NMG    Document Assoc.    Filed 02/13/2006    Page 2 of 42 6/46

2.      Therefore, and pursuant to the U.S. Arbitration Act Title 9, U.S.C. Section 10(a)(1), which states as follows:

> *In any of the following cases the United States court in and for the district wherein the award was made may make an order <u>vacating the award</u> upon the application of any party to the arbitration ... where the award was procured by <u>corruption, fraud,</u> or <u>undue means</u>*" (emphasis added); and

M.G.L. Chapter 251, Section 12(a)(1), which states as follows:

> *Upon application of a party, the court shall <u>vacate an award</u> if the award was procured by <u>corruption, fraud</u> or <u>undue means</u>...*" (emphasis added)

Claimant Bishay submits that one or more of the Awards delivered by AAA, and annexed hereto, was/were procured by *<u>corruption, fraud</u>* or *<u>undue means,</u>* as evident by one or more Award[s] not executed by the designated Arbitrators, namely: Carla S. Cox, who also served as the Chairperson during the subject arbitration proceedings; Charles J. Speleotis; and Paul Peter Nicolai.

3.      Based on the evidence of apparent tampering, corruption, fraud and undue means, which are illustrated by offering herein what appears to be Cox's authentic signature affixed to her Ruling on Claimant's Request for Clarification of Discovery Scheduling Order dated August 23, 2004, which is annexed hereto as Exhibit A; what appears to be Cox's authentic signature affixed to her Interim Award dated January 12, 2005, which is annexed hereto as Exhibit B; what appears to be her authentic signature affixed to her Ruling on Respondent's Motion to Stay Implementation of Interim Award dated March 16, 2005, which is annexed hereto as Exhibit C; what appears to be her authentic signature affixed to her Ruling on Claimant's Motion for Clarification of Interim Award dated March 16, 2005, which is annexed hereto as Exhibit D; what appears to be her authentic signature affixed to her Ruling on Respondent's Motion to Postpone Hearing on the Paragraph 22 Claim dated March 16, 2005, which is annexed hereto as Exhibit E; and what after recent examination is determined to be a <u>different</u> handwriting of a

SEP. 14. 2005  6:54PM    AMERICAN ARBITRATION Assoc.           NO. 6373   P. 7

Case 1:05-cv-11777-NMG   Document 13-3   Filed 02/13/2006   Page 3 of 42   NO. 6128   P. 1/46

signature affixed to what AAA's Case Manager Paula C. Dubois purported to be Cox's Final Award dated June 16, 2005, annexed hereto as Exhibit F – the stark disparity between Cox's apparently authentic signatures reflected in Exhibits: A, B, C, D and E, on one hand, and the signature purported by Dubois to be Cox's signature, which appears in Exhibit F herein, on the other hand -- noting that Exhibit F represents the most significant Award in the case, which Bishay expected would exceed $5.0 million in cash assessed against the Respondent – now begs the inescapable conclusion that Cox's purported signature affixed to the Final Award dated June 16, 2005, reflected in Exhibit F herein, is indeed not Cox's signature; and Exhibit F is accordingly presumed not to be Cox's Final Award.  Bishay, therefore, submits that corruption, fraud and undue means have adequately been established herein, with the full meaning intended in the U.S. Arbitration Act Title 9, U.S.C. Section 10(a)(1) and M.G.L. Chapter 251, Section 12(b).

4.    Based on the foregoing, this Court ought not permit AAA, or the Respondent, for that matter, any wiggle room as to whether a single or multiple event[s] of corruption, fraud and/or undue means has/have already been unearthed as of this date, to satisfy Bishay's obligations pursuant to U.S.C Section 10(a)(1) and M.G.L. Chapter 251, Section 12(b) in connection with the subject arbitration proceedings -- as Bishay expects the Respondent might seek in an attempt to exonerate AAA's Case Manager Paula C. Dubois from such acts -- which this Court ought not distinguish from common-law fraud, corruption and undue means intended to deprive Bishay from receiving more than $5.0 million -- because each Arbitrator in this case was aware and willingly accepted the duty of executing his/her respective Award, individually, as confirmed by the clear and unambiguous language, specifically appearing above each Arbitrator's signature, as follows:

*"I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award";*

*"I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am   the individual described in and who executed this instrument which is my Award"; and*

*"I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award. "*
[Emphasis added]

## RELEVANT FACTS

5.      On January 12, 2001, Claimant Bishay entered into an agreement with Respondent Brighton Avenue Associates, LLC., (hereafter "BAA") and its owners: Harold Brown, Enrique Darer and Carl Valeri (hereafter the "Agreement").  Said Agreement contained certain formula which allowed Bishay to own up to 25% of BAA, and also obligated BAA and its owners to pay Bishay another $5.0 million in cash upon securing permits to build either 200+ housing units, or an additional 190,000 square feet of commercial space on top of approximately 60,000 square feet of existing retail space at the site known as 1095 Commonwealth Avenue, Boston.

6.      Despite certain prerequisites met by Bishay, BAA refused to allow Bishay to own any interest in BAA.  Moreover, and instead of proceeding with the required diligence to secure the permits and pay Bishay another $5.0 million in cash, BAA devoted its efforts and resources to fight Bishay every step of the way, and self-induced superficial obstacles to avoid securing the required permits and pay Bishay $5.0 million in cash.

7.      Because the Agreement required the parties to resolve such disputes through the American Arbitration Association (hereafter "AAA"), in August 2003, Bishay paid AAA the initial $10,000 administrative fee; submitted his request for arbitration; and paid AAA half of its Arbitrators' fees through June, 2005, as required by the Agreement.

4

8.      In 2004, both Bishay and BAA agreed that a panel of three arbitrators would sit-in to review the evidence, hear testimony, and return three separate awards. The first Award dealt with Bishay's equity in BAA of up to 25%, and is entitled the "*Interim Award*", and the second Award dealt with BAA's obligations to pay Bishay $5.0 million in cash, and is entitled the "*Final Award*".

9.      Based on the foregoing, Bishay now submits that one or more Award[s] delivered to him by AAA's personnel was/were not the Awards[s] executed by the respective Arbitrator[s], and otherwise procured by corruption, fraud or undue means.

10.     Despite the strong likelihood of this Court's confirmation of corruption, fraud or undue means in connection with the procurement of the subject Awards, based on the evidence presented herein, in the recent weeks, AAA and its Arbitrators refused to make available to Bishay true and accurate copies of the Arbitrators' notes taken during the proceedings; their individual analysis made during the same proceedings; copies of the actual individual Awards which each Arbitrator presumably signed and retained copy of same, which Bishay believes are not the same Awards delivered to Bishay by AAA's Case Manager Paula C. Dubois; and all written communications between AAA and the three Arbitrators – all of which were fully paid for by Bishay and BAA, and Bishay was indeed entitled to request pursuant to AAA's Rule 47, as reflected in Exhibit I mentioned in Paragraph 12 below.

11.     While the most obvious bogus award is Cox's, Bishay expects that the same perpetrator who prepared and signed Cox's Final Award also prepared and signed either Speleotis' Award or Nicolai's Award, or both, which re annexed hereto as Exhibits G and H.

12.     While Bishay believes that the unearthing of one event of corruption, fraud or undue means is more than adequate proof to vacate the Awards in this case pursuant to U.S.C.

Section 10(a)(1) of U.S. Arbitration Act Title 9 and M.G.L. Chapter 251, Section 12(b) -- should this Court, however, deem it appropriate to further investigate one or more Award[s] in the same case, Bishay respectfully requests this Court to direct AAA and its three Arbitrators to deliver to him the specific material Bishay already requested from AAA and its three Arbitrators by four letters dated July 21, 2005 and July 22, 2005, copies of which are annexed hereto as Exhibits: I, J, K and L.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Bishay expects that this Court will not tolerate the existence of a single act of corruption, fraud and undue means in this case, and therefore requests the Court to issue an order after hearing, granting the following relief:

a. Vacate the Interim & Final Awards in this case;

b. Direct AAA to refund Bishay's share of fees paid to date, his attorney's fees and out of pocket costs incurred in connection with the AAA proceedings;

c. Schedule either a bench or a jury trial before this Court, to resolve the subject contract dispute originally assigned to AAA; and

d. Grant any other relief this Court deems just and/or appropriate.

Respectfully submitted

Bahig F. Bishay,
Pro se

Dated this 3/st day of August, 2005

Bahig F. Bishay
163 Blue Hill Drive
Westwood, MA 02090
Phone: 781.326.3310
Fax: 781.326.6690

## VERIFICATION

I, Bahig F. Bishay, hereby depose and say that: I am the Claimant in the above captioned matter. I reside at 163 Blue Hill Drive, Westwood, Massachusetts 02090. I have read the foregoing Application, and am familiar with the details of the issues raised herein. The information submitted above is true, to the best of my knowledge, except as to matters herein stated to be alleged upon information and belief, reasonable presumptions, and/or conclusions.

Bahig Bishay

## CERTIFICATE OF SERVICE

I hereby certify that I caused true and accurate copies of this document together with all attached exhibits and summons to be served upon AAA and BAA by depositing same into the hands of Civil Processor, and by First Class Mail to Arbitrators Cox, Speleotis and Nicolai, this day **3rd**, August, 2005.

Bahig Bishay

# EXHIBIT-A

# AMERICAN ARBITRATION ASSOCIATION
## Arbitration Tribunal

In the Matter of the Arbitration between )

Bahig Bishay )

              Claimant )

Brighton Avenue Associates, LLC, Harold Brown, )
Enrique Darer and Carl Valeri )

           Respondents )

Re: 11 Y 115 01777 03

## RULING ON CLAIMANT'S REQUEST FOR CLARIFICATION OF DISCOVERY SCHEDULING ORDER

We, **THE UNDERSIGNED ARBITRATORS**, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, (the "P&S") and having been duly sworn, and having considered the parties' various electronic communications to the case administrator dated August 17, 2004, rule as follows:

1. The Discovery Scheduling Order dated June 10, 2004, resulted from a preliminary hearing conducted by telephone on June 7, 2004, at which all parties were present through their counsel, and during which all counsel discussed all discovery deadlines, and each counsel was free to object to any particular dates and suggest alternative deadlines.

2. Inasmuch as the Discovery Scheduling Order was the result of the agreements reached by all counsel during the preliminary telephonic conference, and there has been no showing by the Claimant that the discovery schedule as established by the Discovery Scheduling Order is unfair, prejudicial or otherwise objectionable, it shall stand as issued: "All Responses and objections to Requests for Production of Documents shall be submitted no later than October 15, 2004."

Dated: August 23, 2004

Carla S. Cox
Panel Chair, for the panel

# EXHIBIT-B

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03

Bahig Bishay                         ("Claimant")
and
Brighton Avenue Associates, LLC      ("Respondent")

## INTERIM AWARD OF ARBITRATORS ON CLAIM UNDER PARAGRAPH 20 OF THE PARTIES' CONTRACT

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, ("P&S") and having been duly sworn, and having considered the evidence adduced by the parties at the hearings on the Claimant's claim under Paragraph 20 of the P&S, and having duly deliberated, hereby Find and Award as follows:

### Findings

1. Respondent failed to use its "best efforts to enter into leases . . . (with) third party tenants no later than December 1, 2001" as required by Paragraph 20 of the P&S.

2. Had Respondent used its best efforts to enter into leases with third party tenants as provided in the P&S, it would have entered into one or more leases generating rent payments in or before December, 2001.

3. The terms of the "Winvest lease" actually entered into by the Respondent for the Premises provide the appropriate basis upon which to calculate the amount of Claimant's equity ownership in the Respondent.

4. There shall be no adjustment in the calculation for the cost of the improvements made by Winvest.

5. Using the mathematical formula set forth in Paragraph 20 of the P&S applied to the rent figures from the Winvest Lease, Claimant is entitled to 2.8% ownership interest in the Respondent, commencing on January 1, 2002, calculated as follows:

| | |
|---|---|
| Gross rent (57,156 SF x $18.25) | $1,043,097.00 |
| Less: | |
| 2% vacancy | 20,861.00 |
| 3% management | 31,292.91 |
| $.1 psf capital reserve | 5,715.00 |
| Brokerage $401,720 / 20yrs | 20,089.00 |
| Net rent | $ 965,139.09 |

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03

Babis Biahay ("Claimant")
and

Brighton Avenue Associates, LLC ("Respondent")

---

Annualized net rent: $965,139.09 x 10 = $9,651,391.00

$$\frac{9,380,000.00}{9,651,391.00} = 97.2\% \qquad 100\% \text{ less } 97.2\% = 2.8$$

### Award

1. Claimant is awarded a 2.8% interest as a Member of Respondent as of January 1, 2002.

2. Respondent shall pay to Claimant Fifty Three Thousand Eight Hundred Sixty Dollars and Zero Cents ($53,860.00) as his share of the net distributions to members made in 2002 and 2003 ($1,923,605.00 x 2.8%), plus interest at 12% per annum since August 5, 2003 until the date of payment.

3. Respondent shall pay to Claimant 2.8% of the net distributions to members for the year 2004 and subsequent years, at the same time and in the same manner as it pays all other members of Respondent.

4. The panel has not considered any matters outside of Paragraph 20 of the P&S.

5. The administrative fees of the American Arbitration Association ("the Association"), to date, totaling $14,600.00 and the compensation and expenses of the arbitrators, to date totaling $34,141.90 shall be borne by Respondent. Therefore, Respondent shall pay to Claimant the sum of $35,020.00, representing its share of amounts previously advanced to the Association. Respondent shall also pay to the Association the sum of $13,721.90, representing amounts still due the Association. These amounts reflect all payments made to date.

6. The above sums are to be paid on or before 45 days from the date of this Award.

This Award shall remain in full force and effect until such time as a final Award is rendered.

1-12-05
Date

Ms. Carla S. Cox

Date

Charles J. Speleotis

Date

Paul Peter Nicolai

2

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
    Babig Bishay                        ("Claimant")
    and
    Brighton Avenue Associates, LLC        ("Respondent")

I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date    1-12-05

_____
Ms. Carla S. Cox

I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date

_____
Charles J. Speleotis

I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date

_____
Paul Peter Nicolai

3

# EXHIBIT-C

## AMERICAN ARBITRATION ASSOCIATION
### Arbitration Tribunal

In the Matter of the Arbitration between )    Re: 11 Y 115 01777 03

Bahig Bishay )

)    **RULING ON RESPONDENTS**
)    **MOTION TO STAY**
)    **IMPLEMENTATION OF**
)    **INTERIM AWARD**

Brighton Avenue Associates, LLC )

                              Respondent )

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, (the "P&S") and having been duly sworn, and having considered the *Respondent's Motion to Stay Implementation of Interim Award* and having read and considered the Claimant's Response Memorandum, rule and ORDER as follows:

1. The Motion is denied.


Dated: March 16, 2005


Carla S. Cox, for the panel

# EXHIBIT-D

## AMERICAN ARBITRATION ASSOCIATION
### Arbitration Tribunal

In the Matter of the Arbitration between )
)
Bahig Bishay )
)
)
)
Brighton Avenue Associates, LLC )
)
Respondent )

Re: 11 Y 115 01777 03

### RULING ON CLAIMANT'S MOTION FOR CLARIFICATION OF INTERIM AWARD

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, (the "P&S") and having been duly sworn, and having considered the *Claimant's Motion for Clarification of the Interim Award* and having read and considered the Respondent's Response Memorandum, rule and ORDER as follows:

1. The Motion is allowed, and the Interim Award is clarified as set forth herein.
2. The panel specifically finds that the Respondent did not violate M.G.L. chapter 93A.

Dated: March 16, 2005

Carla S. Cox, for the panel

# EXHIBIT-E

## AMERICAN ARBITRATION ASSOCIATION
### Arbitration Tribunal

| | |
|---|---|
| In the Matter of the Arbitration between )<br><br>Bahig Bishay )<br><br>)<br><br>)<br><br>)<br>Brighton Avenue Associates, LLC )<br><br>)<br>        Respondent ) | Re: 11 Y 115 01777 03<br><br>**RULING ON RESPONDENTS<br>MOTION TO POSTPONE<br>HEARINGS ON THE<br>PARAGRAPH 22 CLAIM** |

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, (the "P&S") and having been duly sworn, and having considered the *Respondent's Motion to Postpone the Hearings on the Paragraph 22 Claim*, and having read and considered the Claimant's Response Memorandum, rule and ORDER as follows:

1. The Panel understands the thrusts of Claimant's claim under Paragraph 22 of the P&S to be (a) the Respondent has already breached its obligations to Claimant as set forth in that Paragraph, and (b) there is no credible basis upon which to conclude that, with a delay until January, the Respondent would reverse the alleged breach and make the Claimant whole.

2. Therefor, the panel is not persuaded that there is a good reason to postpone the hearings until after January, 2006, and the Motion is denied.

Dated: March 16, 2005

_____
Carla S. Cox, for the panel

# EXHIBIT-F

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
    Bahig Bishay                       ("Claimant")
    and
    Brighton Avenue Associates, LLC        (Respondent")

---

## FINAL AWARD OF ARBITRATORS

WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into by the above-named parties and dated January 12, 2001, (the "Contract") and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated January 19, 2005, concerning the Claims under Paragraph 20 of the Contract, do hereby issue this FINAL AWARD concerning the Claims under Paragraph 22 of the Contract, as follows:

1.   We find for the Respondent on all Claims under Paragraph 22.

2.   The Interim Award dated January 19, 2005 is hereby incorporated into this Final Award of Arbitrators.

3.   The administrative fees of the American Arbitration Association incurred after the Interim Award totaling $750.00 and the compensation and expenses of the arbitrators incurred after the Interim Award totaling $34,897.40 shall be borne equally and have been paid.

4.   This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

_6-16-05_
Date

_Carla S. Cox_
Carla S. Cox

_____
Date

_____
Charles J. Speleotis

_____
Date

_____
Paul Peter Nicolai

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
    Bahig Bishay               ("Claimant")
    and
    Brighton Avenue Associates, LLC    (Respondent")

I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_6-16-05_
Date

_Carla S. Cox_
Carla S. Cox

I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date

_____
Charles J. Speleotis

I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date

_____
Paul Peter Nicolai

2

# EXHIBIT-G

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
    Bahig Bishay                    ("Claimant")
    and
    Brighton Avenue Associates, LLC    ("Respondent")

## INTERIM AWARD OF ARBITRATORS ON CLAIM UNDER PARAGRAPH 20 OF THE PARTIES' CONTRACT

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, ("P&S") and having been duly sworn, and having considered the evidence adduced by the parties at the hearings on the Claimant's claim under Paragraph 20 of the P&S, and having duly deliberated, hereby Find and Award as follows:

### Findings

1. Respondent failed to use its "best efforts to enter into leases . . . (with) third party tenants no later than December 1, 2001" as required by Paragraph 20 of the P&S.

2. Had Respondent used its best efforts to enter into leases with third party tenants as provided in the P&S, it would have entered into one or more leases generating rent payments in or before December, 2001.

3. The terms of the "Winvest lease" actually entered into by the Respondent for the Premises provide the appropriate basis upon which to calculate the amount of Claimant's equity ownership in the Respondent.

4. There shall be no adjustment in the calculation for the cost of the improvements made by Winvest.

5. Using the mathematical formula set forth in Paragraph 20 of the P&S applied to the rent figures from the Winvest Lease, Claimant is entitled to 2.8% ownership interest in the Respondent, commencing on January 1, 2002, calculated as follows:

| | |
|---|---|
| Gross rent (57,156 SF x $18.25) | $1,043,097.00 |
| Less: | |
| 2% vacancy | 20,861.00 |
| 3% management | 31,292.91 |
| $.1 psf capital reserve | 5,715.00 |
| Brokerage $401,780 / 20yrs | 20,089.00 |
| Net rent | $ 965,139.09 |

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
Bahig Bishay
and                                   ("Claimant")

Brighton Avenue Associates, LLC
                                      ("Respondent")

Annualized net rent: $965,139.09 x 10 = $9,651,391.00

$$\frac{9,380,000.00}{9,651,391.00} = 97.2\%$$      100% less 97.2% = 2.8

## Award

1. Claimant is awarded a 2.8% interest as a Member of Respondent as of January 1, 2002.

2. Respondent shall pay to Claimant Fifty Three Thousand Eight Hundred Sixty Dollars and Zero Cents ($53,860.00) as his share of the net distributions to members made in 2002 and 2003 ($1,923,605.00 x 2.8%), plus interest at 12% per annum since August 5, 2003 until the date of payment.

3. Respondent shall pay to Claimant 2.8% of the net distributions to members for the year 2004 and subsequent years, at the same time and in the same manner as it pays all other members of Respondent.

4. The panel has not considered any matters outside of Paragraph 20 of the P&S.

5. The administrative fees of the American Arbitration Association ("the Association"), to date, totaling $14,600.00 and the compensation and expenses of the arbitrators, to date totaling $34,141.90 shall be borne by Respondent. Therefore, Respondent shall pay to Claimant the sum of $35,020.00, representing its share of amounts previously advanced to the Association. Respondent shall also pay to the Association the sum of $13,721.90, representing amounts still due the Association. These amounts reflect all payments made to date.

6. The above sums are to be paid on or before 45 days from the date of this Award.

This Award shall remain in full force and effect until such time as a final Award is rendered.

Date

_Jan. 19, 2005_
Date

                                      Ms. Carla S. Cox

                                      _Charles J. Speleotis_
                                      Charles J. Speleotis

Date                                  Paul Peter Nicolai

2

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
    Bahig Bishay                          ("Claimant")
    and
    Brighton Avenue Associates, LLC       ("Respondent")

I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____        _____
    Date                              Ms. Carla S. Cox

I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_Jan. 19, 2005_        _____
    Date                              Charles J. Speleotis

I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____        _____
    Date                              Paul Peter Nicolai

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03

Bahig Bishay
and                                ("Claimant")

Brighton Avenue Associates, LLC

                                   (Respondent")

# FINAL AWARD OF ARBITRATORS

WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into by the above-named parties and dated January 12, 2001, (the "Contract") and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated January 19, 2005, concerning the Claims under Paragraph 20 of the Contract, do hereby issue this FINAL AWARD concerning the Claims under Paragraph 22 of the Contract, as follows:

1.     We find for the Respondent on all Claims under Paragraph 22.

2.     The Interim Award dated January 19, 2005 is hereby incorporated into this Final Award of Arbitrators.

3.     The administrative fees of the American Arbitration Association incurred after the Interim Award totaling $750.00 and the compensation and expenses of the arbitrators incurred after the Interim Award totaling $34,897.40 shall be borne equally and have been paid.

4.     This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

_____
Date

_June 17, 2005_
Date

_____
Carla S. Cox

_____
Charles J. Speleotis

_____
Date

_____
Paul Peter Nicolai

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
Bahig Bishay                                    ("Claimant")
and
Brighton Avenue Associates, LLC                 (Respondent")

---

I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____                    _____
        Date                                      Carla S. Cox

I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

*June 17, 2005*                            *Charles J. Speleotis*
        Date                                      Charles J. Speleotis

I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____                    _____
        Date                                      Paul Peter Nicolai

2

# EXHIBIT-H

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03

Bahig Bishay
and                                    ("Claimant")

Brighton Avenue Associates, LLC        ("Respondent")


## INTERIM AWARD OF ARBITRATORS ON CLAIM UNDER PARAGRAPH 20 OF THE PARTIES' CONTRACT

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into between the above-named parties dated January 12, 2001, ("P&S") and having been duly sworn, and having considered the evidence adduced by the parties at the hearings on the Claimant's claim under Paragraph 20 of the P&S, and having duly deliberated, hereby Find and Award as follows:

### Findings

1. Respondent failed to use its "best efforts to enter into leases . . . (with) third party tenants no later than December 1, 2001" as required by Paragraph 20 of the P&S.

2. Had Respondent used its best efforts to enter into leases with third party tenants as provided in the P&S, it would have entered into one or more leases generating rent payments in or before December, 2001.

3. The terms of the "Winvest lease" actually entered into by the Respondent for the Premises provide the appropriate basis upon which to calculate the amount of Claimant's equity ownership in the Respondent.

4. There shall be no adjustment in the calculation for the cost of the improvements made by Winvest.

5. Using the mathematical formula set forth in Paragraph 20 of the P&S applied to the rent figures from the Winvest Lease, Claimant is entitled to 2.8% ownership interest in the Respondent, commencing on January 1, 2002, calculated as follows:

| | |
|---|---|
| Gross rent (57,156 SF x $18.25) | |
| Less: | $1,043,097.00 |
| 2% vacancy | |
| 3% management | 20,861.00 |
| $.1 psf capital reserve | 31,292.91 |
| Brokerage $401,780 / 20yrs | 5,715.00 |
| Net rent | 20,089.00 |
| | $ 965,139.09 |

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03

Bahig Bishay                                   ("Claimant")
and

Brighton Avenue Associates, LLC        ("Respondent")


Annualized net rent: $965,139.09 x 10 = $9,651,391.00

9,380,000.00
9,651,391.00  = 97.2%        100% less 97.2% = 2.8


## Award

1.  Claimant is awarded a 2.8% interest as a Member of Respondent as of January 1, 2002.

2.  Respondent shall pay to Claimant Fifty Three Thousand Eight Hundred Sixty Dollars and Zero Cents ($53,860.00) as his share of the net distributions to members made in 2002 and 2003 ($1,923,605.00 x 2.8%), plus interest at 12% per annum since August 5, 2003 until the date of payment.

3.  Respondent shall pay to Claimant 2.8% of the net distributions to members for the year 2004 and subsequent years, at the same time and in the same manner as it pays all other members of Respondent.

4.  The panel has not considered any matters outside of Paragraph 20 of the P&S.

5.  The administrative fees of the American Arbitration Association ("the Association"), to date, totaling $14,600.00 and the compensation and expenses of the arbitrators, to date totaling $34,141.90 shall be borne by Respondent. Therefore, Respondent shall pay to Claimant the sum of $35,020.00, representing its share of amounts previously advanced to the Association. Respondent shall also pay to the Association the sum of $13,721.90, representing amounts still due the Association. These amounts reflect all payments made to date.

6.  The above sums are to be paid on or before 45 days from the date of this Award.


This Award shall remain in full force and effect until such time as a final Award is rendered.


| Date | Ms. Carla S. Cox |
| --- | --- |
| Date | Charles J. Speleotis |
| 1/4/05<br>Date | Paul Peter Nicolai |

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03

    Bahig Bishay                     ("Claimant")
    and
    Brighton Avenue Associates, LLC     ("Respondent")

I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
    Date

                        _____
                        Ms. Carla S. Cox

I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
    Date

                        _____
                        Charles J. Speleotis

I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

1/11/05
_____
    Date

                        _____
                        Paul Peter Nicolai

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03

Bahig Bishay                    ("Claimant")
and

Brighton Avenue Associates, LLC    (Respondent")

## FINAL AWARD OF ARBITRATORS

WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement entered into by the above-named parties and dated January 12, 2001, (the "Contract") and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated January 19, 2005, concerning the Claims under Paragraph 20 of the Contract, do hereby issue this FINAL AWARD concerning the Claims under Paragraph 22 of the Contract, as follows:

1. We find for the Respondent on all Claims under Paragraph 22.

2. The Interim Award dated January 19, 2005 is hereby incorporated into this Final Award of Arbitrators.

3. The administrative fees of the American Arbitration Association incurred after the Interim Award totaling $750.00 and the compensation and expenses of the arbitrators incurred after the Interim Award totaling $34,897.40 shall be borne equally and have been paid.

4. This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

---
Date

---
Carla S. Cox

---
Date

---
Charles J. Speleotis

**6/16/05**
---
Date

---
Paul Peter Nicolai

In the Matter of the Arbitration between

Re: 11 115 Y 01777 03
Bahig Bishay                                    ("Claimant")
and
Brighton Avenue Associates, LLC                 (Respondent")

I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____                    _____
       Date                                  Carla S. Cox

I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____                    _____
       Date                               Charles J. Speleotis

I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

 6/16/05                              _____
       Date                              Paul Peter Nicolai

# EXHIBIT-I

**Bahig F. Bishay**
163 Blue Hill Drive
Westwood, Massachusetts 02090
Electronic Mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

<u>VIA FACSIMILE & CERTIFIED MAIL</u>

July 21, 2005

Ms. Karen Fontaine, Supervisor
American Arbitration Association
950 Warren Avenue,
East Providence, RI 02914

Re:    <u>Case No. 11 115 Y 01777 03</u>

Dear Ms. Fontaine:

     Pursuant to your letter dated this day, enclosed is my check in the sum of $225.00.  In the interest of efficiency, and to give you a head start in copying the entire Case-file, I am sending this letter via facsimile and also via Certified Mail.

     During our conversation this morning, you indicated that pursuant to Rule 47, I was <u>not</u> entitled to receive copies of the entire file.  With all due respect, however, I pointed out to you that Rule 47 could not be clearer; is totally unambiguous; and required no interpretation, either pursuant to Rule 53 upon which you mistakenly relied, or otherwise.  Suffice it to say that Rule 47 states as follows:

          *"The AAA shall, upon the written request of a party, furnish to the party, at
          the party's expense, certified copies of <u>any papers in the AAA's possession</u>
          that may be required in judicial proceedings relating to the arbitration."*
          [Emphasis added]

     Accordingly, and since there can be no doubt that the AAA is in possession of more than the documents exchanged between the parties, as you so confirmed this morning, and specifically documents relating to the engagement of the arbitrators and the communications between the AAA and the arbitrators relative to the above mentioned Case, that the AAA is unequivocally required by its own rule to make <u>ALL</u> material in its possession available to me, and without further delay, so long as such material relate to Case No. 11 115 Y 01777 03.

     Unless you can cite specific authority to support your earlier statement that communications between the AAA and the arbitrators are somehow privileged, please make available for my pick up at your office the copies of the entire file as soon as possible.  Thank you for your anticipated cooperation.

                                        Sincerely,

                                        Bahig F. Bishay

# EXHIBIT-J

**Bahig F. Bishay**
163 Blue Hill Drive
Westwood, Massachusetts 02090
Electronic Mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

<u>DELIVERED VIA "~~RESTRICTED~~" US MAIL</u>     RESENT BY PRIORITY MAIL

July 22, 2005

Carla S. Cox, Esq.
Handly, Cox & Moorman, PC
9 Abbott Street
Beverley, Massachusetts 01915

Re:     <u>American Arbitration Association, Case No. 11 115 Y 01777 03</u>

Dear Attorney Cox:

Reference is made to the above mentioned Case, where you served as Panel Member (hereafter "Arbitrator"). As Arbitrator, you were required to execute certain documents which included forms entitled Interim and Final Awards (hereafter "Interim Award" & "Final Award").

In said Interim Award and Final Award, the following statement appeared above the signature line:

*"I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award."*

Pursuant to the foregoing, and in my capacity as the Claimant, I hereby request that you examine the attached form entitled *Interim Award of Arbitrator on Claim Under Paragraph 20 of the Parties' Contract*, which contains your purported signature next to your purported hand-writing -- *January 12, 2005*; as well as the attached form entitled *Final Award of Arbitrators*, which contains your purported signature next to your purported hand-writing -- *June 16, 2005*.

Please confirm, with certainty, whether you in fact executed either one of these forms referred to herein as Interim Award and Final Award. Separately, and regardless of your answer to this question, please forward to the undersigned: (a) accurate copies of the Interim Award and Final Award that you know you in fact executed; (b) copies of all your notes, your analysis and your formal or informal decision/opinion which you would've individually authored during the normal course of proceedings in this Case, and for which you would've been fully compensated.

Thank you for your anticipated cooperation, and please feel free to also forward to the undersigned your bill for the time and expenses relating to this time-sensitive request.

Respectfully, I remain ...

Bahig F. Bishay

# EXHIBIT-K

## Bahig F. Bishay

163 Blue Hill Drive
Westwood, Massachusetts 02090
Electronic Mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

<u>DELIVERED VIA *"RESTRICTED"* US MAIL</u>

July 22, 2005

Charles J. Speleotis, Esq.
20 America Way
Salem, Massachusetts 01970-6653

Re:    <u>American Arbitration Association, Case No. 11 115 Y 01777 03</u>

Dear Attorney Speleotis:

Reference is made to the above mentioned Case, where you served as Panel Member (hereafter "Arbitrator"). As Arbitrator, you were required to execute certain documents which included forms entitled Interim and Final Awards (hereafter "Interim Award" & "Final Award"),

In said Interim Award and Final Award, the following statement appeared above the signature line:

*"I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award."*

Pursuant to the foregoing, and in my capacity as the Claimant, I hereby request that you examine the attached form entitled *Interim Award of Arbitrator on Claim Under Paragraph 20 of the Parties' Contract*, which contains your purported signature next to your purported hand-writing -- *January 19, 2005*; as well as the attached form entitled *Final Award of Arbitrators*, which contains your purported signature next to your purported hand-writing -- *June 17, 2005*.

Please confirm, with certainty, whether you in fact executed either one of these forms referred to herein as Interim Award and Final Award. Separately, and regardless of your answer to this question, please forward to the undersigned: (a) accurate copies of the Interim Award and Final Award that you know you in fact executed; (b) copies of all your notes, your analysis and your formal or informal decision/opinion which you would've individually authored during the normal course of proceedings in this Case, and for which you would've been fully compensated.

Thank you for your anticipated cooperation, and please feel free to also forward to the undersigned your bill for the time and expenses relating to this time-sensitive request.

Respectfully, I remain ...

Bahig F. Bishay

# EXHIBIT-L

**Bahig F. Bishay**
163 Blue Hill Drive
Westwood, Massachusetts 02090
Electronic Mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

<u>DELIVERED VIA "RESTRICTED" US MAIL</u>   RESENT BY PRIORITY MAIL

July 22, 2005

Paul Peter Nicolai, Esq.
Nicolai Law Group, P.C.
146 Chestnut Street
Springfield, Massachusetts 01103

Re:   <u>American Arbitration Association, Case No. 11 115 Y 01777 03</u>

Dear Attorney Nicolai:

Reference is made to the above mentioned Case, where you served as Panel Member (hereafter "Arbitrator"). As Arbitrator, you were required to execute certain documents which included forms entitled Interim and Final Awards (hereafter "Interim Award" & "Final Award").

In said Interim Award and Final Award, the following statement appeared above the signature line:

*"I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award."*

Pursuant to the foregoing, and in my capacity as the Claimant, I hereby request that you examine the attached form entitled *Interim Award of Arbitrator on Claim Under Paragraph 20 of the Parties' Contract*, which contains your purported signature next to your purported hand-writing -- *January 11, 2005*; as well as the attached form entitled *Final Award of Arbitrators*, which contains your purported signature next to your purported hand-writing -- *June 16, 2005*.

Please confirm, with certainty, whether you in fact executed either one of these forms referred to herein as Interim Award and Final Award. Separately, and regardless of your answer to this question, please forward to the undersigned: (a) accurate copies of the Interim Award and Final Award that you know you in fact executed; (b) copies of all your notes, your analysis and your formal or informal decision/opinion which you would've individually authored during the normal course of proceedings in this Case, and for which you would've been fully compensated.

Thank you for your anticipated cooperation, and please feel free to also forward to the undersigned your bill for the time and expenses relating to this time-sensitive request.

Respectfully, I remain ...

Bahig F. Bishay