UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAHIG F. BISHAY,<br>    Claimant<br>v.<br><br>AMERICAN ARBITRATION ASSOCIATION,<br>    Dispute Resolution Service Worldwide;<br><br>and<br><br>BRIGHTON AVENUE ASSOCIATES, LLC.,<br>    Respondent | Case No. 05 CV 11771 NMG<br><br>American Arbitration Association<br>Case No. 11 115 Y 01777 03 |

### CLAIMANT'S OPPOSITION TO ADDENDUM TO AMERICAN ARBITRATION ASSOCIATION'S MOTION TO DISMISS TO RAISE NEWLY ARISEN DEFENSE OF RES JUDICATA

Claimant Bahig F. Bishay (hereafter "Bishay") opposes American Arbitration Association's (hereafter "AAA") Addendum (hereafter the "Addendum") to its earlier Motion to Dismiss. The grounds upon which Bishay relies in opposing AAA's Addendum are as follows:

First, and as a threshold matter, AAA's manifested exuberance in rushing to this Court its Addendum is premature at best, because the state court's decision upon which AAA relies to support its Addendum herein is <u>not final</u>, and that on February 15, 2006, Bishay indeed served AAA with his Memorandum in Support of Bishay's Motion to Stay Decision & Order on Defendants' Motion to Dismiss – To Allow Discovery & Issue Subpoena Pursuant to Rule 45(b). Copy of Bishay's Motion & Memorandum, which were served on AAA pursuant to Massachusetts Superior Court Rule 9A, is annexed hereto as **Exhibit-1**.

Second, because Bishay is entitled to *due process* even in the state court, Bishay expects he will be allowed to take discovery, and in fact get to the bottom of this ordeal, one way or the other. To this end, Bishay expects to examine all three arbitrators, their notes, analysis and any

actual documents executed by the three arbitrators.

Third, this Court is not bound by the state court's erroneous analysis, especially since it is clear that the state court erred by suggesting, in essence, that when M.G.L. Chapter 251 was enacted the legislators somehow expected the courts to look the other way if forgery was confined to one signature in the same arbitration case as opposed to more than one, which is simply ludicrous. Bishay, however, expects this Court to properly interpret Federal Arbitration Act, 9 U.S.C. in connection with the procurement of an arbitration award, regardless of whether one arbitrator's signature is forged or multiple, so long as the award was procured by _corruption, fraud or undue means_ in the same case.

Fourth, Bishay further relies on his Motion & Memorandum which is being submitted to the state court in accordance with its Rule 9A, to Stay its recent decision; to allow Bishay to proceed with Discovery; and to issue subpoena pursuant to MA Superior Court Rule 45(b).

WHEREFORE, for all the reasons set forth above as well as those listed in Bishay's Motion and Memorandum dated February 15, 2006 annexed hereto as Exhibit-1, which is scheduled to be filed on February 28[1], 2006, Bishay respectfully requests this Court to _deny_ AAA's Addendum.

Respectfully submitted

Bahig F. Bishay,
Pro se

Dated this 21st day of February, 2006

Bahig F. Bishay
163 Blue Hill Drive
Westwood, MA 02090
Phone: 781.326.3310
Fax: 781.326.6690

---

[1] Pursuant to Massachusetts Superior Court Rule 9A, Bishay was required to allow the Defendants to deliver to Bishay their opposition, if any, within 13 days from the date Bishay served his Motion on the Defendants, which was served via Priory Mail on February 15, 2006.

## CERTIFICATE OF SERVICE

I hereby certify that I served true and accurate copy of this document on all counsels of record, by First Class Mail, pre-paid postage, this 21st day of February, 2006.

Bahig Bishay

# Bahig F. Bishay

163 Blue Hill Drive
Westwood, Massachusetts 02090
E-mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

**DELIVERED VIA PRIORITY MAIL**

Ex-1.

February 15, 2006

John M. Simon, Esq.
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA 02110

James S. Singer, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109

Re: Bahig F. Bishay v American Arbitration Association and Brighton Avenue Associates, LLC, C.A. No.: 05-03746

Attorneys Simon & Singer:

Pursuant to Superior Court Rule 9-A, I have attached herewith true copy of Claimant-Plaintiff's Motion to Stay Decision & Order on Defendants' Motion to Dismiss – To Allow Discovery & Issue Subpoena Pursuant to Rule 45(b).

Kindly deliver to the undersigned your response, if any, within the time permitted pursuant to Rule 9-A.

Sincerely,

Bahig F. Bishay,
Pro se