COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                                          Superior Court
                                                                      Civil Action No. 05-03746

BAHIG F. BISHAY,                          )
    Claimant                              )
    v.                                    )                  In re American Arbitration Association
                                          )                  Case No. 11 115 Y 01777 03
AMERICAN ARBITRATION ASSOCIATION,         )
    Dispute Resolution Service Worldwide; )
                                          )
and                                       )
                                          )
BRIGHTON AVENUE ASSOCIATES, LLC.,         )
    Respondent                            )
                                          )

**MEMORANDUM IN SUPPORT OF MOTION TO STAY DECISION & ORDER ON DEFENDANTS' MOTION TO DISMISS - TO ALLOW DISCOVERY & ISSUE SUBPOENA PURSUANT TO RULE 45(b)**

As stated in Bahig F. Bishay's (hereafter "Bishay") Application-Complaint filed with this Court on August 31, 2005, and specifically at ¶¶ 4, 10 & 12 (also see Exhibits I, J, K and L), that American Arbitration Association (hereafter "AAA") and its panel members (hereafter the "Panel Members"): Carla S. Cox, Charles J. Speleotis and Paul Peter Nicoli, refused to produce copies of all material and information directly relating to the awards in question (hereafter the "Awards"), and for which Bishay paid more than $43,000 in fees and lawfully demanded that AAA and its Panel Members produce pursuant to AAA Rule 47 (copy of which is annexed hereto, together with Bishay's four letters marked as Exhibits I, J, K and L, for the convenience of the Court).

Notwithstanding such clear obligation on the part of AAA and its Panel Members, the Panel Members and AAA stonewalled Bishay and adamantly refused to provide the requested

2

material[1] and information, which could've spared the filing of the Application-Complaint with this Court in August, 2005, but as a direct result of such stonewalling, Bishay found it necessary to hire a handwriting expert and paid $2,500 to confirm that at least one signature affixed to the Awards in question was procured by *corruption, fraud or undue means*.

As Bishay states in his Application-Complaint, he was able to ascertain that, at a minimum, one signature was forged and suggested that if this Court deemed it necessary for Bishay to rehire the handwriting expert and ascertain whether one or two more signatures were also forged for certain, that it would be more economical and would provide better results if Bishay was allowed to simply take discovery (hereafter "Discovery") directly with AAA and its Panel Members, noting that Bishay still believes that when G.L. Chapter 251 was enacted, the legislators did not intend for the courts to require claimants to demonstrate that more than one incident of *corruption, fraud or undue means* had to be manifested in order for the courts to vacate phony arbitration awards – or to pick and chose which is phony and which is real in the same arbitration case -- as this would stand the statute right on its head.

Bishay submits that AAA's Case Manager, Paula C. Dubois (hereafter "Dubois"), delivered to him certain Awards that were <u>NOT</u> the actual Awards prepared and executed by The Panel Members (i.e. the Awards delivered to Bishay by Dubois were "bogus" and not the actual Awards issued by the Panel Members), and is the reason Bishay advised this Court that what he had received from AAA were some other <u>phony</u> awards procured by *<u>corruption, fraud or undue</u>*

---

[1] As this Court will see at Exhibit I annexed hereto, AAA told Bishay that he was <u>not entitled</u> to receive copies of the entire file, including but not limited to communications between AAA and its Panel Members directly relating to this case and notwithstanding the clear language found in AAA's Rule 47, copy of which is also annexed hereto. As this Court will also see in Exhibits J, K and L, Bishay requested the Panel Members to examine the awards he had received from Dubois to see if they matched the actual Awards the Panel Members actually executed in light of the clear disparity in signatures. Bishay also requested copies of the Awards they actually executed; as well as copies of the actual notes, analysis and formal or informal decisions in this case.

3

*means*, with the full meaning within G.L. Chapter 251[2], Section 12(a)(1) ... therefore, and in the interest of judicial economy now (as allowing this Motion could obviate the need to seek further review and put an end to any speculation as to whether one, two or all three Awards are phony or "bogus"), Bishay submits that since it will not prejudice anyone (except him if this Court did not allow Bishay to take brief Discovery, potentially in the tune of more than $5.0 million), and since the Respondent's Counsel conceded during oral arguments held by this Court on January 31, 2006, that he expected the Court to order Discovery and put to rest any alleged speculation, one way or the other, (see Transcript available to this Court), and also see ¶ 8 in Bishay's Opposition to Respondent's Motion to Dismiss confirming that Discovery could put an end (one way or the other) to any alleged speculation, which might also obviate the need for expert testimony, as well ... Bishay respectfully submits that as a matter of law and equity, this Court should allow Bishay to take brief Discovery, forthwith.

Bishay further submits that with all due respect to this Honorable Court, NO entity or institution (including this Court and its Clerks, for that matter), is/are immune from participating in a lawful investigation which directly stems from *corruption, fraud or undue means* ... as such purported immunity would turn our jurisprudence right on its head, and would open the floodgates for those who might contemplate engaging in such unlawful activities if in fact they could otherwise hide behind this misplaced, alleged immunity (not to be confused with other cases where AAA might be immune from "damage-claims", which Bishay never asserted in this case). Bishay respectfully submits that there is No immunity, contractual or otherwise, under which AAA or its Case Manager, Dubois, can seek shelter in this case, or otherwise refuse to

---

[2] While this is a *case of first impression*, no where in G.L. Chapter 251 the legislators suggested, or even hinted, that a claimant must demonstrate more than one event of *corruption, fraud or undue means..* to successfully vacate an arbitration award, nor there is other statute which supports such strained argument in common-law fraud cases.

4

participate in the investigation relating to the alleged *corruption, fraud or undue means* herein.

Bishay finally submits that commonsense not only dictates that there is no immunity available in *fraud & corruption* cases, but there is no law, civil or otherwise, upon which such proposition, or even the alleged agreement now relied upon by AAA, which would provide immunity from being compelled to engage in the investigation of *fraud & corruption* cases.

While Bishay has incurred some $2500 to date in connection with investigating this *corruption & fraud* case, and has confirmed with reasonable certainty the clear disparity (even with a naked eye and not necessarily a hand-writing expert), by reviewing Exhibit "F", on one hand, and Exhibits "A", "B", "C" and "D", on the other hand, that, at a minimum, one Panel Member's signature was "forged" and this otherwise rendered at least one Award bogus ... Bishay submits that by allowing this Motion, he will swiftly examine the Panel Members and all pertinent material and information necessary to get to the bottom of this ordeal, instead of rehiring an expect to simply opine about the other two ... and if after such examination Bishay confirmed with the required certainty, based on testimony of the Panel Members, AAA personnel and the material requested, that the balance of the Awards Bishay received from Dubois (AAA) are bogus (phony), that Bishay will report such additional findings to this Court, forthwith.

WHEREFORE, Bishay respectfully requests that in the interest of judicial economy as well as *due process* that (a) he be allowed to subpoena the material and information requested in Exhibits I, J, K and L; (b) for this Court to issue and order compelling AAA as well as the Panel Members to submit to depositions pursuant to Rule 26; and (c) grant any other such relief this Court deems appropriate.

Respectfully submitted,

Bahig F. Bishay,
Pro se

Dated this 15th day of February 15, 2006

*(signature)*
Bahig F. Bishay
163 Blue Hill Drive
Westwood, MA 02090
Phone: 781.326.3310
Fax: 781.326.669

## CERTIFICATE OF SERVICE

Pursuant to Rule 9-A, I hereby certify that I caused true and accurate copies of this document together with the attachments, to be served upon AAA and Respondent's Counsel via **Priority Mail**, this 15th day of February, 2006.

*(signature)*
Bahig Bishay



# Commercial Arbitration Rules and Mediation Procedures

(INCLUDING PROCEDURES FOR LARGE, COMPLEX COMMERCIAL DISPUTES)

Amended and Effective July 1, 2003

American Arbitration Association
*Dispute Resolution Services Worldwide*

---

parties or their representatives at the last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

### R-46. Modification of Award

Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto.

### R-47. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party, furnish to the party, at the party's expense, certified copies of any papers in the AAA's possession that may be required in judicial proceedings relating to the arbitration.

### R-48. Applications to Court and Exclusion of Liability

(a) No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

(b) Neither the AAA nor any arbitrator in a proceeding under these rules is a necessary or proper party in judicial proceedings relating to the arbitration.

(c) Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration

**Bahig F. Bishay**
163 Blue Hill Drive
Westwood, Massachusetts 02090
Electronic Mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

<u>VIA FACSIMILE & CERTIFIED MAIL</u>

EX. I

July 21, 2005

Ms. Karen Fontaine, Supervisor
American Arbitration Association
950 Warren Avenue,
East Providence, RI 02914

Re:   <u>Case No. 11 115 Y01777 03</u>

Dear Ms. Fontaine:

  Pursuant to your letter dated this day, enclosed is my check in the sum of $225.00. In the interest of efficiency, and to give you a head start in copying the entire Case-file, I am sending this letter via facsimile and also via Certified Mail.

  During our conversation this morning, you indicated that pursuant to Rule 47, I was <u>not</u> entitled to receive copies of the entire file. With all due respect, however, I pointed out to you that Rule 47 could not be clearer; is totally unambiguous; and required no interpretation, either pursuant to Rule 53 upon which you mistakenly relied, or otherwise. Suffice it to say that Rule 47 states as follows:

> *"The AAA shall, upon the written request of a party, furnish to the party, at the party's expense, certified copies of <u>any papers in the AAA's possession</u> that may be required in judicial proceedings relating to the arbitration."*
> [Emphasis added]

  Accordingly, and since there can be no doubt that the AAA is in possession of more than the documents exchanged between the parties, as you so confirmed this morning, and specifically documents relating to the engagement of the arbitrators and the communications between the AAA and the arbitrators relative to the above mentioned Case, that the AAA is unequivocally required by its own rule to make <u>ALL material in its possession available to me</u>, and without further delay, so long as such material relate to Case No. 11 115 Y 01777 03.

  Unless you can cite specific authority to support your earlier statement that communications between the AAA and the arbitrators are somehow privileged, please make available for my pick up at your office the copies of the entire file as soon as possible. Thank you for your anticipated cooperation.

Sincerely,

Bahig F. Bishay

**Bahig F. Bishay**
163 Blue Hill Drive
Westwood, Massachusetts 02090
Electronic Mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

DELIVERED VIA "~~RESTRICTED~~" US MAIL       RESENT BY PRIORITY MAIL

July 22, 2005

Carla S. Cox, Esq.
Handly, Cox & Moorman, PC
9 Abbott Street
Beverley, Massachusetts 01915


EX. J

Re:    American Arbitration Association, Case No. 11 115 Y 01777 03

Dear Attorney Cox:

    Reference is made to the above mentioned Case, where you served as Panel Member (hereafter "Arbitrator"). As Arbitrator, you were required to execute certain documents which included forms entitled Interim and Final Awards (hereafter "Interim Award" & "Final Award").

    In said Interim Award and Final Award, the following statement appeared above the signature line:

> "I, Carla S. Cox, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award."

    Pursuant to the foregoing, and in my capacity as the Claimant, I hereby request that you examine the attached form entitled *Interim Award of Arbitrator on Claim Under Paragraph 20 of the Parties' Contract*, which contains your purported signature next to your purported handwriting -- *January 12, 2005*; as well as the attached form entitled *Final Award of Arbitrators*, which contains your purported signature next to your purported hand-writing -- *June 16, 2005*.

    Please confirm, with certainty, whether you in fact executed either one of these forms referred to herein as Interim Award and Final Award. Separately, and regardless of your answer to this question, please forward to the undersigned: (a) accurate copies of the Interim Award and Final Award that you know you in fact executed; (b) copies of all your notes, your analysis and your formal or informal decision/opinion which you would've individually authored during the normal course of proceedings in this Case, and for which you would've been fully compensated.

    Thank you for your anticipated cooperation, and please feel free to also forward to the undersigned your bill for the time and expenses relating to this time-sensitive request.

Respectfully, I remain ...

Bahig F. Bishay

**Bahig F. Bishay**
163 Blue Hill Drive
Westwood, Massachusetts 02090
Electronic Mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

*Ex. K*

DELIVERED VIA *"RESTRICTED"* US MAIL

July 22, 2005

Charles J. Speleotis, Esq.
20 America Way
Salem, Massachusetts 01970-6653

Re:   American Arbitration Association, Case No. 11 115 Y 01777 03

Dear Attorney Speleotis:

    Reference is made to the above mentioned Case, where you served as Panel Member (hereafter "Arbitrator"). As Arbitrator, you were required to execute certain documents which included forms entitled Interim and Final Awards (hereafter "Interim Award" & "Final Award").

    In said Interim Award and Final Award, the following statement appeared above the signature line:

> *"I, Charles J. Speleotis, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award."*

    Pursuant to the foregoing, and in my capacity as the Claimant, I hereby request that you examine the attached form entitled *Interim Award of Arbitrator on Claim Under Paragraph 20 of the Parties' Contract*, which contains your purported signature next to your purported hand-writing -- *January 19, 2005*; as well as the attached form entitled *Final Award of Arbitrators*, which contains your purported signature next to your purported hand-writing -- *June 17, 2005*.

    Please confirm, with certainty, whether you in fact executed either one of these forms referred to herein as Interim Award and Final Award. Separately, and regardless of your answer to this question, please forward to the undersigned: (a) accurate copies of the Interim Award and Final Award that you know you in fact executed; (b) copies of all your notes, your analysis and your formal or informal decision/opinion which you would've individually authored during the normal course of proceedings in this Case, and for which you would've been fully compensated.

    Thank you for your anticipated cooperation, and please feel free to also forward to the undersigned your bill for the time and expenses relating to this time-sensitive request.

Respectfully, I remain ...



Bahig F. Bishay

**Bahig F. Bishay**
163 Blue Hill Drive
Westwood, Massachusetts 02090
Electronic Mail: BFBishay@Earthlink.net
Facsimile: 781.326.6690
Phone: 781.326.3310

DELIVERED VIA "~~RESTRICTED~~" US MAIL      RESENT BY PRIORITY MAIL

July 22, 2005

EX. L

Paul Peter Nicolai, Esq.
Nicolai Law Group, P.C.
146 Chestnut Street
Springfield, Massachusetts 01103

Re:   American Arbitration Association, Case No. 11 115 Y 01777 03

Dear Attorney Nicolai:

Reference is made to the above mentioned Case, where you served as Panel Member (hereafter "Arbitrator"). As Arbitrator, you were required to execute certain documents which included forms entitled Interim and Final Awards (hereafter "Interim Award" & "Final Award").

In said Interim Award and Final Award, the following statement appeared above the signature line:

> "I, Paul Peter Nicolai, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award."

Pursuant to the foregoing, and in my capacity as the Claimant, I hereby request that you examine the attached form entitled *Interim Award of Arbitrator on Claim Under Paragraph 20 of the Parties' Contract*, which contains your purported signature next to your purported handwriting -- *January 11, 2005*; as well as the attached form entitled *Final Award of Arbitrators*, which contains your purported signature next to your purported hand-writing -- *June 16, 2005*.

Please confirm, with certainty, whether you in fact executed either one of these forms referred to herein as Interim Award and Final Award. Separately, and regardless of your answer to this question, please forward to the undersigned: (a) accurate copies of the Interim Award and Final Award that you know you in fact executed; (b) copies of all your notes, your analysis and your formal or informal decision/opinion which you would've individually authored during the normal course of proceedings in this Case, and for which you would've been fully compensated.

Thank you for your anticipated cooperation, and please feel free to also forward to the undersigned your bill for the time and expenses relating to this time-sensitive request.

Respectfully, I remain ...

Bahig F. Bishay