UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAR 29 ⊃ 3: 04

BAHIG F. BISHAY,
    Claimant
    v.

AMERICAN ARBITRATION ASSOCIATION,
    Dispute Resolution Service Worldwide;

and

BRIGHTON AVENUE ASSOCIATES, LLC.,
    Respondent

Case No. 05 SCV SIIR7UTNN4QR ;
DISTRICT OF MASS.

## CLAIMANT'S MOTION FOR "*EXPEDITED*" RELIEF: TO COMPEL NON-PARTY ARBITRATORS AND AMERICAN ARBITRATION ASSOCIATION TO COMPLY WITH SUBPOENAS ISSUED BY THIS COURT PURSUANT TO RULE 45

Claimant-Plaintiff Bahig F. Bishay (hereafter "Bishay") respectfully requests this

Honorable Court to compel American Arbitration Association (hereafter "AAA") to comply with

the subpoena (hereafter the "Subpoena"), which was issued by this Court and served on AAA on

or about March 15, 2006, pursuant to Rule 45. Bishay also requests this Honorable Court to

compel Paul Peter Nicolai, Esq., and Carla S. Cox, Esq., (two arbitrators who are presumed to be

independent -- hereafter "Nicolai & Cox"[1]), to comply with other Subpoenas served on both of

them on or about March 15, 2006, also pursuant to Rule 45. Copies of all three Subpoenas are

---

[1] There is a third arbitrator known as Charles Speleotis, who, on information and belief, has a second home in the State of Arizona, and while a fourth Subpoena was attempted to be delivered by a Civil Processor to his home in Salem, Massachusetts, neighbors advised the Civil Processor that Mr. Speleotis was expected to return to Massachusetts within 5-6 weeks. Accordingly, a copy of said Subpoena was delivered to his Massachusetts home via Priority Mail, and according to the US Postal Service said package was forwarded to his Arizona home at his request as confirmed by the USPS receipt annexed hereto as **Exhibit-D.** Another copy of said Subpoena was also sent via Over-Night Mail to his home in Arizona, but Mr. Speleotis appears to have either refused to accept this additional Over-Night delivery, which required his signature, or has not claimed same from the US Postal Service office in Scottsdale, Arizona. In any event, Bishay intends to serve, by Civil Processor, either in Massachusetts or in Arizona, a new Subpoena on Mr. Speleotis, shortly. Bishay, therefore, intends to file a similar Motion to Compel Mr. Speleotis, should he also refuse to comply with said Subpoena in due course.

annexed hereto as **Exhibits-A, B and C**, respectively.

Counsel for AAA appears to take matters into his own hands by stretching[2] himself out and suggesting now that he, somehow, also represents Nicolai & Cox. Bishay submits, however, that the Court should *take judicial notice* of the fact that neither Nocolai nor Cox were named as "parties" to this dispute (see above caption), and Bishay now questions the propriety, or lack thereof, of AAA's counsel's rationale in representing these presumably independent arbitrators, who are only called herein as third-party witnesses?

There are several fundamental flaws contained within AAA's Objection herein, as well as an apparent attempt to introduce an immunity theory, which is totally misplaced based on the circumstances herein. Bishay will accordingly address these fundamental issues as follows:

1.    As a matter of law and equity, there is no immunity available to arbitrators, officials, or any judiciary, for that matter, which can be invoked as defense in a case where a jury or an arbitrator's award was tampered-with, as alleged herein, or otherwise procured through *corruption, fraud or undue means*.

2.    AAA's counsel appears to have missed the central issue in this case, and that is Bishay did not seek damages from AAA or the three arbitrators, as sought in most of the cases cited by AAA but, rather, the only relief sought by Bishay in this case was based on the sole remedy available under U.S. Arbitration Act Title 9, which is to simply vacate the awards at issue because they were procured through either *corruption, fraud or undue means*. Also, AAA's counsel seems to be confused between cases where the claimants attempt to drag arbitrators, members of the judiciary, or officials of the court,

---

[2] Because of the strong likelihood that this Court may in due course find that personnel associated with AAA may have indeed aided in the preparation and delivery to Bishay of the "bogus" awards at issue, AAA's counsel may find himself in the middle of a precarious position in this case, in due course. Bishay, however, leaves this fine line walking-path to the Court's wisdom and required action, if any, at this time.

into liability claims, <u>individually</u> (as opposed to those cases where the individuals were simply named in their "official" capacity only), on one hand … and those cases where such groups of arbitrators, judiciary, or court officials, are <u>not</u> protected by the doctrine of absolute judicial immunity in their "official" capacity, on the other hand.

3.      *E.g., See DANIEL TURNER v. HOUMA MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD; 229 F.3d 478, 2000 U.S. App. LEXIS 25950, 142 Lab. Cas. (CCH) P59,077* - No. 99-31168 - UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, where Defendant-appellant board and its members sought review of decision from the United States District Court for the Eastern District of Louisiana denying in part their summary judgment motion in action brought by plaintiff suing defendants-appellants in their individual and official capacities, under <u>42 U.S.C.S. § 1983</u>... Defendants-appellants, asserting absolute quasi-judicial immunity, moved for summary judgment or in the alternative to dismiss. The district court denied defendants-appellants' immunity argument as it related to the official-capacity immunity and granted the unopposed motion to dismiss the individual-capacity claims. Defendants-appellants appealed arguing that the district court's holding that they were not entitled to absolute quasi-judicial immunity in their official capacities was erroneous. The court affirmed the district court's partial denial of summary judgment, as there was ***no absolute quasi-judicial immunity defense available to defendants-appellants sued in their official capacity***. A <u>42 U.S.C.S.§ 1983</u> suit naming officials only in **their official capacity** ***did not involve personal liability to individual defendants***, therefore defenses such as absolute quasi-judicial immunity, that only protected a defendant in his individual capacities, were ***unavailable in official-***

3

*capacity suits*. The court affirmed the judgment of the district court. Denial of absolute quasi-judicial immunity for defendants-appellants sued in their official capacities was appropriate because there *was no such immunity available to defendants-appellants sued in their official capacity*, although the same immunity would have protected them in their individual capacities. [Emphasis added]

4.    Likewise, Bishay has not, and does not intend at this time to sue AAA or the three arbitrators, individually, but, rather, all Bishay has sought thus far is to compel this group to produce relevant material required to fully demonstrate to this Court that the awards at issue were in fact procured through *corruption, fraud or undue means*, and ought to be vacated. AAA's adamant resistance thus far begs the question of whether AAA has engaged in obstruction of justice by advancing such vigorous stonewalling campaign, and by attempting to cover up this very serious matter by disingenuously introducing such inapplicable legal theory throughout its pleadings to date?

5.    Finally, AAA's counsel appears to overlook the fact that AAA's specific Rules upon which Bishay relied when he retained AAA to provide the services at issue, could not be clearer insofar as to whether Bishay, or any party that hires AAA to provide such services, for that matter, is entitled to receive the material listed in Exhibits A, B and C herein. For the Court's edification, Bishay cites the exact language found in AAA's Rule 47, which is annexed hereto as **Exhibit-E**, and reads as follows:

> *"The AAA shall, upon the written request of a party, furnish to the party, at the party's expense, certified copies of **any papers in the AAA's possession** that may be required in judicial proceedings relating to the arbitration."* [Emphasis added]

4

WHEREFORE, for all the reasons set forth above as well as those contained within the Application-Complaint filed with this Court in 2005, Bishay respectfully requests the Court to compel AAA, Nicolai, Cox (and at some later date, Speleotis, should he also engage in such resistance) to comply with the Subpoenas marked as Exhibits A, B and C herein.

Respectfully submitted

Bahig F. Bishay,
Pro se

Dated this 29th day of March, 2006



Bahig F. Bishay
163 Blue Hill Drive
Westwood, MA 02090
Phone: 781.326.3310
Fax: 781.326.6690

## CERTIFICATE OF SERVICE

I hereby certify that I served true and accurate copy of this document on counsel of record, by First Class Mail, pre-paid postage, this 29th day of March, 2006.

Bahig Bishay

# EXHIBIT-A

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 3-16-06 | 950 Warren Ave Eastprov RI |

SERVED ON (PRINT NAME)
American Arbitration Asso.

MANNER OF SERVICE

X Will President

SERVED BY (PRINT NAME)

TITLE

Richard Bourque

Fed Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____3 - 16 -06____
DATE

SIGNATURE OF SERVER

25 Holburn Ave
ADDRESS OF SERVER

Cranston RI

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Issued by the

# UNITED STATES DISTRICT COURT

BAHIG F. BISHAY _____ DISTRICT OF __MASSACHUSETTS__

### SUBPOENA IN A CIVIL CASE

V.

AMERICAN ARBITRATION ASSOCIATION ("AAA")
AND
BRIGHTON AVENUE ASSOCIATES, LLC

Case Number:¹ 05cv11771NMG

TO:

AMERICAN ARBITRATION ASSOCIATION
950 WARREN AVENUE, E. PROVIDENCE, RI    02914

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED LIST OF DOCUMENTS TO BE PRODUCED

| PLACE | DATE AND TIME |
|---|---|
| 163 BLUE HILL DRIVE, WESTWOOD, MA    02090 | 3/31/06   10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | MAR 13 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Office of the Clerk
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number

## <u>DOCUMENTS TO BE PRODUCED</u>

In re AAA Case No. 11 115 Y 01777 03 – you are <u>HEREBY COMMANDED</u> to produce complete and accurate copies of the following:

All documents, correspondence, material, notes (hand written or typed), memoranda, drafts, analysis, calculations, reports, records, agreements, awards (signed, unsigned or in draft form), communications (electronic-mail, faxes or otherwise), statements, internal memoranda (including written, typed, or printed memoranda of telephone conversation, other conversation, discussions, agreements, acts, or activities of any kind), intra-office and inter-office communications, diaries, desk pads, scrap books, note books, computer files or tapes, microfilms, sound proceedings, cassettes, tapes, or any other type of recording – having been in the custody, control and/or possession of AAA, its current or former employees, or Panel Members: Carla S. Cox, Charles J. Speleotis, Peter Paul Nicolai – or received from and/or exchanged with Brighton Avenue Associates, LLC., or its counsel, owners, managers or agents - from August, 2003 to present.

Parties served herein are free to submit their respective charges for copying or any other out of pocket costs or expenses directly relating to the production of the foregoing.

Place: 163 Blue Hill Drive, Westwood, Massachusetts 02090

Date and time: Friday the 31st of March, 2006, AT 10:00 A.M..

# EXHIBIT-B

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |



**Hampden County Sheriff's** ● 1170 Main St. ● P.O. Box 5005 ● Springfield, MA 01101-5005 ● (413) 732-5772

*Hampden, ss.*

I hereby certify and return that on 3/15/2006 at 12:18PM I served a true and attested copy of the FEDERAL SUBPOENA in this action in the following manner: To wit, by delivering in hand to PETER NICOLAI, ESQ. NICOLAI LAW GROUP, PCat 146 CHESTNUT Street, SPRINGFIELD, MA 01103 <>.Conveyance ($4.50), Travel ($24.74), Attestation X 1 ($5.00), Basic Service Fee ($20.00), Mailing1 ($1.00) Total Charges $55.24

March 16, 2006

ition

Deputy Sheriff MICHAEL POWERS

**Deputy Sheriff**

Executed on _____
                        DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Issued by the**

# UNITED STATES DISTRICT COURT

<u>BAHIG F. BISHAY</u>                          DISTRICT OF    <u>MASSACHUSETTS</u>

### SUBPOENA IN A CIVIL CASE

V.

AMERICAN ARBITRATION ASSOCIATION ("AAA")
AND                                          Case Number:[1]  05cv11771NMG
BRIGHTON AVENUE ASSOCIATES, LLC

TO:
PAUL PETER NICOLAI, ESQ., NICOLAI LAW GROUP, P.C.
146 CHESTNUT STREET, SPRINGFIELD, MASSACHUSETTS  01103

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

　　SEE ATTACHED  LIST OF DOCUMENTS TO BE PRODUCED

| PLACE | DATE AND TIME |
|---|---|
| 163 BLUE HILL DRIVE, WESTWOOD, MA  02090 | 3/31/06    10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | MAR 13 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
　　United States District Court
　　　　Office of the Clerk
　　United States Courthouse
　　1 Courthouse Way, Suite 2300 (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)
　　　　Boston, MA 02210
[1] If action is pending in district other than district of issuance, state district under case number.

## DOCUMENTS TO BE PRODUCED

In re AAA Case No. 11 115 Y 01777 03 – you are HEREBY COMMANDED to produce complete and accurate copies of the following:

All documents, correspondence, material, notes (hand written or typed), memoranda, drafts, analysis, calculations, reports, records, agreements, awards (signed, unsigned or in draft form), communications (electronic-mail, faxes or otherwise), statements, internal memoranda (including written, typed, or printed memoranda of telephone conversation, other conversation, discussions, agreements, acts, or activities of any kind), intra-office and inter-office communications, diaries, desk pads, scrap books, note books, computer files or tapes, microfilms, sound proceedings, cassettes, tapes, or any other type of recording – having been in the custody, control and/or possession of AAA, its current or former employees, or Panel Members: Carla S. Cox, Charles J. Speleotis, Peter Paul Nicolai – or received from and/or exchanged with Brighton Avenue Associates, LLC., or its counsel, owners, managers or agents - from August, 2003 to present.

Parties served herein are free to submit their respective charges for copying or any other out of pocket costs or expenses directly relating to the production of the foregoing.

Place: 163 Blue Hill Drive, Westwood, Massachusetts 02090

Date and time: Friday the 31st of March, 2006, AT 10:00 A.M..

# EXHIBIT-C

Subpoena in a Civil Case

## PROOF OF SERVICE

| | | |
|---|---|---|
| DATE:  03/15/06 | PLACE: | **_HANDLY COX & MOORMAN, PC_** |
| | | **_9 Abbott St, Beverly MA_** |

SERVED    **_CARLA S COX, ESQ_**          IN HAND with Witness Fee $0.00
                                                                    Records Only
SERVED ON (PRINT NAME)                          MANNER OF SERVICE

Robert Applebaum                                 Constable/and A Disinterested Person
SERVED BY (PRINT NAME)                          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      03/15/06
                         DATE

                                        SIGNATURE OF SERVER

FIRST CONSTABLE SERVICE
143 Dorchester St., #368
South Boston, MA 02127
                            ADDRESS OF SERVER

Issued by the

# UNITED STATES DISTRICT COURT

BAHIG F. BISHAY _____     DISTRICT OF    MASSACHUSETTS _____

SUBPOENA IN A CIVIL CASE

V.

AMERICAN ARBITRATION ASSOCIATION ("AAA")
AND
BRIGHTON AVENUE ASSOCIATES, LLC

Case Number:[1]  05cv11771NMG

TO:
CARLA S. COX, ESQ., HANDLY, COX, & MOORMAN, PC
9 ABBOTT STREET, BEVERLY, MASSACHUSETTS  01915

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED  LIST OF DOCUMENTS TO BE PRODUCED

| PLACE         163 BLUE HILL DRIVE, WESTWOOD, MA   02090 | DATE AND TIME   3/31/06   10:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE   MAR 1 3 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
United States District Court
Office of the Clerk
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## DOCUMENTS TO BE PRODUCED

In re AAA Case No. 11 115 Y 01777 03 – you are HEREBY COMMANDED to produce complete and accurate copies of the following:

All documents, correspondence, material, notes (hand written or typed), memoranda, drafts, analysis, calculations, reports, records, agreements, awards (signed, unsigned or in draft form), communications (electronic-mail, faxes or otherwise), statements, internal memoranda (including written, typed, or printed memoranda of telephone conversation, other conversation, discussions, agreements, acts, or activities of any kind), intra-office and inter-office communications, diaries, desk pads, scrap books, note books, computer files or tapes, microfilms, sound proceedings, cassettes, tapes, or any other type of recording – having been in the custody, control and/or possession of AAA, its current or former employees, or Panel Members: Carla S. Cox, Charles J. Speleotis, Peter Paul Nicolai – or received from and/or exchanged with Brighton Avenue Associates, LLC., or its counsel, owners, managers or agents - from August, 2003 to present.

Parties served herein are free to submit their respective charges for copying or any other out of pocket costs or expenses directly relating to the production of the foregoing.

Place: 163 Blue Hill Drive, Westwood, Massachusetts 02090

Date and time: Friday the 31st of March, 2006, AT 10:00 A.M..

# EXHIBIT-D

## RETURN OF SERVICE
05CV 11771NMG

By virtue of this     FEDERAL DEPOSITION SUBPOENA     I this day made DUE AND

DILIGENT SEARCH for the within named          CHARLES J SPELEOTIS, ESQ
                                              20 America Way #5 - Salem MA

And afterwards, on the same day, made diligent search for agents of attorneys of the within named

defendant(s), but I have been unable to find either within my precinct known to me as such and

duly accredited; and therefore, I could make no service of this     FEDERAL DEPOSITION
                                                                    SUBPOENA

upon the said defendant.

*Signed Under Pains & Penalties of Perjury*

March 15, 2006
*Date*                                    **FIRST CONSTABLE SERVICE**
                                          Constable / and a Disinterested Person

# FIRST CONSTABLE SERVICE

143 Dorchester Street #368
South Boston, MA 02127-2647
781-828-3400    781-828-3401 FAX
Fed ID #011343200

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 3/15/2006 | 00-1958 |

BILL TO

Bahig F Bishay
163 Blue Hill Drive
Westwood MA 02090



| | DOCKET # | CLAIMS # |
|--|----------|----------|
| | 05DV11771NMG | |

| DESCRIPTION | AMOUNT |
|-------------|--------|
| AMERICAN ARBITRATION ASSOC (AAA) -V- BRIGHTON AV ASSOC LLC | |
| FEDERAL DEPOSITION SUBPOENA | 304.00 |
| DILIGIENT SEARCH/FEDERAL SUBPOENA (DEPOSITION) ... priced witrh above) | 0.00 |
| | |
| ON:   CHARLES J SPELEOTIS, ESQ - 20 America Way #5, Salem MA | |
| SERVED:   Diligient Search - Away for 5-6 wks per neighbor | |
|               (3 trips made at various times) | |
| | |
| ON: CARLA S COX, ESQ/HANDLY COX & MOORMAN, PC - 9 Abbott St. Beverly MA | |
| SERVED:  Carla S Cox, Esq/"IN HAND" | |
| | |
| WITNESS FEE(S)/FEDERAL = Records Only | 0.00 |
| | |
| Rec'd your 2=original FEDERAL DEPOSITION SUBPOENAS and delivered same. | |

| **Total** | **$304.00** |
|-----------|-------------|

## PAYMENT FOR SERVICES IS DUE UPON
## RECEIPT OF THIS INVOICE

Pd O/A  $50—
Bal Due  154—

## Issued by the

# UNITED STATES DISTRICT COURT

BAHIG F. BISHAY      DISTRICT OF   MASSACHUSETTS

### SUBPOENA IN A CIVIL CASE

V.

AMERICAN ARBITRATION ASSOCIATION ("AAA")
and
BRIGHTON AVENUE ASSOCIATES, LLC

Case Number:[1]   05cv11771NMG

*To: 8038   VIA   DE 40S, LiBROS, E· SOTTSDALE, AZ 85258*

TO:
CHARLES J. SPELEOTIS, ESQ.
@ 20 AMERICA WAY
SALEM, MASSACHUSETTS   01970-6653

*THIS SUBPOENA WAS SERVED VIA OVERNIGHT MAIL, US POSTAL EXPRESS MAIL. A COPY OF THIS SUBPOENA WAS ALSO SERVED VIA PRIORITY MAIL ALSO BY US POSTAL SERVICE TO 20 AMERICA WAY, SALEM, MA 01970-6653*

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED LIST OF DOCUMENTS TO BE PRODUCED

| PLACE | DATE AND TIME |
|---|---|
| 163 BLUE HILL DRIVE, WESTWOOD, MA   02090 | 3/31/06   10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | MAR 13 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

     United States District Court
     Office of the Clerk
     United States Courthouse
     1 Courthouse Way, Suite 2300
     Boston, MA 02210

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## DOCUMENTS TO BE PRODUCED

In re AAA Case No. 11 115 Y 01777 03 – you are HEREBY COMMANDED to produce complete and accurate copies of the following:

All documents, correspondence, material, notes (hand written or typed), memoranda, drafts, analysis, calculations, reports, records, agreements, awards (signed, unsigned or in draft form), communications (electronic-mail, faxes or otherwise), statements, internal memoranda (including written, typed, or printed memoranda of telephone conversation, other conversation, discussions, agreements, acts, or activities of any kind), intra-office and inter-office communications, diaries, desk pads, scrap books, note books, computer files or tapes, microfilms, sound proceedings, cassettes, tapes, or any other type of recording – having been in the custody, control and/or possession of AAA, its current or former employees, or Panel Members: Carla S. Cox, Charles J. Speleotis, Peter Paul Nicolai – or received from and/or exchanged with Brighton Avenue Associates, LLC., or its counsel, owners, managers or agents - from August, 2003 to present.

Parties served herein are free to submit their respective charges for copying or any other out of pocket costs or expenses directly relating to the production of the foregoing.

Place: 163 Blue Hill Drive, Westwood, Massachusetts 02090

Date and time: Friday the 31st of March, 2006, AT 10:00 A.M..


**UNITED STATES POSTAL SERVICE**®

Home | H...

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: EQ39 1512 756U S
Detailed Results:

- Notice Left, March 18, 2006, 2:41 pm, SCOTTSDALE, AZ 85258
- Notice Left, March 17, 2006, 10:48 am, SCOTTSDALE, AZ 85258
- Arrival at Unit, March 17, 2006, 8:43 am, SCOTTSDALE, AZ 85258
- Enroute, March 17, 2006, 7:39 am, PHOENIX, AZ 85026
- Acceptance, March 16, 2006, 4:16 pm, CANTON, MA 02021

< Back                          Return to USPS.com Home >

**Track & Confirm**

Enter Label/Receipt Number.

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   Go >

**Proof of Delivery**

Verify who signed for your item by email, fax, or mail.   Go >

---

**EXPRESS MAIL**
**UNITED STATES POSTAL SERVICE**®

**Customer Copy**
Label 11-B, March 2004

**Post Office To Addressee**

EQ 391512756 US

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
|---|---|---|---|
| Mo.   Day | | | |
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.   Day | | | |
| Delivery Date | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.   Day | | | |

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code
02021

Day of Delivery
☐ Next ☐ 2nd ☐ 2nd Del. Day

Postage
$ 14 60

Date Accepted
3-16

Scheduled Date of Delivery
Month   Day   3-17

Return Receipt Fee
$

Mo.  Day  Year

Scheduled Time of Delivery
☑ Noon ☐ 3 PM

COD Fee
$

Insurance Fee
$

Time Accepted
☐ AM
4 16 ☐ PM

Military
☐ 2nd Day  ☐ 3rd Day

Total Postage & Fees
$

Flat Rate ☐ or Weight
1.8
lbs.    ozs.

Int'l Alpha Country Code

Acceptance Emp. Initials

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

WAIVER OF SIGNATURE

☐ NO DELIVERY  ☐ Weekend  ☐ Holiday

**FROM:** (PLEASE PRINT)   PHONE ( 781 ) 326-3310

B. BISHAY
163 BLUE HILL DR.
WESTWOOD, MA 02090

[postmark: CANTON, MA MAR 16 2006 USPS 02021-9998]

**TO:** (PLEASE PRINT)   PHONE ( 480 ) 951-2745

CHARLES J. SPELEOTIS, ESQ.
8038 VIA DE LOS
LIBROS
E. SCOTTSDALE, AZ

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

8 5 2 5 8 +

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**

Visit **WWW.USPS.COM**

Call 1-800-222-1811

≡EMS≡



**UNITED STATES POSTAL SERVICE**®

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: 0305 0830 0000 4422 0957
Detailed Results:

- Delivered, March 20, 2006, 3:59 pm, SCOTTSDALE, AZ 85258
- Forwarded, March 17, 2006, 10:14 am, SALEM, MA
- Arrival at Unit, March 17, 2006, 7:09 am, SALEM, MA 01970
- Acceptance, March 16, 2006, 4:18 pm, CANTON, MA 02021

‹ Back                    Return to USPS.com Home ›

**Track & Confirm**

Enter Label/Receipt Number.

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.    Go ›

**POSTAL INSPECTORS**
Preserving the Trust

site map   contact us   government services   jobs   **National & Premier Accounts**
Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

---

## U.S. Postal Service™ Delivery Confirmation™ Receipt

Postage and Delivery Confirmation fees must be paid before mailing.
Article Sent To: (to be completed by mailer)

**DELIVERY CONFIRMATION NUMBER:**
0305 0830 0000 4422 0957

*(Please Print Clearly)*
CHARLES J. SPELEOTIS, ESP.
20 AMERICA WAY
SALEM, MA 01970-6653


Postmark Here

**POSTAL CUSTOMER:**
Keep this receipt. For Inquiries:
Access internet web site at
*www.usps.com* ®
or call 1-800-222-1811

**CHECK ONE (POSTAL USE ONLY)**
☑ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

PS Form 152, May 2002                    (See Reverse)

# EXHIBIT-E



# *Commercial Arbitration Rules and Mediation Procedures*

(INCLUDING PROCEDURES
FOR LARGE, COMPLEX
COMMERCIAL DISPUTES)

*Amended and Effective
July 1, 2003*

 American Arbitration Association
*Dispute Resolution Services Worldwide*

parties or their representatives at the last
known addresses, personal or electronic
service of the award, or the filing of the award
in any other manner that is permitted by law.

## R-46. Modification of Award

Within 20 days after the transmittal of an
award, any party, upon notice to the other
parties, may request the arbitrator, through
the AAA, to correct any clerical, typographical,
or computational errors in the award. The
arbitrator is not empowered to redetermine
the merits of any claim already decided. The
other parties shall be given 10 days to respond
to the request. The arbitrator shall dispose of
the request within 20 days after transmittal by
the AAA to the arbitrator of the request and
any response thereto.

## R-47. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a
party, furnish to the party, at the party's
expense, certified copies of any papers in the
AAA's possession that may be required in
judicial proceedings relating to the arbitration.

## R-48. Applications to Court and Exclusion of Liability

(a) No judicial proceeding by a party
relating to the subject matter of the
arbitration shall be deemed a waiver of
the party's right to arbitrate.

(b) Neither the AAA nor any arbitrator in a
proceeding under these rules is a
necessary or proper party in judicial
proceedings relating to the arbitration.

(c) Parties to an arbitration under these
rules shall be deemed to have consented
that judgment upon the arbitration