# United States District Court
# District of Massachusetts

BAHIG F. BISHAY,
    Plaintiff,

    V.                               CIVIL ACTION NO. 05-11771-NMG

AMERICAN ARBITRATION
    ASSOCIATION,
BRIGHTON AVENUE
    ASSOCIATES, LLC.,
    Defendants.

## *REPORT AND RECOMMENDATION ON DEFENDANT BRIGHTON AVENUE ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF BAHIG F. BISHAY'S APPLICATION-COMPLAINT PURSUANT TO U.S. ARBITRATION ACT - TITLE 9 (#4) AND AMERICAN ARBITRATION <u>ASSOCIATION'S MOTION TO DISMISS</u> (#6)*

COLLINGS, U.S.M.J.

## *I. INTRODUCTION*

Plaintiff Bahig F. Bishay (hereinafter "Bishay") was a party to an Agreement (hereinafter "Agreement") with defendant Brighton Avenue Associates, LLC. (hereinafter "BAA") concerning certain rental property in the Boston area that BAA was purchasing. (#1 ¶5)  The Agreement contained a formula entitling Bishay to earn up to a twenty-five percent equity interest in BAA if certain contingencies were met. (#1 ¶5)  The Agreement also provided that BAA would pay Bishay five million dollars in the event that BAA obtained final permits either to build more than 200 apartment units or to increase the commercial space at the subject site by an additional 190,000 square feet. (#1 ¶5)  The parties agreed that any related disputes would be resolved through arbitration proceedings conducted by defendant American Arbitration Association (hereinafter "AAA"). (#1 ¶7)

In fact disputes did arise between the parties which the Plaintiff sought to resolve via arbitration through AAA in August of 2003. (#1 ¶7)  After the panel of arbitrators issued their awards, Bishay filed the present complaint pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* (hereinafter "FAA"), seeking to vacate the awards on the basis of corruption, fraud or undue means.

(#1 ¶2) Specifically, the Plaintiff alleges that one or more of the signatures on the final award is not authentic in that it looks different than the earlier signatures of the same arbitrator. (#1 ¶3) Thus it is asserted that the awards contained at least "one event of corruption" and so should be vacated. (#1 ¶4)

The Plaintiff filed his complaint against BAA and AAA in the United States District Court for the District of Massachusetts in late August, 2005[1]. (#1) BAA responded by filing a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), as well as failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (#4) It is also contended that Bishay has failed to allege fraud with particularity as required by Fed. R. Civ. P. 9(b). (#4) Lastly, BAA argues that Bishay failed to file his request to vacate the arbitration award within thirty days of the discovery of the alleged fraud as required by Mass. Gen. L. c. 251, §15, that there was insufficient service of process, and that the complaint seeks relief not authorized by either the FAA or the Massachusetts statute governing arbitration. (#4)

BAA's co-defendant, AAA, also filed a motion to dismiss on several grounds, including lack of subject matter jurisdiction and failure to state a claim

---

[1] Plaintiff has filed a nearly identical suit in the Suffolk County Superior Court in Massachusetts. (#9)

upon which relief can be granted. (#6) In particular, AAA also asserts the doctrine of arbitral immunity as well as AAA's rules bar Bishay from recovery. (#6)

Following an extension of time (#8), on October 25, 2005, Bishay submitted his opposition to the dispositive motions. (##9, 16) At this juncture, the motions to dismiss stand ready to be resolved.

## II. FACTS

The facts as recited hereinafter have been gleaned from the allegations of the complaint.

On January 12, 2001, Bishay and BAA entered into an Agreement concerning certain real estate in Boston, Massachusetts. (#1 ¶5) According to the terms of that Agreement, Bishay was allowed

> to own up to a 25% of BAA, and also obligated BAA and its owners to pay Bishay another $5.0 million in cash upon securing permits to build either 200+ housing units, or an additional 190,000 square feet of commercial space on top of approximately 60,000 square feet of existing retail space at the site known as 1095 Commonwealth Avenue, Boston.

Complaint #1 ¶5.

Bishay alleges that although he met the prerequisites set forth in the Agreement, BAA "refused to allow Bishay to own any interest in BAA" and took affirmative

steps "to avoid securing the required permits" so as to escape any liability for the $5.0 million payment. (#1 ¶6)

The Agreement provided that the parties would resolve any related disputes through arbitration conducted by AAA. (#1 ¶7) Consequently in August of 2003 after paying the initial fee of $10,000 and half of the Arbitrators' fees, Bishay submitted his request for arbitration to AAA. (#1 ¶7)  Three arbitrators, Carla S. Cox, Charles J. Speleotis, and Paul Peter Nicolai (hereinafter "the Panel"), were appointed to conduct the proceedings. (#5 and Exh. 2)  The two claims were bifurcated and the Panel held hearings for each claim individually. (#1 ¶8 and Exh. B, F)  Subsequently, the Panel issued two separate awards addressing Bishay's claims. (#1 ¶8 and Exh. B, F)

The first award entitled "Interim Award of Arbitrators on Claim Under Paragraph 20 of the Parties' Contract" (hereinafter "Interim Award") dealt with the issue of whether Bishay was entitled to any equity interest in BAA pursuant to paragraph 20 of the Agreement. (#1 ¶8 and Exh. B)  Issued in January of 2005, although this award was in favor of Bishay, it only awarded him a 2.8% interest in BAA rather that the full 25% interest he sought. (#1, Exh. B)  The Interim Award also required that BAA pay Bishay certain sums that represented his share of the net distributions made to members in the years 2002 and 2003

as well as future distributions "at the same time and in the same manner as it pays all other members of" BAA. (#1, Exh. B)

In June of 2005, the Panel issued its second award entitled "Final Award of Arbitrators"(hereinafter "Final Award") into which the Interim Award was incorporated. (#1, Exh. F)  In the Final Award, the Panel unanimously found in favor of BAA, concluding that Bishay was not entitled to the five million dollars pursuant to paragraph 22 of the Agreement. (#1, Exh. F)

Bishay asserts that Cox's signature on the Final Award cannot be construed as authentic when compared with her signatures on earlier documents. (#1 ¶3)  Bishay has appended copies of documents purportedly bearing her signature to support his contention. (#1, Exh. A-F) It is alleged that

> the stark disparity between Cox's apparently authentic signatures reflected in Exhibits: A, B, C, D, and E, <u>on one hand</u>, and the signature purported by Dubois [AAA's case manager] to be Cox's signature, which appears in Exhibit F herein, <u>on the other hand</u>...now begs the inescapable conclusion that Cox's purported signature affixed to the Final Award dated June 16, 2005, reflected in Exhibit F herein, is indeed <u>not</u> Cox's signature; and Exhibit F is accordingly presumed <u>not</u> to be Cox's Final Award.

Complaint #1 ¶3 (emphasis in original).

In his single claim in the complaint, Bishay contends that consequent to the

"corruption, fraud and undue means" established by virtue of these exhibits, the Final Award should be vacated pursuant to the Federal Arbitration Act, 9 U.S.C. §10(a)(1). (#1 ¶3) By way of additional relief, Bishay seeks a refund from AAA of his share of fees, his attorney's fees, and other costs associated with the arbitration and requests that the Court grant a trial to resolve the original contract dispute.[2] (#1)

## IV. THE APPLICABLE STANDARD

Pursuant to Rule 12(b)(1), Fed. R. Civ. P., a defendant may move to dismiss an action based on lack of federal subject matter jurisdiction. Because federal courts are considered courts of limited jurisdiction, "federal jurisdiction is never presumed." *Viquiera v. First Bank,* 140 F.3d 12, 16 (1 Cir., 1998). Instead, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Murphy v. U.S.,* 45 F.3d 520, 522 (1 Cir.), *cert. denied,* 515 U.S. 1144 (1995) (quoting *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1 Cir., 1993), *cert. denied sub nom. Desarrollos Metropolitanos, Inc. v. Taber Partners I,* 510 U.S. 823 (1993)).

---

[2] In his opposition to the motion to dismiss, Bishay amends his request for a trial and instead states that he would be satisfied with another arbitration proceeding not conducted by AAA to decide the original contract dispute. (#9)

Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942); *Aversa v. United States,* 99 F.3d 1200, 1209 (1 Cir., 1996); *Murphy,* 45 F.3d at 522. The First Circuit has held that the proponent must clearly indicate the grounds upon which the Court may properly exercise jurisdiction over the matter presented: "[I]t is black-letter law that jurisdiction must be apparent from the face of the plaintiffs' pleading." *PCS 2000 LP v. Romulus Telecomms., Inc.,* 148 F.3d 32, 35 (1 Cir., 1998) (quoting *Viquiera,* 140 F.3d at 18). As a consequence, if the plaintiff fails to show a basis for either diversity or federal question jurisdiction, the district court must grant the defendant's Rule 12(b)(1) motion. In ruling on a motion to dismiss for lack of jurisdiction, "district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff." *Aversa,* 99 F.3d at 1210 *Murphy,* 45 F.3d at 522. That is not to say that this leniency eliminates the plaintiff's burden of proving an appropriate jurisdictional basis. Indeed, a plaintiff cannot assert a proper jurisdictional basis "merely on 'unsupported conclusions or interpretations of law.'" *Murphy,* 45 F.3d at 522 (quoting *Washington Legal Foundation v. Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1 Cir., 1993)).

## *V. DISCUSSION*

Because the complaint must be dismissed on jurisdictional grounds, the Court need look no further than the arguments supporting the defendants' motions pursuant to Rule 12(b)(1).

The Supreme Court has recognized that

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under U.S.C. § 1331 or otherwise.

*Moses H. Cone Memorial Hosp. V. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983).
In order to bring an FAA claim in federal court, a party must demonstrate an independent basis for jurisdiction. *See Bull HN Information Systems, Inc. v. Hutson,* 229 F.3d 321, 328 (1 Cir., 2000) ("Because the FAA itself does not create a basis for federal subject matter jurisdiction, there must be an independent basis for federal jurisdiction."). Thus, absent a separate basis for federal jurisdiction, this case must be dismissed.

Diversity of citizenship pursuant to 28 U.S.C. §1332 creates a basis for original federal subject matter jurisdiction. The Constitution provides that "the judicial Power [of the United States] shall extend...to Controversies...between

Citizens of different States." Article III, §2.  This power reserved for the federal courts was codified in 28 U.S.C. §1332(a), which provides federal jurisdiction in suits which exceed $75,000 and are between citizens of different States.  However, "diversity applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n.3 (1996).  Thus any two adverse parties may not be co-citizens.  *Caterpillar Inc.*, 519 U.S. at 68 n. 3 (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)).  In other words, there must be complete diversity among the parties to sustain federal jurisdiction.[3]

In the present case the requisite complete diversity has not been established.  Although it is clear from the complaint that Bishay is a Massachusetts resident (#1 ¶1) and AAA is headquartered in New York (#1 ¶1), there is no allegation with respect to the citizenship of BAA.  As noted earlier, the First Circuit has held that "[i]t is black-letter law that jurisdiction must be apparent from the face of the plaintiffs' pleading." *Viqueira*, 140 F.3d

---

[3] *See*, e.g., *American Fiber & Finishing, Inc. v. Tyco Healthcare Group*, LP, 362 F.3d 136, 139 (1 Cir., 2004) ("We begin with the abecedarian rule that there must be complete diversity among the parties to sustain diversity jurisdiction").  *See also Faretra v. Keith*, 2005 WL 1307708 (D. Mass., 2005) quoting *Newman-Green, Inc. v. Alfonso-Larrain*, 490 U.S. 826, 829 (1989)(emphasis in original) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal.").

at 18. In the absence of any allegation regarding the citizenship of BAA, Bishay has failed to demonstrate that diversity between all of the parties exists.[4]

The remaining alternative for sustaining federal jurisdiction in this matter would be the presence of a federal question under Title 28 U.S.C. §1331 which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, this essentially is a breach of contract case arising out of an agreement concerning property in Boston. The contract was entered into and performed in Massachusetts, regarding real estate located in Massachusetts. State law governs such common law contract claims. On the facts alleged there simply is no federal question upon which federal jurisdiction can be sustained. *See, e.g., PCS 2000 LP*, 148 F.3d at 34 (The Court dismissed an FAA case for lack of jurisdiction where "the claims asserted sound exclusively in tort and contract–causes of action rooted in local law.").

Because the plaintiff has failed to allege any basis for federal subject matter jurisdiction, the defendants' motions to dismiss pursuant to Rule

---

[4] From all that appears, granting leave to amend to address this deficiency would be futile. In its Memorandum In Support, BAA describes itself as "a duly organized Massachusetts limited liability company doing business exclusively in Massachusetts." (#5 at 6) Assuming that BAA could properly establish its Massachusetts citizenship, there is no diversity as between Bishay and BAA.

12(b)(1) should be allowed.

## VI. CONCLUSION

For the reasons stated, I RECOMMEND that Defendant Brighton Avenue Associates, LLC'S Motion To Dismiss Plaintiff Bahig F. Bishay's Application-Complaint Pursuant To U.S. Arbitration Act - Title 9 (#4) be ALLOWED.  I FURTHER RECOMMEND that American Arbitration Association's Motion To Dismiss (#6) be ALLOWED. I FURTHER RECOMMEND that judgment enter for the defendants dismissing plaintiff's Application-Complaint.

## VI.  REVIEW BY THE DISTRICT JUDGE

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  See *Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-*

*Copete,* 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega,* 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn,* 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

April 13, 2006.