UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAHIG F. BISHAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN ARBITRATION ASSOCIATION<br>and BRIGHTON AVENUE ASSOCIATES,<br>LLC,<br><br>　　　　Defendants. | Case No. 05-11771-NMG |

## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS

Paul Peter Nicolai, Esq., Carla S. Cox, Esq. and the American Arbitration Association ("AAA"), hereby oppose the Plaintiff pro se's March 29, 2006 motion to compel compliance with subpoenas[1/] issued to them on March 15 and 16, 2006 ("Motion"). Mr. Nicolai, Ms. Cox and the AAA (collectively "subpoenaed parties") oppose the Plaintiff's Motion because: 1) it fails to comply with the requirements of Local Rules 7.1(A)(2) and 37.1(A) for filing discovery-related motions; 2) the doctrine of arbitral immunity includes a testimonial privilege that protects the arbitrators and the AAA from being subjected to the costly and intrusive discovery sought by Plaintiff; 3) the subpoenas are an improper attempt by the Plaintiff to obtain discovery outside of the parameters of the applicable federal rules prior to the case's anticipated dismissal; and 4) the subpoenas are egregiously overbroad, unduly burdensome and invasive of the arbitrators' privacy.

---

[1/] The Plaintiff's Motion (#15), is actually entitled "Claimant's Motion For '*Expedited*' Relief: To Compel Non-Party Arbitrators And American Arbitration Association To Comply With Subpoenas Issued By This Court Pursuant To Rule 45."

In support of this opposition, the subpoenaed parties state as follows:

1) On or about August 27, 2005, the Plaintiff filed a complaint in this case against the AAA and Brighton Avenue Associates, LLC (the Plaintiff's opponent in the underlying arbitration), seeking to vacate an arbitration award resulting from an arbitration conducted under the AAA's auspices. On or about October 11, 2005, the AAA filed a motion to dismiss in this matter for: 1) lack of federal jurisdiction, 2) under the doctrine of arbitral immunity; and 3) because the AAA's rules, to which the Plaintiff is contractually bound, provide that the AAA cannot be a party to this action.

2) In the meantime, on or about September 1, 2005, the Plaintiff filed a virtually identical complaint to the one filed in this case in the Massachusetts Superior Court for Suffolk County, seeking the same relief against the same parties. Following the AAA's filing of a motion to dismiss that matter (which, aside from the federal jurisdiction argument, incorporated the same arguments asserted in the motion to dismiss this case) and a hearing, the Superior Court, on or about February 7, 2006, allowed the AAA's motion to dismiss in full.[2/] On receipt of the Superior Court order dismissing the case, the AAA filed an addendum to its motion to dismiss the Plaintiff's instant case, adding res judicata, also known as claim preclusion, as an additional reason that this case should be dismissed.

3) Despite the dismissal of his Superior Court case and the AAA's pending motion to dismiss (with addendum) in this Court, on or about March 15 and 16, 2006, the Plaintiff served Fed. R. Civ. P. 45 subpoenas, copies of which are attached hereto as Exhibit A, on two of the arbitrators who presided over the underlying arbitration – Peter Paul Nicolai and Carla A.

---

[2/] The Superior Court simultaneously granted Brighton Avenue Associates, LLC's motion to confirm the arbitration award and denied the Plaintiff's motion to vacate that award, completely resolving all of the Plaintiff's state court claims.

Cox – as well as the AAA, seeking the production of documents pursuant thereto.[3/]  Pursuant to the provisions of Fed. R. Civ. P. 45(c)(2)(B), the subpoenaed parties served on the Plaintiff written objections to the subpoenas.  A copy of these written objections are attached hereto as Exhibit B.  The Plaintiff's Motion to compel compliance with the subpoenas followed.

4) On April 13, 2006, United States Magistrate Judge Collings issued his Report and Recommendation recommending that the Court allow the AAA's (and co-defendant's) motion to dismiss for lack of federal jurisdiction and advising the parties that any written objections to his Report must be filed within ten (10) days.

5) The Plaintiff's Motion should be denied because:

a) The Plaintiff's Motion fails to comply with the requirements of Local Rules 7.1(A)(2) and 37.1(A).  Local Rule 7.1(A)(2) provides that no motion shall be filed unless the filing party certifies that it has conferred with the opposing party and has attempted in good faith to resolve or narrow the issue.  Similarly, Local Rule 37.1(A) provides that, before filing any discovery motion, the filing party shall confer with the opposing party in good faith to narrow the areas of disagreement to the greatest extent possible.  Because the Plaintiff failed to comply with these rules prior to filing his Motion, it should be denied.

b) The subpoenas are precluded by the doctrine of arbitral immunity.  It is well-settled that arbitral immunity protects both the arbitrator and the organization administering the arbitration in the same way judicial immunity protects judges and courts.  See, e.g., Butz v. Economou, 438 U.S. 478, 513 (1978) (holding that absolute judicial immunity extends to those whose powers or purposes are "functionally comparable to that of a judge"); New England

---

[3/]The Plaintiff apparently did not serve a subpoena on the third arbitrator, Charles Speliotis, because he lives in Arizona part of the year.  See Motion at n. 1.

Cleaning Services, Inc. v. AAA, 199 F.3d 542, 545 (1st Cir. 1999) ("Because an arbitrator's role is functionally equivalent to a judge's role, courts of appeals have uniformly extended judicial and quasi-judicial immunity to arbitrators . . . [O]rganizations that sponsor arbitrations, as well as the arbitrators themselves, enjoy immunity from civil liability").

Arbitral immunity includes a "testimonial privilege" that "has been recognized to protect arbitrators from being subjected to lengthy, costly, and intrusive discovery into decisional matters by way of subpoena and deposition." Estate of EquiMed, Inc. v. Ernst & Young LLP, 2005 U.S. Dist. LEXIS 25904, *6-5 (D. Pa. Oct. 28, 2005) (quoting United Food & Commercial Workers Int'l Union v. SIPCO, Inc., 1990 U.S. Dist. LEXIS 20210, at *4 (S.D. Iowa Oct. 16, 1990)). See also, Harter v. Iowa Grain Co., 1998 U.S. Dist. LEXIS 22855, at *4 (D.D.C. 1998) ("the law recognizes a privilege that in effect relieves an arbitrator of the duty to testify"), vacated and remanded on other grounds, 1998 U.S. App. LEXIS 28491 (D.C. Cir. 1998); Bliznik v. International Harvester Co., 87 F.R.D. 490, 491 (N.D. Ill. 1980) (agreeing that deposition of arbitrator for purpose of inquiring into the reasoning that led to his award would be improper) (citing Gramling v. Food Machinery and Chemical Corp., 151 F. Supp. 853 (W.D.S.C. 1957)).

Here, the Plaintiff plainly served the subpoenas at issue in order to obtain documents for purposes of inquiring into the arbitrators' decision-making processes. Because the testimonial privilege accorded the subpoenaed parties immunizes them from the Plaintiff's attempts in this regard, the Motion should be denied.[4]

---

[4] The Plaintiff's Motion's citation to Turner v. Houma Mun. Fire and Police Civ. Serv. Bd., 229 F.3d 478 (5th Cir. 2000) is inapposite. That case involves the issue of quasi-judicial immunity of government officials to claims brought under 42 U.S.C. § 1983 and has absolutely nothing to do with arbitral immunity or the concomitant testimonial privilege enjoyed by arbitrators and arbitration organizations.

c)   The subpoenas are an improper attempt by the Plaintiff to obtain discovery outside of the parameters of the applicable federal rules prior to this case's anticipated dismissal. In this regard, as noted, Magistrate Judge Collings has recommended that the Court allow the AAA's motion to dismiss for lack of federal jurisdiction. It therefore being highly likely that the Court will dismiss this case, it would be extremely unfair, overly burdensome and ultimately pointless to allow the Plaintiff to use the Federal Rules' subpoena power to harass the arbitrators and the AAA at this juncture.

Indeed, because the AAA is a party to this case, the subpoenas are nothing more than the Plaintiff's improper attempt to initiate discovery prior to serving his own initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), not to mention prior to this Court's issuing of a Scheduling Order allowing discovery. This tactic is plainly forbidden by Local Rule 26.2(A), which states that "before a party may initiate discovery, that party must provide to other parties disclosure of information and materials called for by Fed. R. Civ. P. 26(a)(1)." For these reasons, the Motion should be denied.

d)   The subpoenas are so egregiously overbroad, unduly burdensome and invasive of privacy that the subpoenaed parties simply cannot and should not have to respond. In this regard, each subpoena requests:

> All documents…having been in the custody, control and/or possession of AAA, its current or former employees, or Panel Members: Carla S. Cox, Charles J. Speliotis, Peter Paul Nicolai – or received from and/or exchanged with Brighton Avenue Associates, LLC, or its counsel, owners managers or agents – from August 2003 to present.

See Exhibit A.

The Plaintiff therefore purports to request, without any limitation whatsoever, the production of each and every document – whether related to the arbitration underlying this suit or not – in the subpoenaed parties' possession over a two and one-half year period. This

staggeringly overbroad request would require, for example, that the AAA not only produce all documents regarding all arbitrations, mediations and other proceedings conducted under its auspices, but to also produce all documents regarding its business dealings, employees, finances, etc. Similarly, the subpoenas would not only require the individual arbitrators to produce documents concerning all arbitrations with which they were involved (as well as their other professional dealings as practicing attorneys), but to also produce obviously protected materials regarding highly confidential and private subjects such as their medical conditions, finances, families, etc. The Motion should therefore be denied.

For all of the foregoing reasons, the Court should deny the Plaintiff pro se's "Claimant's Motion For '*Expedited*' Relief: To Compel Non-Party Arbitrators And American Arbitration Association To Comply With Subpoenas Issued By This Court Pursuant To Rule 45."

> Respectfully submitted,
>
> PAUL PETER NICOLAI, ESQ., CARLA S. COX, ESQ. and AMERICAN ARBITRATION ASSOCIATION
>
> By their attorneys,
>
> s/John M. Simon
> Kay H. Hodge (BBO# 236560)
> John M. Simon (BBO# 645557)
> Stoneman, Chandler & Miller, LLP
> 99 High Street
> Boston, MA  02110
> (617) 542-6789

Dated: April 13, 2006

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 13, 2006.

<u>s/John M. Simon</u>
John M. Simon

Issued by the
# UNITED STATES DISTRICT COURT

BAHIG F. BISHAY        DISTRICT OF   MASSACHUSETTS

V.

AMERICAN ARBITRATION ASSOCIATION ("AAA")
AND
BRIGHTON AVENUE ASSOCIATES, LLC

SUBPOENA IN A CIVIL CASE

Case Number: 05cv11771NMG

TO:

PAUL PETER NICOLAI, ESQ., NICOLAI LAW GROUP, P.C.
146 CHESTNUT STREET, SPRINGFIELD, MASSACHUSETTS 01103

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED LIST OF DOCUMENTS TO BE PRODUCED

| PLACE | DATE AND TIME |
|---|---|
| 163 BLUE HILL DRIVE, WESTWOOD, MA 02090 | 3/31/06   10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE

MAR 13 2006

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
United States District Court
Office of the Clerk
United States Courthouse
1 Courthouse Way, Suite 2300 (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)
Boston, MA 02210

¹ If action is pending in district other than district of issuance, state district under case number.

## DOCUMENTS TO BE PRODUCED

In re AAA Case No. 11 115 Y 01777 03 – you are <u>HEREBY COMMANDED</u> to produce complete and accurate copies of the following:

All documents, correspondence, material, notes (hand written or typed), memoranda, drafts, analysis, calculations, reports, records, agreements, awards (signed, unsigned or in draft form), communications (electronic-mail, faxes or otherwise), statements, internal memoranda (including written, typed, or printed memoranda of telephone conversation, other conversation, discussions, agreements, acts, or activities of any kind), intra-office and inter-office communications, diaries, desk pads, scrap books, note books, computer files or tapes, microfilms, sound proceedings, cassettes, tapes, or any other type of recording – having been in the custody, control and/or possession of AAA, its current or former employees, or Panel Members: Carla S. Cox, Charles J. Speleotis, Peter Paul Nicolai – or received from and/or exchanged with Brighton Avenue Associates, LLC., or its counsel, owners, managers or agents - from August, 2003 to present.

Parties served herein are free to submit their respective charges for copying or any other out of pocket costs or expenses directly relating to the production of the foregoing.

Place: 163 Blue Hill Drive, Westwood, Massachusetts 02090

Date and time: Friday the 31st of March, 2006, AT 10:00 A.M..

## Issued by the
# UNITED STATES DISTRICT COURT

BAHIG F. BISHAY     DISTRICT OF    MASSACHUSETTS

V.

SUBPOENA IN A CIVIL CASE

AMERICAN ARBITRATION ASSOCIATION ("AAA")
AND
BRIGHTON AVENUE ASSOCIATES, LLC

Case Number: 05cv11771NMG

TO:

CARLA S. COX, ESQ., HANDLY, COX, & MOORMAN, PC
9 ABBOTT STREET, BEVERLY, MASSACHUSETTS 01915

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED LIST OF DOCUMENTS TO BE PRODUCED

| PLACE | DATE AND TIME |
| --- | --- |
| 163 BLUE HILL DRIVE, WESTWOOD, MA 02090 | 3/31/06 10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE MAR 13 2006

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
United States District Court
Office of the Clerk
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## DOCUMENTS TO BE PRODUCED

In re AAA Case No. 11 115 Y 01777 03 – you are <u>HEREBY COMMANDED</u> to produce complete and accurate copies of the following:

All documents, correspondence, material, notes (hand written or typed), memoranda, drafts, analysis, calculations, reports, records, agreements, awards (signed, unsigned or in draft form), communications (electronic-mail, faxes or otherwise), statements, internal memoranda (including written, typed, or printed memoranda of telephone conversation, other conversation, discussions, agreements, acts, or activities of any kind), intra-office and inter-office communications, diaries, desk pads, scrap books, note books, computer files or tapes, microfilms, sound proceedings, cassettes, tapes, or any other type of recording – having been in the custody, control and/or possession of AAA, its current or former employees, or Panel Members: Carla S. Cox, Charles J. Speleotis, Peter Paul Nicolai – or received from and/or exchanged with Brighton Avenue Associates, LLC., or its counsel, owners, managers or agents - from August, 2003 to present.

Parties served herein are free to submit their respective charges for copying or any other out of pocket costs or expenses directly relating to the production of the foregoing.

Place: 163 Blue Hill Drive, Westwood, Massachusetts 02090

Date and time: Friday the 31st of March, 2006, AT 10:00 A.M..

Issued by the

# UNITED STATES DISTRICT COURT

BAHIG F. BISHAY  DISTRICT OF  MASSACHUSETTS

V.

AMERICAN ARBITRATION ASSOCIATION ("AAA")
AND
BRIGHTON AVENUE ASSOCIATES, LLC

SUBPOENA IN A CIVIL CASE

Case Number: 05cv11771NMG

TO:

AMERICAN ARBITRATION ASSOCIATION
950 WARREN AVENUE, E. PROVIDENCE, RI   02914

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED LIST OF DOCUMENTS TO BE PRODUCED

| PLACE | DATE AND TIME |
| --- | --- |
| 163 BLUE HILL DRIVE, WESTWOOD, MA   02090 | 3/31/06   10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
|  | MAR 13 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
United States District Court
Office of the Clerk
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

## DOCUMENTS TO BE PRODUCED

In re AAA Case No. 11 115 Y 01777 03 – you are <u>HEREBY COMMANDED</u> to produce complete and accurate copies of the following:

All documents, correspondence, material, notes (hand written or typed), memoranda, drafts, analysis, calculations, reports, records, agreements, awards (signed, unsigned or in draft form), communications (electronic-mail, faxes or otherwise), statements, internal memoranda (including written, typed, or printed memoranda of telephone conversation, other conversation, discussions, agreements, acts, or activities of any kind), intra-office and inter-office communications, diaries, desk pads, scrap books, note books, computer files or tapes, microfilms, sound proceedings, cassettes, tapes, or any other type of recording – having been in the custody, control and/or possession of AAA, its current or former employees, or Panel Members: Carla S. Cox, Charles J. Speleotis, Peter Paul Nicolai – or received from and/or exchanged with Brighton Avenue Associates, LLC., or its counsel, owners, managers or agents - from August, 2003 to present.

Parties served herein are free to submit their respective charges for copying or any other out of pocket costs or expenses directly relating to the production of the foregoing.

Place: 163 Blue Hill Drive, Westwood, Massachusetts 02090

Date and time: Friday the 31st of March, 2006, AT 10:00 A.M..

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAHIG F. BISHAY,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN ARBITRATION ASSOCIATION<br>and BRIGHTON AVENUE ASSOCIATES,<br>LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 05-11771-NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OBJECTIONS TO SUBPOENAS

TO THE PARTIES TO THIS ACTION AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to the provisions of Fed. R. Civ. P. 45(c)(2)(B), Paul Peter Nicolai, Esq., Carla S. Cox, Esq. and the American Arbitration Association ("AAA"), make the following objections to the Plaintiff pro se's subpoenas that were served on them on or about March 15 and 16, 2006:

1. The subpoenas are precluded by the doctrine of arbitral immunity. It is well-settled that arbitral immunity protects both the arbitrator and the organization administering the arbitration in the same way judicial immunity protects judges and courts. See, e.g., Butz v. Economou, 438 U.S. 478, 513 (1978) (holding that absolute judicial immunity extends to those whose powers or purposes are "functionally comparable to that of a judge"); New England Cleaning Services, Inc. v. AAA, 199 F.3d 542, 545 (1st Cir. 1999) ("Because an arbitrator's role is functionally equivalent to a judge's role, courts of appeals have uniformly extended judicial and quasi-judicial immunity to arbitrators . . . [O]rganizations that sponsor arbitrations, as well as the arbitrators themselves, enjoy immunity from civil liability").

Arbitral immunity includes a "testimonial privilege" that "has been recognized to protect arbitrators from being subjected to lengthy, costly, and intrusive discovery into decisional matters by way of subpoena and deposition." Estate of EquiMed, Inc. v. Ernst & Young LLP, 2005 U.S. Dist. LEXIS 25904, *6-5 (D. Pa. Oct. 28, 2005) (quoting United Food & Commercial Workers Int'l Union v. SIPCO, Inc., 1990 U.S. Dist. LEXIS 20210, at *4 (S.D. Iowa Oct. 16, 1990)). See also, Harter v. Iowa Grain Co., 1998 U.S. Dist. LEXIS 22855, at *4 (D.D.C. 1998) ("the law recognizes a privilege that in effect relieves an arbitrator of the duty to testify"), vacated and remanded on other grounds, 1998 U.S. App. LEXIS 28491 (D.C. Cir. 1998); Bliznik v. International Harvester Co., 87 F.R.D. 490, 491 (N.D. Ill. 1980) (agreeing that deposition of arbitrator for purpose of inquiring into the reasoning that led to his award would be improper) (citing Gramling v. Food Machinery and Chemical Corp., 151 F. Supp. 853 (W.D.S.C. 1957)).

Here, the Plaintiff plainly served the subpoenas at issue in order to obtain documents for purposes of inquiring into the arbitrators' decision-making processes. Because the testimonial privilege accorded the subpoenaed parties immunizes from the Plaintiff's attempts in this regard, they object to the Plaintiff's subpoenas.

2.  The subpoenas are an improper attempt by the Plaintiff to obtain discovery outside of the parameters of the applicable federal rules prior to the case's anticipated dismissal. As the Plaintiff well knows, the AAA's pending motion to dismiss argues that, among other things, there exists no jurisdictional basis on which the federal court can even hear this case and that, in light of the Superior Court's order dismissing the Plaintiff's identical state court case, his claims are wholly precluded by the doctrine of res judicata. It being virtually certain that the Court will dismiss this case on one or both of these (and/or the other) grounds, it would be extremely unfair, overly burdensome and ultimately pointless to allow the Plaintiff to use the

Federal Rules' subpoena power to harass the arbitrators and the AAA prior to the Court's addressing the AAA's motion to dismiss.

Indeed, because the AAA is a party to the case, the subpoenas are nothing more than the Plaintiff's improper attempt to initiate discovery prior to serving his own initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) (not to mention prior to the Court's issuing of a Scheduling Order allowing discovery). This tactic is plainly forbidden by Local Rule 26.2(A), which states that "before a party may initiate discovery, that party must provide to other parties disclosure of information and materials called for by Fed. R. Civ. P. 26(a)(1)." For these reasons, the subpoenaed parties object to the subpoenas.

3. Finally, the subpoenas, copies of which are attached hereto as Exhibit A, are so egregiously overbroad, unduly burdensome and invasive of privacy that the subpoenaed parties simply cannot and should not have to respond. In this regard, each subpoena requests:

> All documents…having been in the custody, control and/or possession of AAA, its current or former employees, or Panel Members: Carla S. Cox, Charles J. Speliotis, Peter Paul Nicolai – or received from and/or exchanged with Brighton Avenue Associates, LLC, or its counsel, owners managers or agents – from August 2003 to present.

See Exhibit A.

The Plaintiff therefore purports to request, without any limitation whatsoever, the production of each and every document – whether related to the arbitration underlying this suit or not – in the subpoenaed parties' possession over a two and one-half year period. This staggeringly overbroad request would require, for example, that the AAA not only produce all documents regarding all arbitrations, mediations and other proceedings conducted under its auspices, but to also produce all documents regarding its business dealings, employees, finances, etc. Similarly, the subpoenas would not only require the individual arbitrators to produce documents concerning all arbitrations with which they were involved (as well as their other

professional dealings as practicing attorneys), but to also produce obviously protected materials regarding highly confidential and private subjects such as their medical conditions, finances, families, etc. The subpoenaed parties therefore object to the Plaintiff's subpoenas as plainly overbroad, grossly unduly burdensome, and invasive of their privacy.

For all of the foregoing reasons, the subpoenaed parties – Paul Peter Nicolai, Esq., Carla S. Cox, Esq., and the American Arbitration Association – object to the subpoenas issued to them by the Plaintiff.

>PAUL PETER NICOLAI, ESQ., CARLA S. COX, ESQ. and AMERICAN ARBITRATION ASSOCIATION
>
>By their attorneys,
>
>_____
>Kay H. Hodge (BBO# 236560)
>John M. Simon (BBO# 645557)
>Stoneman, Chandler & Miller, LLP
>99 High Street
>Boston, MA 02110
>(617) 542-6789

Dated: March 24, 2006

**Certificate of Service**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (overnight delivery) on 3/24/06.

_____