UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                          )
BAHIG F. BISHAY,                          )    Case No. 05 CV 11771 NMG
      Claimant                            )
v.                                        )    American Arbitration Association
                                          )    Case No. 11 115 Y 01777 03
AMERICAN ARBITRATION ASSOCIATION,         )
      Dispute Resolution Service Worldwide;)
                                          )
and                                       )
                                          )
BRIGHTON AVENUE ASSOCIATES, LLC.,         )
      Respondent                          )
                                          )
```

FILED IN CLERK'S OFFICE
2006 APR 24 P 2: 27
U.S. DISTRICT COURT
DISTRICT OF MASS.

### **CLAIMANT'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to Rule 72, Fed. R. Civ. P., Claimant Bahig F. Bishay (hereafter "Bishay") objects to the Magistrate Judge's report (hereafter the "Report"), which is entitled *"Report and Recommendation on Defendant Brighton Avenue Associates, LLC's Motion to Dismiss Plaintiff Bahig F. Bishay's Application-Complaint Pursuant to U.S. Arbitration Act – Title 9 (#4) and American Arbitration Association's Motion to Dismiss (#6).* By his own identification of who is who, it is clear that the Magistrate Judge misapprehended (a) the relevant, material parties in the case at bar; (b) the central issue brought before this Court pursuant to U.S. Arbitration Act - Title 9; and (c) the relief sought by the Claimant from the American Arbitration Association (hereafter "AAA"), a State of New York corporation.

1. As a threshold matter, the Report compels the inescapable conclusion that the Magistrate Judge appeared to have been confused about the correct party against which Bishay brought his claim (this misapprehension is manifested throughout the Report).

2. Bishay's Application dated August 26, 2005, named AAA, which is a corporate entity

organized under the laws of the State of New York, on one hand, and Bishay, who is a resident of the State of Massachusetts, on the other hand. While Bishay also listed Respondent Brighton Avenue Associates, LLC. (hereafter "BAA"), who may have unjustly been enriched by AAA's actions, Bishay asserted <u>no claims</u> in his Application against BAA because BAA was a "<u>nominal</u>" party in the present proceedings.

3. Moreover, the Magistrate Judge's re-wording of the "<u>caption</u>[1]" (see the caption in Bishay's Application and the different caption in the Magistrate Judge's Report) is most telling of his misapprehension insofar as who Bishay listed in his Application dated August 26, 2005, as the <u>material</u> parties. In said Application, Bishay listed himself as the "Claimant", AAA as the subject <u>service provider</u> "Dispute Resolution Service Worldwide" ... and BAA as "Respondent". Bishay correctly <u>did not</u> assert a claim against BAA and, accordingly, did not consider BAA a material party to the specific, limited relief sought by Bishay, because it was AAA (not BAA) who took Bishay's money and delivered to Bishay the "phony" award[s] ... and <u>this is the only issue before this Court at this juncture.</u>

4. In *V. DISCUSSION*, the Magistrate Judge correctly noted that Bishay <u>did not</u> allege anything against BAA. This is because the only relief sought pursuant to U.S. Arbitration Act – Title 9, rests with AAA, who took Bishay's money and delivered to Bishay some "phony[2]" award[s].

---

[1] The Magistrate Judge appears to have taken it upon himself and characterized Bishay as "Plaintiff", and lumped AAA and BAA together, and listed them as "Defendants". Bishay cautions this Court against the potential of considering this anything but a fundamental flaw and the central objection herein, which is more detailed *supra*.

[2] Following the delivery of the subject awards, Bishay noticed the inconsistency in the signatures and hired a handwriting expert to examine <u>the most obvious forgery</u>, as a preliminary matter, to determine if in fact the signatures of this arbitrator were consistent throughout the various prior rulings she was presumed to have executed, and they were not (see ¶ 3 of the Application). In his Application, Bishay further suggested that if this Court deemed it necessary to further investigate the rest of the awards, all the Court needed to do is direct AAA and the

5.  As clearly stated in the first paragraph of Bishay's Application (see ¶ 1 of Bishay's Application dated August 26, 2005), Bishay alleged as follows:

    > This application-complaint (hereafter the "Application") arises out of recent arbitrators' awards (hereafter the "Awards") delivered to Claimant Bahig F. Bishay (hereafter "Bishay") with a residence at 163 Blue Hill Drive, Westwood, Massachusetts. Said Awards, and particularly the so-called Final Awards (hereafter the "Final Awards"), were delivered to Bishay in June 2005 by the American Arbitration Association's personnel (hereafter "AAA"), with a Northeast Case Management Center located at 950 Warren Avenue, E. Providence, Rhode Island, and with headquarters located at 335 Madison Avenue, New York City, New York. Based on the foregoing diversity, Claimant Bishay believes this is the proper venue to file this Application. [Emphasis added]

6.  In his Prayer for Relief within the same Application, Bishay only sought the following:

    a. Vacate the Interim & Final Awards in this case;
    b. Direct AAA to refund Bishay's share of fees paid to date, his attorney's fees and out of pocket costs incurred in connection with the AAA proceedings;
    c. Schedule either a bench or a jury trial before this Court[3], to resolve the subject contract dispute originally assigned to AAA; and
    d. Grant any other relief this Court deems just and/or appropriate. [Emphasis added]

7.  It is not clear as to why the Magistrate Judge became so confused after noting that Bishay indeed paid the subject fee to AAA, and asserted no claims against BAA?

8.  After paying AAA, Bishay received the "phony" award[s], which Bishay alleged were procured through *corruption, fraud or undue means*, by AAA and/or its personnel.

9.  This matter is, essentially, a contract claim brought by Bishay (who is the customer)

---

three arbitrators to deliver to Bishay the material he had previously requested of them for further examination (see ¶ 12 of the Application dated August 26, 2005). Moreover, as the docket in this case will confirm, Bishay served subpoenas on AAA and the three arbitrators seeking copies of all relevant records to which Bishay is "contractually" entitled pursuant to AAA's own Rule # 47 (see, also ¶ 5 in Claimant's Motion for *"Expedited" Relief...dated March 29, 2006).*

[3] As the Magistrate Judge acknowledged, Bishay has since amended this request and, instead, Bishay sought only to have the matter be referred to another arbitration association or individual arbitrators (see Report at foot note-2).

against AAA (which is a service provider as listed in the caption herein). AAA took Bishay's $48,741.90 and delivered to him <u>phony</u> awards (i.e. awards that were <u>not</u> executed by the three selected arbitrators), as Bishay alleged in his Application dated August 26, 2005 (see Bishay's Application at ¶ 10). Moreover, in his Application, Bishay cited the exact sworn statements <u>purportedly</u> executed by the respective arbitrators (which Bishay contended were <u>not</u> executed by the three arbitrators in question), which read as follows:

> "*I, Carla S. Cox, do hereby <u>affirm upon my oath</u> as Arbitrator that I am the individual described in and <u>who executed</u> this instrument which is my Award*";
>
> "*I, Charles J. Speleotis, do hereby <u>affirm upon my oath</u> as Arbitrator that I am the individual described in and <u>who executed</u> this instrument which is my Award*"; and
>
> "*I, Paul Peter Nicolai, do hereby <u>affirm upon my oath</u> as Arbitrator that I am the individual described in and <u>who executed</u> this instrument which is my Award.*"
> [Emphasis added]

10. While BAA may have been unjustly enriched by AAA's unlawful activities (as it temporarily escaped the payment of more than $5.0 million), Bishay <u>did</u> <u>not</u> assert any claim against BAA in his Application, which was filed with this Court on August 26, 2005. Therefore, there is no issue of diversity (or lack thereof) involving BAA, as suggested by the Magistrate Judge in his Report, as BAA is nothing but a <u>nominal</u> party to the central issue brought before this Court ... as the only relief Bishay sought was against AAA who took Bishay's money and delivered the "phony" award[s].

11. Because AAA, who is the <u>material</u> party in the case at bar, and who took Bishay's money and delivered to Bishay phony award[s], this Court needs not go beyond the two essential parties to the subject agreement: (a) AAA which is a New York entity, on

one hand; and (b) Bishay who is a Massachusetts resident, on the other.

12. The Court should also note that AAA never raised the issue of "diversity" (or lack thereof), as now suggested by the Magistrate Judge, in any of its pleadings to date. This is because AAA knew that Bishay was indeed a Massachusetts resident and AAA indeed was a New York corporation.

13. The second fundamental flaw in the Report prepared by the Magistrate Judge, is that he appears to have been under the mistaken impression that AAA somehow delivered to Bishay the actual award[s] prepared and executed by the three arbitrators, and that Bishay simply contested the authenticity of the signatures but that the subject award[s] were otherwise those of the three arbitrators. On the contrary, Bishay alleged that the award[s] which AAA delivered to Bishay were not the award[s] that the three arbitrators had prepared or executed. The Magistrate Judge's misapprehension of the allegations made by Bishay in his original Application is manifested in the following statement within the Report (see page 6 of the Report) where the Magistrate Judge said: *"In the Final Award, the Panel unanimously found in favor of BAA ..."* This Court must note that Bishay consistently alleged that AAA's Case Manager Paula Dubois (hereafter Dubois) did not deliver to Bishay the "actual" Awards but, instead, Dubois delivered to Bishay "phony" award[s], not those awards that were actually prepared or executed by the three arbitrators in question.

14. The only defense raised by AAA is that it is somehow immune from submitting to any court, even if the claim is based on _corruption, fraud_ or _undue means_, according to AAA (which is ludicrous on its face). Because no entity can possibly be immune from submitting to discovery and further investigation in cases involving _fraud_ and/or

corruption (not event state or federal courts, for that matter, in cases where a clerk or some other personnel, for example, tampered with a jury verdict or an order of the respective court), in response to AAA's silly argument in this regard, which was recently advanced by AAA as an objection to the subpoena recently issued by this Court pursuant to Rule 45, Bishay addressed this immunity, red-herring defense, as follows:

> As a matter of law and equity, there is no immunity available to arbitrators, officials, or any judiciary, for that matter, which can be invoked as defense in a case where a jury or an arbitrator's award was tampered-with, as alleged herein, or otherwise procured through *corruption, fraud or undue means*.
>
> AAA's counsel appears to have missed the central issue in this case, and that is Bishay did not seek damages from AAA or the three arbitrators, as sought in most of the cases cited by AAA but, rather, the only relief sought by Bishay in this case was based on the sole remedy available under U.S. Arbitration Act Title 9, which is to simply vacate the awards at issue because they were procured through either *corruption, fraud or undue means*. Also, AAA's counsel seems to be confused between cases where the claimants attempt to drag arbitrators, members of the judiciary, or officials of the court, into liability claims, individually (as opposed to those cases where the individuals were simply named in their "official" capacity only), on one hand ... and those cases where such groups of arbitrators, judiciary, or court officials, are not protected by the doctrine of absolute judicial immunity in their "official" capacity, on the other hand.
>
> *E.g., See DANIEL TURNER v. HOUMA MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD; 229 F.3d 478, 2000 U.S. App. LEXIS 25950, 142 Lab. Cas. (CCH) P59,077* - No. 99-31168 - UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, where Defendant-appellant board and its members sought review of decision from the United States District Court for the Eastern District of Louisiana denying in part their summary judgment motion in action brought by plaintiff suing defendants-appellants in their individual and official capacities, under 42 U.S.C.S. § 1983... Defendants-appellants, asserting absolute quasi-judicial immunity, moved for summary judgment or in the alternative to dismiss. The district court denied defendants-

6

appellants' immunity argument as it related to the official-capacity immunity and granted the unopposed motion to dismiss the individual-capacity claims. Defendants-appellants appealed arguing that the district court's holding that they were not entitled to absolute quasi-judicial immunity in their official capacities was erroneous. The court affirmed the district court's partial denial of summary judgment, as there was ***no absolute quasi-judicial immunity defense available to defendants-appellants sued in their official capacity***. A 42 U.S.C.S.§ 1983 suit naming officials only in **their official capacity** ***did not involve personal liability to individual defendants***, therefore defenses such as absolute quasi-judicial immunity, that only protected a defendant in his individual capacities, were ***unavailable in official-capacity suits***. The court affirmed the judgment of the district court. Denial of absolute quasi-judicial immunity for defendants-appellants sued in their official capacities was appropriate because there ***was no such immunity available to defendants-appellants sued in their official capacity***, although the same immunity would have protected them in their individual capacities. [Emphasis added]

Likewise, Bishay has not, and does not intend at this time to sue AAA or the three arbitrators, individually, but, rather, all Bishay has sought thus far is to compel this group to produce relevant material required to fully demonstrate to this Court that the awards at issue were in fact procured through *corruption, fraud or undue means*, and ought to be vacated. AAA's adamant resistance thus far begs the question of whether AAA has engaged in obstruction of justice by advancing such vigorous stonewalling campaign, and by attempting to cover up this very serious matter by disingenuously introducing such inapplicable legal theory throughout its pleadings to date?

Finally, AAA's counsel appears to overlook the fact that AAA's specific Rules upon which Bishay relied when he retained AAA to provide the services at issue, could not be clearer insofar as to whether Bishay, or any party that hires AAA to provide such services, for that matter, is entitled to receive the material listed in Exhibits A, B and C herein. For the Court's edification, Bishay cites the exact language found in AAA's Rule 47, which is annexed hereto as **Exhibit-E**, and reads as follows: *"The AAA shall, upon the written request of a party, furnish to the party, at the party's expense, certified copies of **any papers in the AAA's possession** that may be required in judicial proceedings relating to the arbitration."* [Emphasis added]

## ARGUMENT

15. Under the United States Constitution and federal law, federal courts have jurisdiction to hear and decide controversies between "citizens of different States" and between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332 (a). Admittedly, that jurisdiction can be exercised only when there is "complete diversity" among all parties; that is, no plaintiff and no defendant may be citizens of the same state. *See, Strawbridge* v. *Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). However, when reviewing the citizenship of the parties, <u>courts will disregard the citizenship of "formal or nominal" parties.</u> *Navarro Sav. Ass'n* v. *Lee*, 446 U.S. 458, 461, 64 L. Ed. 2d 425, 100 S. Ct. 1779 (1980). Generally, therefore, courts look to the "real parties in interest" to determine whose citizenship will be considered for the purposes of diversity. *Id.* at 460; Charles A. Wright, *et al.*, Federal Practice and Procedure, §1556. *See also, Mandell* v. *Cohen*, 1988 U.S. Dist. LEXIS 17947 *4 (D. Mass. 1988) ("[i]n determining whether complete diversity exists, nominal or formal parties who have no interest in the action are to be ignored"). [Emphasis added]. Therefore, Bishay correctly filed his Application with this Court in August, 2005, as it mattered not whether BAA was a citizen of Massachusetts, because BAA was, for all practical purposes at that juncture, nothing but a "<u>nominal</u>" party insofar as the narrow issue of AAA's obligations to Bishay.

16. The Magistrate Judge correctly cited that: In ruling on a motion to dismiss for lack of jurisdiction, "district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor pf the plaintiff." *Aversa*, 99 F.3d at 1210 *Murphy*, 45 F.3d at 522. Bishay submits that AAA <u>has not</u>

8

introduced a scintilla of evidence to demonstrate to this Court that the award[s] in question are not but phony. Since it is well settled that *"district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor pf the plaintiff"* ... this Court must now accept Bishay's allegations as true and issue its final order accordingly.

17. As this Court reviews this single, narrow issue, and that is whether Bishay who paid AAA the sum of $48,741.90 and received the phony award[s]: (1) is entitled to a refund from AAA of the fees Bishay paid to date; (2) is entitled to request this Court to vacate the subject phony award[s] in accordance with the only remedy available pursuant to U.S. Arbitration Act – Title 9; and (3) if he is entitled to arbitrate his original claims before a different arbitration service provider – and finally Bishay submits that he has sought nothing from BAA in this Court and, accordingly, BAA must be deemed by this Court as nothing but a nominal party in these proceedings.

## *CONCLUSION*

To avoid manifested injustice in this matter, Bishay strongly urges this Honorable Court to carefully review the central issue raised in Bishay's Application as further explained in more details in his Motion For *"Expedited"* Relief to Compel, dated March 29, 2006, in light of the specific relief available pursuant to U.S. Arbitration Act - Title 9. Bishay prays that once this Honorable Court reviews the foregoing that the Court will reach the inescapable conclusion that: (a) AAA took Bishay's money and delivered phony award[s]; (b) BAA was, for all practical purposes herein, nothing but a "nominal" party; (c) reject the Magistrate Judge's Report; and (d) order any such other relief this Honorable Court deems just and/or appropriate.

                                      Respectfully submitted

                                      Bahig F. Bishay,
                                      Pro se

Dated this 24th day of April, 2006        _____
                                      Bahig F. Bishay
                                      163 Blue Hill Drive
                                      Westwood, MA 02090
                                      Phone: 781.326.3310
                                      Fax: 781.326.6690

### CERTIFICATE OF SERVICE

I hereby certify that I served true and accurate copy of this document on all counsels of record, by First Class Mail, pre-paid postage, this 24th day of April, 2006.

_____
Bahig Bishay